# EXHIBIT 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
KINGSWAY FINANCIAL SERVICES, INC. and
AMERICAN COUNTRY HOLDINGS INC.,

                    Plaintiffs,

             - against -

PRICEWATERHOUSECOOPERS, LLP., MARTIN L.
SOLOMON, EDWIN W. ELDER, WILLIAM J.
BARRETT, WILMER J. THOMAS, JR., JOHN A. DORE,
AND KARLA VIOLETTO,

                    Defendants.
------------------------------------------------------------X

03 Civ. 5560 (RMB)

## DEFENDANT JOHN A. DORE'S MOTION TO QUASH PLAINTIFFS' SUBPOENA TO GREAT AMERICAN INSURANCE GROUP

Defendant John A. Dore, pursuant to Fed. R. Civ. P. ("Rule") 45 (c)(3)(A), moves to quash the subpoena issued by Plaintiffs to Great American Insurance Group, Executive Liability Division ("Great American") on or about November 9, 2007 ("Subpoena"). The Subpoena, which was improperly served: (1) seeks to obtain documents protected against discovery by privilege; and (2) is facially overbroad and overreaching, seeking information that is neither relevant to this litigation nor reasonably calculated to lead to the discovery of relevant information. For these reasons, the Subpoena should be quashed.[1]

---

[1] Because this Motion is brought pursuant to Fed. R. Civ. P. 45, no pre-motion conference is required by either Local Civil Rule 37.2 or Your Honor's Individual Practices. Nevertheless, counsel for Dore and for Plaintiffs' conferred on November 29, 2007 and were unable to resolve the issues presented by the Subpoena.

## FACTS

This action arises out Plaintiff Kingsway Financial Services, Inc.'s ("Kingsway") 2002 acquisition of Plaintiff American Country Holdings, Inc. ("ACHI"). Plaintiffs' core allegation is that Defendants committed securities fraud and common law fraud by failing to disclose that ACHI's reserves were inadequate, leading Kingsway to overpay for ACHI. All Defendants have adamantly denied Kingsway's allegations.

Before the acquisition, Great American issued a directors and officers ("D&O") liability policy to ACHI and its D&Os, which includes the individual Defendants here[2] ("Policy"). Great American has been advancing defense costs directly to the Outside Directors and Violetto in connection with this action; it has not advanced costs directly to Dore. Great American recently filed an interpleader action (assigned to Judge Berman as a related case) seeking to deposit the remaining Policy proceeds with the court and be discharged from any further liability under the Policy.[3]

On or about November 9, 2007, Plaintiffs issued a subpoena to Great American. (A true and correct copy of the Subpoena is attached as Exhibit A to the Declaration of Scott G. Golinkin.) The Subpoena demands the following from Great American:

1. Any and all documents received from any of the Defendants, or received from anyone on their behalf, including but not limited to their counsel, agents, representatives or other persons acting on behalf of Defendants.

---

[2] The Defendants who are insureds under the Great American D&O Policy are: Martin L. Solomon, Edwin W. Elder, William J. Barrett and Wilmer J. Thomas, Jr. ("Outside Directors"); Karla Violetto; and John A. Dore.

[3] Great American Ins. Co. v. Martin L. Solomon, et al., No. 07 Civ. 6498, filed July 18, 2007 in the U.S. District Court, S.D.N.Y.

  2. Any and all documents sent by Great American to any of the Defendants, or to anyone acting on their behalf, including but not limited to their counsel, agents, representatives or other persons acting on behalf of Defendants.

  3. Any and all claims files relating to American Country Holdings Inc.

(Subpoena, Schedule A at 4).

## ARGUMENT

Plaintiffs' subpoena seeks to procure documents the D&O insurer obtained from defense counsel _after_ the initiation of this litigation. (Communications to and from Kingsway and ACHI, as well as any communications among the Defendants and Great American before the acquisition, are contained within Plaintiffs' own files and need not be subpoenaed). As such, the Subpoena is not directed toward information generated in connection with the underlying acquisition, but rather is an attempt to invade the mental impressions and work product of Plaintiffs' opposing counsel in this litigation, including their impressions about the merits of this matter, future litigation strategy and settlement recommendations. The Subpoena therefore is improper and should be quashed.

