# EXHIBIT 5

CLEARY GOTTLIEB STEEN & HAMILTON LLP

ONE LIBERTY PLAZA
NEW YORK, NY 10006-1470
(212) 225-2000
FACSIMILE (212) 225-3999
WWW.CLEARYGOTTLIEB.COM

WASHINGTON, DC · PARIS · BRUSSELS
LONDON · MOSCOW · FRANKFURT · COLOGNE
ROME · MILAN · HONG KONG · BEIJING

Writer's Direct Dial: (212) 225-2760
E-Mail mlowenthal@cgsh.com

April 26, 2007

BY HAND

The Honorable Henry B. Pitman
United States District Court
Southern District of New York
500 Pearl Street, Room 750
New York, NY 10007

Re: Kingsway Financial Services, Inc. v. PricewaterhouseCoopers LLP, et al.,
No. 03 Civ. 5560 (RMB) (HBP)

Dear Judge Pitman:

We are counsel to the Outside Directors in the above captioned action. We write to oppose plaintiffs' request for a pre-motion conference to seek leave for an extension of the time to comply with this Court's order of December 28, 2006 (the "Order," Ex. A). Letter of Ronald J. Hedges to Hon. Henry B. Pitman, Apr. 25, 2007 (Ex. B). Plaintiffs' motion is improper because it is untimely, in violation of plaintiffs' obligation to meet-and-confer and unnecessary. We also respectfully request that the Court grant the Outside Directors' reasonable costs including attorneys' fees incurred in addressing plaintiffs' violation of the Order.

1.    Background

On December 28, 2007, and following five months of litigation, Your Honor ordered production of archived emails and other electronically produced documents. In part, the Order stated that:

In the absence of an agreement among the parties to the contrary,
plaintiff shall complete production for all custodians designated as

Hon. Henry B. Pitman                    Page 2                    April 26, 2007

Priority Individuals on Appendix A hereto no later than fifty-one
(51) days after this . . . Order becomes effective.

Ex. A. at 6.  The Court also made explicit that "production is not complete until such time as
defendants have received a copy of the production." Id. at 7.  Plaintiffs have not produced a
single document in connection with the Order.  Plaintiffs appealed the Order to Judge Berman on
January 12, 2007.  On March 2, 2007, Judge Berman affirmed the Order in its entirety (Order of
Judge Berman, Mar. 2, 2007 (Ex. C)), making production of the Priority Individuals' documents
due on April 23, 2007.

On March 29, 2007, almost a month after the Order's effective date, plaintiffs
requested "an extension of 25 days on all due dates" and attempted to modify certain provisions
of the Order, including seeking "an agreement that the production shall be on a tape or tapes
basis rather than a custodian by custodian basis on a rolling basis commencing 10 days after each
tape or combination of tapes are restored and searched." Letter of Harold J. Ruvoldt to Lewis J.
Liman, Mar. 29, 2007, at 2 (Ex. D). Given the extent of litigation regarding this issue, the
Outside Directors responded that they were not then "prepared to agree to a modification or an
amendment of the Order," but were willing to meet-and-confer. Letter of Lewis J. Liman to
Harold J. Ruvoldt, Apr. 3, 2007, at 1 (Ex. E). On April 3, plaintiffs again sought revisions of the
Order, including extending the ordered due dates by over a month. Letter of Harold J. Ruvoldt to
Lewis J. Liman, Apr. 3, 2007, at 1 (Ex. F). On April 4, the Outside Directors again refused to
consent to further delay in production of the archived electronic documents and reminded
plaintiffs that "[i]t is not our obligation to review your letters of March 29 and April 3 against
Judge Pitman's December 28, 2006 order . . . to determine whether the procedure you lay out
complies with the Order." Letter of Lewis J. Liman, Apr. 4, 2007, at 1 (Ex. G).

The Outside Directors offered multiple dates to meet-and-confer with plaintiffs
regarding this issue. See Ex. E at 2 ("[W]e are available for a meet and confer tomorrow
afternoon, Thursday afternoon, or on Friday."); see also Ex. G ("[W]e are not prepared to
consent to such a modification or amendment, but are happy to meet and confer this afternoon,
tomorrow afternoon, or at any time on Friday."). Despite plaintiffs' initial claim that they
wished to hold a meet-and-confer "as soon as possible" (see Ex. D at 2), plaintiffs never
attempted to take the Outside Directors up on the offer to meet-and-confer and, in fact, never
even responded to the offers.

Rather, plaintiffs simply, and without explanation to the Court or defendants,
missed the production deadline set out in the Order. Plaintiffs also failed to provide any
explanation for their continuing violation of the Order or to seek a meet-and-confer despite a
reminder from the Outside Directors that the first production was past due. See Letter of Lewis
J. Liman to Harold J. Ruvoldt, Apr. 24, 2007 ("None of the defendants has received the ordered
documents. We expect plaintiffs to remediate their violation of the December 28 Order
immediately.") (Ex. H).

