# EXHIBIT 8

07/17/2007 17:46 FAX  12124224726          HUGHES HUBBARD LLP                    ☑ 002/005

# Hughes
# Hubbard

Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482
Telephone: 212-837-6000
Fax: 212-422-4726
hugheshubbard.com

July 17, 2007

<u>BY FACSIMILE</u>

Hon. Henry Pitman, U.S.M.J.
United States District Court
Southern District of New York
500 Pearl Street, Room 750
New York, NY 10007

Re:     *Kingsway Financial Services, Inc. v.*
        *PricewaterhouseCoopers, LLP, et al.* Docket No. 03-CV-
        5560 (RMB)

Dear Judge Pitman:

We are counsel to PricewaterhouseCoopers LLP ("PwC") in the above-referenced matter, and write in response to plaintiffs' letter dated July 9, 2007 ("Plaintiffs' Letter") and in further support of PwC's application to compel plaintiffs to respond to PwC's First Interrogatory and Sixth Set of Document Requests.

Plaintiffs' letter does not cite a single case to support their failure to provide a calculation of *each category of damages*. Rather, every case cited both by PwC and by plaintiffs stands for the proposition that plaintiffs are required to disclose their calculation of each category of damages.

<u>PwC's Interrogatory Requires Disclosure of Plaintiffs' Damages Calculation</u>

First, plaintiffs' contention that their Amended Rule 26(a)(1) disclosure "contains a computation of categories of damages" is incorrect. (Plaintiffs' Letter at 1.) Nowhere in any disclosure made by plaintiffs to date is there a "computation" of categories of damages. Instead, plaintiffs have simply listed each category of damages and an assigned value, but have failed to provide the calculation necessary to show how the value was calculated or any of its component factors. PwC's interrogatory – which is proper under Local Civil Rule 33.3(a), Fed. R. Civ. P. 33 and the cases interpreting it – seeks these undisclosed calculations.

For example, plaintiffs' amended disclosure indicates a claim for "Materially Understated Reserves" of $50.4 million, yet the alleged restatement only increased reserves by $10.5 million – there is no explanation of how plaintiffs' calculated the $50.4 million. Similarly,

07/17/2007 17:46 FAX  12124224726        HUGHES HUBBARD LLP                    @003/005

Page 2

plaintiffs claim $107.4 million for "Cost of Capital – Near term removal from equity markets (2002-3) with fund raising via debt (vs. equity)" and $5.1 million for "Currency Losses Due to Funding Mismatch." There is no explanation as to how plaintiffs calculated these amounts or what elements are included within them. Merely providing a list of categories of damages and an amount for each category is insufficient. In *Williams v. Johanns*, the plaintiffs did exactly that and the court found it to be an insufficient response to an interrogatory seeking: "a detailed description of the manner in which you calculated your damages for each such injury, including all computations, formulas and assumptions upon which you relied."[1] There the Court found that the "list of numbers does not include any description of formula or method used to determine the dollar amounts provided for calculations of lost income or emotional harm."[2] The Court ordered plaintiffs "to provide defendant with a complete explanation of formulas and calculations used to reach the amounts described in the interrogatory answer, as well as all supporting documentation and correct calculations, within 10 days."[3]

Second, plaintiffs do not cite a single case that supports the argument that they are not required to disclose the calculation of each category of damages. Plaintiffs attempt to distinguish *Flying J. Inc. v. TA Operating Corp.*, on the basis that "defendants are not claiming they require this information to frame discovery requests."[4] (Plaintiffs' Letter at 2.) Not so. PwC seeks this information specifically to take damages discovery because plaintiffs' damages theory and the facts underlying it have not been disclosed. In this regard, *Flying J.* is directly on point. In *Flying J.*, defendant's interrogatory sought a detailed description of plaintiff's damages, including a calculation of each category of damages. The plaintiff in that case took the same position Kingsway has taken here, arguing that their damages would be calculated by an expert and that it was premature to require disclosure of the expert's report. The Court rejected that position, requiring plaintiff to answer the interrogatory, stating: "This is not the process contemplated by the Rules of Civil Procedure, and it is an invitation to wasteful and contentious document and deposition discovery."[5] Here, as in *Flying J.*, plaintiffs must be required to disclose their calculation of each category of damages so that defendants are not forced to "rely on [their] own guesses about what Plaintiffs might claim as damages, and hope for the best in framing discovery requests."[6] Simply, "[e]ven if complete answers to discovery requests may require the answering party to consult with experts, such considerations do not transform permissible factual discovery into 'expert discovery.'"[7]

*Hertz v. Luzenac America, Inc.*,[8] *Geer* and *Bradley v. J.E. Val-Mejias*[9] also are directly on point. Each decision holds that the mere fact that a plaintiff intends to consult with

---

[1]    2006 WL 3826967, at *4 (D.D.C. Dec. 28, 2006).

[2]    *Id.*

[3]    *Id.*

[4]    2007 WL 1302756, at *3-4 (D. Utah May 2, 2007).

[5]    *Id.*

[6]    *Id.* at *4.

