# EXHIBIT 10

# EDWARDS ANGELL PALMER & DODGE LLP

750 Lexington Avenue  New York, NY 10022  212.308.4411  fax 212.308.4844  eapdlaw.com

Harold J. Ruvoldt, Jr.
Partner
212.912.2814
fax 212.308.4844
hruvoldt@eapdlaw.com

March 3, 2006

INTENDED AND CONVEYED SOLELY
FOR THE PURPOSES OF SETTLEMENT DISCUSSION

**VIA FACSIMILE AND REGULAR MAIL**
John S. Siffert, Esq.
Lankler Siffert & Wohl, LLP
500 Fifth Avenue
New York, New York  10110-3398

Re:  Kingsway Financial Services vs. PricewaterhouseCoopers LLP, et al
     No. 03 Civ. 5560 (RMB)

Dear John:

At the outset, I want to thank you for your frankness during our settlement dialogue last week.

As I understand the status of our discussions to be, we have demanded eight million dollars [$8,000,000] in satisfaction of the claim against the former ACHI directors and Karla Violetto, provided the same could be settled without prejudice for our claim against PwC. This would resolve the New York and Illinois actions, the latter of which is pending only between us and John Dore. In addition, our demand was based in part on the fact that there is only a ten million dollars [$10,000,000] policy covering the outside directors and officers. We have previously indicated that the position conveyed to us by counsel as reflecting the insurance carrier's position was not a good faith offer.

Last week you indicated to us the carrier would be prepared to pay one million seven hundred and fifty thousand dollars [$1,750,000] as settlement for all of the named officers and directors. I understood that offer would be a final resolution for the New York and Illinois actions without prejudice to our claim against PwC.

We have discussed the matter with our client. It is our client's view that the offer is not only inadequate, but it is not a good faith negotiation on the part of the carrier. This is not to suggest that the client thinks you have been less than frank with us. Accordingly my client has instructed me to inform you that the offer is rejected. You indicated to me last week that after today there would be no further negotiations on the part of the carrier and accordingly we have

### EDWARDS ANGELL PALMER & DODGE LLP

John S. Siffert, Esq.
March 3, 2006
Page 2

not made any attempt to determine a counteroffer, given we frankly have had no indication that the carrier was interested in negotiating and settling this matter in good faith.

Once again, I want to thank you for your frankness.

Very truly yours,

Harold J. Ruvoldt, Jr.

cc: Lewis J. Liman, Esq.