### I. Kingsway's Notice to Dore Was Untimely

As a threshold issue, the Subpoena violates the notice provision of Rule 45(b)(1), which requires that "[p]rior notice of any commanded production of documents ... shall be served on each party in the manner prescribed by Rule 5(b)." Prior notice means "'that notice be given prior to the issuance of the subpoena, not prior to its return date.'" Cootes Drive LLC v. Internet Law Library, 2002 WL 424647 at *1 (S.D.N.Y. Mar. 19, 2002) (Haight, J.), _quoting_ Schweizer v Mulvehill, 93 F. Supp. 2d 376, 411-12 (S.D.N.Y. 2000) (Cedarbaum, J.).

Here, Kingsway's certificate of service (by mail) is dated November 8, 2007 – only 1 day before actual service on Great America. Even if Kingsway mailed the subpoena on November 8, it would not have reached the Defendants until November 9, the date of service on Great American. In fact, Dore's counsel in Chicago was not served with the Subpoena until November 16, more than a full week later. (Golinkin Decl., ¶ 3 and Subpoena, Schedule A). That is not prior notice. See Cootes Drive, 2002 WL 424647 at *1 (party served 12 subpoenas on March 7 and provided notice (service copy) to opposing party by overnight delivery received on March 8; held to be "a manifest violation of Rule 45.").

Moreover, Dore has been informed that the Subpoena copy served on the Outside Directors was postmarked November 13, 2007 – four days after the Subpoena was served on Great American. (Golinkin Decl., ¶ 4.) Especially in light of the short December 3 "return" date for the Subpoena, Kingsway's notice was inadequate under Rule 45(b)(1).[4] Prior notice is not a mere technical requirement, but one intended to give a party in interest (as the insureds under the D&O Policy are here) an opportunity to instruct the respondent not to produce, and an opportunity to raise legitimate objections such as privilege. Although Great American has objected to the Subpoena, Plaintiffs' service of it here without giving the required prior notice to the individual insureds could have resulted in Great American producing documents before they had an opportunity to challenge the Subpoena.[5]

---

[4] Issuance of the Subpoena at all is inconsistent with Kingsway's position that all discovery in this action is stayed under the PSLRA due to Dore's earlier-filed Motion to Reconsider Denial of Motion to Dismiss the Second Amended Complaint. (Golinkin Decl., ¶ 5 and Ex. B.)

[5] Notably, Great American has objected to the Subpoena in part based on an apparent conflict of interest evidenced by Plaintiffs' law firm. (Golinkin Decl., ¶ 7 and Ex. C.)



## II. The Subpoena is Substantively Improper

Beyond being procedurally improper, the Subpoena fails to meet the substantive requirements of Rule 45. Rule 45(3)(A) provides that:

> On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
>
> * * *
>
> (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
>
> (iv) subjects a person to undue burden.

Plaintiffs' Subpoena must be quashed because it invades privileges belonging to Dore and the other insured Defendants, and because it is overreaching and seeks irrelevant documents.

- ### The Subpoena Seeks Disclosure of Protected, Privileged Documents



The Subpoena "requires disclosure of privileged ... matter" and "no exception or waiver applies." Many of the documents sent on behalf of the individual Defendants to Great American are reports prepared by their counsel, containing analyses of this action, including primarily the mental impressions and legal strategy of counsel and recommendations for further handling of this litigation. Among other things, counsel transmitted news of Plaintiffs' rejections of settlement offers and assessed the merits of further responses to same. Defendants' counsel also communicated to Great American about court-annexed mediation proceedings held in this matter, which are independently subject to a strict rule of confidentiality. Local Civil Rule 83.12(k) ("The entire mediation process shall be confidential"). (Golinkin Decl., ¶ 6.)

All of these reports and communications are classic "attorney work product" and are protected against disclosure to the party's opponent. They do not lose their work product

protection because Dore has shared them with Great American. *See, e.g.*, Chaiken v. VV Publishing Corp., 1994 WL 652492 at * 2 (S.D.N.Y. Nov. 18, 1994) (Cote, J.) (protecting as work product insured's defense attorney's letters to insurer, which "concern[ed] ongoing cases, not potential or speculative litigation, and include[d] assessments by the attorney ... of the merits, legal strategy and anticipated outcome of each case."); Lectroalarm Custom Systems, Inc. v. Pelco Sales, Inc., 212 F.R.D. 567 (E.D. Cal. 2002) (work product not waived where defense counsel shares it with insurer).