Hon. Henry B. Pitman                    Page 3                         April 26, 2007

2.    <u>Plaintiffs' Request To Re-litigate The Order Should Be Denied</u>

      Plaintiffs' request for an extension of time should be denied as untimely.[1] Plaintiffs clearly anticipated requesting an extension at least as far back as March 29. <u>See</u> Ex. D (requesting an extension of 25 days "on all due dates"); Ex. B at 1 (noting that plaintiffs reached out to defendants "[w]hen it became clear that compliance with the time schedule and manner of production were beyond our ability," which was on March 29). Nonetheless, plaintiffs inexplicably waited until two days <u>after</u> the Court's deadline for production of the Priority Individuals' documents to make their application. <u>See</u> <u>G.A. Modefine S.A. v. Burlington Coat Factory Warehouse Corp.</u>, 919 F. Supp. 723, 727 (S.D.N.Y. 1996) (refusing to grant request to vacate default order where moving party "unilaterally chose not to comply with the court's order. This justification provides no basis for relieving [movant] of the obligations found therein.") (citing <u>Nemaizer v. Baker</u>, 793 F.2d 58, 62 (2d Cir. 1986), for the holding that "an attorney's failure to evaluate carefully the legal consequences of a chosen course of action provides no basis for relief from a judgment"); <u>see also</u> <u>Jackson v. Edwards</u>, No. 99 Civ. 0982 (JSR) (HBP), 2000 WL 782947, at *5 (S.D.N.Y. June 16, 2000) (Pitman, M.J.) ("[T]he Federal Rules of Civil Procedure do not permit any attorney to grant himself an extension of time to respond to either a motion or a discovery request. Counsel proceed at their own risk when they unilaterally attempt to grant themselves an extension of the deadlines set forth in the Federal Rules of Civil Procedure.").[2]

      In addition, plaintiffs failed even to respond to the Outside Directors' multiple attempts (outlined above) to seek a meet-and-confer on this issue well in advance of the expiration of the deadline. Instead plaintiffs waited until two days after the court-mandated schedule to raise this issue directly with Your Honor. For this reason alone the Court should, as it has in the past, deny plaintiffs' motion. <u>See</u> <u>Wiwa v. Royal Dutch Petroleum Co.</u>, No. 96 Civ. 8386 (KMW) (HBP), 2006 WL 2637836, at *7 (S.D.N.Y. Sept. 12, 2006) (Pitman, M.J.) ("[B]oth the Federal Rules of Civil Procedure and the Local Civil Rules of this District require that counsel meet and confer concerning discovery disputes before seeking judicial intervention . . . . Defendants' papers do not indicate that defendants' counsel made any attempt to resolve this dispute with plaintiffs' counsel before making the motion. <u>This deficiency alone is a sufficient ground for denying the motion.</u>") (emphasis added); <u>see also</u> Order of Hon. Henry B. Pitman, Aug. 18, 2006, at 3 (In the context of a prior electronic discovery production dispute, this Court reminded the parties that "[i]f counsel for any party has issues concerning the production, they are directed to meet <u>in person</u> with plaintiff's counsel.") (emphasis in original)

---

[1]    The Federal Rules specifically contemplate that parties may move for an extension of time within which to comply with a court order after the time for such compliance has expired, but permit such motions to be granted <u>only</u> "where the failure to act was the result of excusable neglect." Fed. R. Civ. P. 6(b)(2). Plaintiffs do not – and could not – argue that their failure to comply with the order (let alone their failure to produce a single document) was the result of "excusable neglect."

[2]    It is also troubling that plaintiffs waited until the day before Mr. Liman, the only partner to have represented the Outside Directors from this case's inception, was leaving for pre-scheduled surgery (of which plaintiffs were aware) (<u>see</u> Letter of Lewis J. Liman to Hon. Richard M. Berman, Apr. 19, 2007 (Ex. I)), to file this request (along with plaintiffs' response to the Outside Directors' letter of April 16, which was faxed to us within 20 minutes of the instant letter). This in spite of the fact that the Outside Directors attempted to expedite the meet-and-confer process in order to ensure that this issue was resolved prior to Mr. Liman's absence.



Hon. Henry B. Pitman                  Page 4                        April 26, 2007

(Ex. J). Plaintiffs' naked assertion that "[g]iven the tenor of Mr. Liman's attached correspondence we assume that any meet-and-confer on this request for an extension would be futile" (Ex. B at 2) is hardly sufficient to fulfill the meet-and-confer requirement mandated by the Federal Rules of Civil Procedure and this Court.