[7]    *Geer v. Cox*, 2003 WL 21254731, at *3 (D. Kan. May 21, 2003).

[8]    2006 WL 994431 (D. Colo. Apr. 13, 2006).

[9]    2001 WL 1249339 (D. Kan. Oct 9, 2001).

its expert to establish its damages does not alter a plaintiff's obligation to disclose its calculation of each category of damages. Because PwC seeks exactly that – a calculation of each category of damages – and, to date, PwC has not received such information, plaintiffs are obligated to provide it. To comply with their obligations under Fed. R. Civ. P. 33, plaintiffs must provide the best information currently available to them with respect to the calculation of each category of damages they seek. Even if plaintiffs' June 27 Amended Disclosures are their current best estimate of each category of damages they seek, the disclosure is incomplete and does not comply with the requirements of Local Civil Rule 33.3(a) because it does not disclose the calculation of each of the listed amounts.

Third, plaintiffs' argument that PwC's request is counter to the Court's May 26, 2006 Order (the "May 26 Order") is without merit.[10] The May 26 Order addressed plaintiffs' initial disclosure obligations under Rule 26, not Rule 33. This Court has not addressed, and there is no order addressing, plaintiffs' obligations under Rule 33. Moreover, pursuant to Local Civil Rule 33.3(a) plaintiff is expressly required to disclose the information PwC seeks, absent a court order to the contrary.[11] Because there is no court order to the contrary, PwC's interrogatory is proper under the Local Rule.

Failure to disclose the calculation of each category of damages and to specify which documents support each such claimed category of damages before fact depositions are taken would only require that fact discovery be reopened after expert discovery so that defendants can finally explore plaintiffs' damages theory.[12] Such duplication of depositions does not comply with the mandate of Fed. R. Civ. P. 1 that the Federal Rules "be construed and administered to secure the just, speedy, and inexpensive determination of every action."[13]

Finally, plaintiffs do not even address parts (c), (d) and (e) of PwC's Interrogatory which seek:

* for each category of damages, identify the person employed by Kingsway with the most knowledge regarding the amount of damages and the computation thereof;

---

[10] To the extent that plaintiffs contend that their Rule 26(a) disclosure on damages is sufficient, it is not. *See Design Strategy, Inc. v. Davis*, 469 F.3d 284, 295 (2d Cir. 2006) ( "by its very terms Rule 26(a) requires more than providing – without any explanation – undifferentiated financial statements; *it requires a 'computation' supported by documents*.") (emphasis added).

[11] *See Shamis v. Ambassador Factors Corp.*, 34 F. Supp. 2d 879, 894 (S.D.N.Y. 1999) ("Interrogatory 18 specifically seeks information concerning the calculation of damages and is [thus] within the express purview of Local Rule 33.3").

[12] *See, e.g., Puckmaster, Inc. v. Metalbrik Equip., LLC*, 2006 WL 3526468, at *16 (D. Mass. Dec. 7, 2006) (permitting defendant to depose plaintiff on damages after close of discovery because of plaintiff's prior failure to respond to interrogatory prevented defendant from being able to "explore the bases for [plaintiff's] damage calculation); *Hewlett-Packard Co. v. Factory Mut. Ins. Co.*, 2006 U.S. Dist. LEXIS 44365, at *31 (S.D.N.Y. Jun. 28, 2006) (court ordered that the plaintiff produce its expert report at an early stage in discovery and before fact discovery was completed so that defendant "would finally understand the nature of the claim it was defending.").

[13] Fed. R. Civ. P. 1.

Page 4

- identify each document relevant to the computation of each category of damages alleged, including but not limited to pertinent insurance agreements, and state how each identified document supports the calculation; and

- to the extent documents have not already been produced, state the custodian and location of documents relevant to the computation of each category of damages alleged.

## PwC's Document Requests

As regards PwC's Sixth Set of Document Requests, plaintiffs burdensomeness argument is without merit. Plaintiffs ignore PwC's Instruction No. 2 which states: "To the extent that documents responsive to PwC's Sixth Set of Requests previously have been produced by plaintiffs in this litigation, they need not be produced in response to PwC's Sixth Set of Requests." Thus, Request No. 1 imposes no burden on plaintiffs. Indeed, to fulfill this request, plaintiffs need not do anything other than cure their continuing violations of this Court's December 28, 2006 Order.

With respect to Request No. 3, plaintiffs miss the point. PwC is not seeking the analysts' reports they have produced. Rather, PwC seeks the records of the communications between plaintiffs and the analysts: notes from phone calls with analysts, transcripts of conference calls, letters exchanged, and similar items. Plaintiffs' response does not address the existence or production of such documents.

*     *     *     *     *

Accordingly, PwC respectfully requests a pre-motion conference in order to move for an order compelling plaintiffs to provide a proper response to PwC's First Interrogatory and Sixth Set of Requests for the Production of Documents. In the alternative, PwC requests the entry of an order compelling this discovery.

Respectfully submitted,

Jeffrey M. Greilsheimer

cc:     Harold Ruvoldt, Esq.
        Lewis Liman, Esq.
        John Siffert, Esq.
        Scott Reed, Esq.