Lectroalarm is instructive. There, plaintiff Lectroalarm issued a subpoena to defendant Pelco's liability insurer, Fireman's Fund, demanding production of "all documents that set forth, refer or relate to communications" between Pelco and the insurer concerning the lawsuit, the plaintiff and the patents at issue in the lawsuit. The court found the demand to be "unreasonable, duplicative, overly broad and propounded for the improper purpose of harassment and obtaining information to which [the plaintiff] is clearly not entitled." 212 F.R.D. at 570. Fireman's Fund, like Great American here, was paying a portion of defense costs under a reservation of rights. Acknowledging that relationship, the court stated, in an analysis remarkably pertinent to this case:

> Indeed, given the nature of the relationship between Fireman's Fund and Pelco, the content of the communications is far more likely to contain summaries, analysis, mental impressions and conclusions of Pelco's counsel than factual information relating to the underlying claims. Such information is traditionally protected as attorney work product under [FRCP 26(b)(3)] and not discoverable. Moreover, opinions of counsel about the claims or theories of coverage are not relevant to prove any of the claims or defenses in this action.
>
> Furthermore, to the extent that Pelco may have communicated purely factual information relating to the claims, the Court is

> confident that such information has already been discovered by the broad reach of discovery already conducted by Lectroalarm in this action. This leads the Court to the conclusion that Lectroalarm has propounded this broad request ... not to obtain factual information about the matters at issue but rather to discover the thoughts, opinions and strategy of its opponent in this litigation. The Court cannot and will not tolerate such tactics. ... Pelco reasonably expected that the communications with Fireman's Fund would remain confidential and provided the information to Fireman's Fund as a requirement of coverage. To order discovery in such a situation would not only be inequitable, it would create a wedge between the insured and its carrier that would have negative impact far beyond this case.

*Id.* at 571.

The parallels to this case are strong. Here, as in Lectroalarm, the materials Kingsway seeks are privileged and not relevant to this action. To the extent any non-privileged documents might deal with discoverable facts related to the litigation, the broad discovery Kingsway has conducted – and the fact that it has, from the beginning, possessed all or nearly all of the relevant documents – means that there is virtually no chance Kingsway's fishing expedition will land anything relevant that Kingsway does not already possess.[6] Instead, Kingsway "has propounded this broad request ... not to obtain factual information about the matters at issue but rather to discover the thoughts, opinions and strategy of its opponent in this litigation." That effort should be discouraged, not rewarded.

Counsel's communications to Great American also incorporated information obtained from Dore in the course of seeking legal advice (Golinkin Decl., ¶ 6), and thus production of these documents would invade the attorney-client privilege. Although there is no *per se*

---

[6] Should the Court wish to determine for itself whether the communications constitute work product, Dore suggests that it conduct an *in camera* inspection of the documents before permitting them to be turned over to Kingsway.

application of the privilege to communications from an insured to its insurer, courts have found the privilege to apply where the insurer and insured share a common interest. Again, Lectroalarm provides useful guidance. There, the court found that:

> the common interest doctrine applies to protect at least those communications between Pelco [the insured] and Fireman's Fund relating to the claims and defenses in the underlying lawsuit. As to these communications, there is a commonality of interest and the attorney-client privilege [is] not waived by the disclosure to Fireman's Fund.

212 F.R.D. at 572.

This application of the privilege is based on the principle that "[t]he need to protect the free flow of information from client to attorney logically exists whenever multiple clients share a common interest about a legal matter." United States v. Schwimmer, 892 F.2d 237, 243 (2d Cir. 1989). That principle applies here, where the individual Defendants and Great American – which has not denied coverage for this litigation – shared (and share) a common interest in defending and/or settling the matter.[7][8]

• The Subpoena is Overbroad and Seeks Irrelevant Material

Second, the Subpoena's facial overbreadth and irrelevancy render it invalid. The Subpoena seeks "any and all" documents "received from any of the Defendants" or "sent by Great American to any of the Defendants." Nothing in the Subpoena ties the demand to the

---

[7] Although Great American has filed an interpleader action, nominally making the individual Defendants here its "opponents," the insurer does not allege there that it has any less interest than they do in resolving the instant litigation; it merely alleges that it lacks sufficient policy proceeds to satisfy all demands.

[8] To the extent that state privilege law governs the state law claims asserted against Dore (common law fraud and to declare his employment contract with ACHI void *ab initio*), Illinois law (which governs because the policy was issued by an Illinois insurer (Great American) to an Illinois Insured (ACHI)), provides an independent insurer-insured privilege. See Rapps v. Kelderman, 257 Ill. App. 3d 205, 628 N.E.3d 818 (1993); Hyams v. Evanston Hospital, 225 Ill. App. 3d 252, 587 N.E.2d 1127 (1992).