Moreover, there is no substantive reason to reconsider the scheduling of production or any other component of the Order at this time. This Court's consideration of the production of archived electronic documents has been exhaustive. Since plaintiffs first requested a protective order in July 2006, this Court has held two hearings on the subject, ordered the deposition of plaintiffs' electronic discovery expert and entertained extensive briefing. Plaintiffs also appealed the Order to Judge Berman, requiring an additional round of briefing. Indeed, that the District Court itself has now endorsed the Order raises serious questions about whether it can be radically altered in the manner plaintiffs request. Plaintiffs present no new developments, or compelling explanations, why they did not comply with an order that has been in place for months. And if additional resources where necessary to comply with the production timetable set forth in the Order, it was plaintiffs' obligation to undertake them.

In fact, the Order is even more generous than the production schedule plaintiffs themselves requested. In their proposed order, dated December 21, 2006, plaintiffs requested that they "restore and complete key term searches" within 30 days of the Order becoming effective and that they begin producing all documents "no later than two (2) weeks" after restoration. Proposed Order at 4, attached to Letter of Harold J. Ruvoldt to Hon. Henry B. Pitman, Dec. 21, 2006 (Ex. K). As such, the Court has already granted plaintiffs, at a minimum, six more days than requested just to complete the first tranche of production for only nine Priority Individuals. Plaintiffs received significantly more than they asked for and cannot now, after the production deadline has passed, be heard to complain about the schedule. To allow plaintiffs to re-litigate the issue at this stage would be manifestly unfair to the Outside Directors who have already expended significant money as well as almost nine months in a case that has been ongoing for almost four years without proceeding beyond documentary discovery.[3] As such, the Court should deny plaintiffs' request for an extension of time to comply with the Order.[4]

Through their failure to comply with the Court's order, plaintiffs have already – and unilaterally – forced an extension of the production deadline. Most disturbingly, they have done so without so much as producing a single document required by the Order.

3.    The Court Should Grant The Outside Directors' Costs Incurred In Addressing This Issue Since April 23

The Outside Directors respectfully request that the Court award them costs and attorney's fees incurred in responding to plaintiffs' failure to comply with the Order. It is clear

---

[3]    Interestingly, plaintiffs ask this Court for an even longer extension than they told the Outside Directors was necessary. Compare Ex. B at 2 ("[W]e would ask Your Honor to afford us an extension to August 3, 2007") with Ex. F at 2 (requesting that Priority Individual documents be produced by June 1).

[4]    Moreover, the Court should not even countenance a pre-motion conference on this issue. As plaintiffs are already in violation of the Order a pre-motion conference would merely yield additional, unwarranted delay.

Hon. Henry B. Pitman                    Page 5                         April 26, 2007

that the naked failure to comply with a discovery order warrants awarding costs, including attorney's fees. See Roadway Express, Inc. v. Piper, 447 U.S. 752, 763 (1980) ("Federal Rule of Civil Procedure 37(b) authorizes sanctions for failure to comply with discovery orders . . . . Both parties and counsel may be held personally liable for expenses, 'including attorney's fees,' caused by the failure to comply with discovery orders.") (internal citations omitted). Moreover the decision to award costs and fees is mandatory except where "the failure was substantially justified or that other circumstances make an award of expenses unjust." Fed. R. Civ. Pro. 37(b)(2); see also Kulynch v. Delta Mach., Inc., No. 05-CV-354 (JG) (RER), 2006 WL 2844229, at *1 n.2 (E.D.N.Y. Oct. 2, 2006) ("Rule 37 compels me to impose against [the non-complying party] the costs and attorney's fees associated with his failure to obey my prior orders"); Cower v. Albany Law School of Union Univ., No. 05-CV-924 (GLS) (DRH), 2007 WL 148758, at *5 (N.D.N.Y. Jan. 11, 2007). Neither exception is present here. Plaintiffs spend much time lamenting the amount of work involved in complying with the Order and assert "a good faith belief" that an extension to August 3 is necessary. See Ex. B at 2. Crucially, however, they offer no evidence, or even an explanation, for their failure to apply to the Court for an extension before production was due pursuant to the Order. Nor do plaintiffs offer any reasons or evidence to show why an award of expenses would be unjust in this context.

The contrary is evident, however. Despite the nine months of litigation attendant to this issue, despite the fact that the Order is more generous than plaintiffs requested and despite the clarity of the Order's language, plaintiffs evidently felt it necessary to attempt to get their way by simply ignoring the Order. This avenue of attack not only deprives the Outside Directors of the documents necessary to defend themselves (documents that the Outside Directors have already expended vast sums to receive), but now requires them to go through the cost of re-litigating this issue before this Court. The Outside Director submit that this approach is manifestly unfair and mandates the imposition of costs and attorneys' fees incurred in addressing this issue after April 23.

Sincerely,

Mitchell A. Lowenthal

cc:  Hon. Richard M. Berman (By Hand)
     Jeffrey M. Greilsheimer, Esq. (By Hand)
     Ronald J. Hedges, Esq. (By Hand)
     Scott O. Reed, Esq. (By Fedex)
     Christine M. Riley, Esq. (By Hand)
     Harold J. Ruvoldt, Esq. (By Hand)
     John S. Siffert, Esq. (By Hand)

Enclosures