-8-

Policy at stake (as opposed to prior or later policies), much less to the subject matter of this litigation. Moreover, the time period covered by the Subpoena is nearly eleven years (from January 1, 1997 to date) (Golinkin Decl., Ex. A, Instruction 3). The Subpoena is overbroad both by scope and by time, with no suggestion of relevancy. *See* Quinby v. WestLB Ag, 2006 WL 59521 at *1 (S.D.N.Y. Jan. 11, 2006) (Pitman, M.J.) (quashing third-party subpoena seeking all e-mail communications over a two-year period as overbroad, noting that even if much of the material sought was innocuous, "that is not the touchstone for discovery ... Defendant's subpoenas entirely ignore the requirement that a discovery request be limited to relevant material.").

Except for the improper purpose of obtaining privileged materials discussed above, there is no reason to think that any of the communications requested by Kingsway would have any pertinence whatsoever to the securities fraud allegations at issue in this action. The facts at issue in this litigation – whether the Defendants made misleading statements about the finances of ACHI before the acquisition – are not affected by subsequent insurance questions, and certainly are not affected by post-litigation communications with defense counsel.

As one court in this District has held: "'[t]o the extent a subpoena sweepingly pursues material with little apparent or likely relevance to the subject matter it runs the greater risk of being found overbroad and unreasonable.'" Concord Boat Corp. v. Brunswick Corp., 169 F.R.D. 44, 50 (S.D.N.Y. 1996) (Edelstein, J.), quoting United States v. International Bus. Mach. Corp., 83 F.R.D. 97, 106-07 (S.D.N.Y.1979) (Edelstein, J.). Here, Kingsway – which (unlike most plaintiffs) possessed virtually all of the documents pertinent to its case in the first place and has conducted extensive discovery to boot – cannot show (and has no basis even to suggest) that the

D&O insurance communications impact the liability or damages questions presented to this Court in this matter.

## CONCLUSION

The Subpoena is a self-evident – and improper – back-door attempt by Kingsway to obtain the work product of Dore and the other insureds in this action. It also is facially overbroad and irrelevant, and was not properly served. In the face of such violations of Rule 45, the Subpoena should be found to be invalid.[9]

WHEREFORE, Defendant John A. Dore respectfully requests that the Court quash the Subpoena served by Plaintiffs upon Great American Insurance Group.

Dated: November 30, 2007               REARDON GOLINKIN & REED

_____
Scott G. Golinkin (admitted pro hac vice)
Scott O. Reed (admitted pro hac vice)
111 W. Washington St., Suite 707
Chicago, IL 60602
(312) 855-3700
Attorneys for Defendant John A. Dore

---

[9] The return date of the Subpoena should be adjourned pending resolution of this motion. See U.S. v. Witt, 542 F. Supp. 696, 697 (S.D.N.Y. 1982).

-10-

## CERTIFICATE OF SERVICE

The undersigned, an attorney admitted pro hac vice in this matter, hereby certifies under penalty of perjury as follows:

On November 30, 2007, I caused to be served the foregoing **Motion of Defendant John A. Dore to Quash Plaintiffs' Subpoena to Great American Insurance Group** and **Declaration of Scott Golinkin** on:

Harold J. Ruvoldt
Ronald J. Hedges
Nixon Peabody
437 Madison Avenue
New York, NY 10022-7001
*Attorneys for Plaintiffs*

Lewis J. Liman
Christopher Paton
Cleary, Gottlieb, Steen & Hamilton
One Liberty Plaza
New York, NY 10006-1470
*Attorneys for Defendants William Barrett, Martin Solomon, Edwin Elder and Wilmer Thomas*

William R. Maguire
Jeffrey M. Greilsheimer
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, NY 10004-1482
*Attorneys for Defendants PricewaterhouseCoopers, LLC*

John Siffert
Joseph Patrice
Lankler Siffert & Wohl LLP
500 Fifth Avenue, 33rd Floor
New York, NY 10110
*Attorneys for Defendant Karla Violetto*

Rachel L. Simon
Boundas, Skarzynski, Walsh & Black, LLC
One Battery Park Plaza, 32d Floor
New York, NY 10004
*Attorneys for Great American*

by facsimile transmission of the motion before 5:00 p.m. and by overnight (next business day) delivery of the motion and declaration.

Scott G. Golinkin (Pro Hac Vice)