James A. Skarzynski, Esq.
Rachel L. Simon, Esq.
Eleftherios Stefas, Esq.
BOUNDAS, SKARZYNSKI, WALSH & BLACK, LLC
One Battery Park Plaza – 32nd Floor
New York, New York 10004
Telephone: (212) 820-7750
**Attorneys for Interpleader-Plaintiff**
    **Great American Insurance Company**



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------x

GREAT AMERICAN INSURANCE COMPANY,     )          07 Civ. 6498
                                      )
            Interpleader-Plaintiff,   )
                                      )
                                      )          **FIRST AMENDED**
        -against-                     )          **INTERPLEADER**
                                      )          **COMPLAINT**
MARTIN L. SOLOMON, EDWIN W. ELDER, WILLIAM  )
J. BARRETT, WILMER J. THOMAS, JR., JOHN A.  )
DORE, AND KARLA VIOLETTO, KINGSWAY    )
FINANCIAL SERVICES, INC., and AMERICAN      )
COUNTRY HOLDINGS INC.,                )
                                      )
            Interpleader-Defendants.  )
-------------------------------------------------x

        Interpleader-Plaintiff, GREAT AMERICAN INSURANCE COMPANY ("Great

American"), through its attorneys, Boundas, Skarzynski, Walsh & Black, LLC, by way of

Interpleader Complaint, pursuant to Rule 22 of the Federal Rules of Civil Procedure, against the

Interpleader-Defendants, MARTIN L. SOLOMON, EDWIN W. ELDER, WILLIAM J.

BARRETT, WILMER J. THOMAS, JR., JOHN A. DORE, KARLA VIOLETTO, KINGSWAY

FINANCIAL SERVICES, INC., and AMERICAN COUNTRY HOLDINGS INC., states as

follows:

## I.     NATURE OF THE ACTION

        1.     Great American files this Interpleader Complaint as a mere disinterested

stakeholder.

2.     Great American is the insurer of American Country Holdings, Inc. ("ACHI"), and its directors and officers, as defined by and pursuant to the terms and conditions of Great American's "Directors', Officers', Insured Entity and Employment Practices Liability Insurance," Policy Number DOL5741496 (the "Policy", a true and correct copy of which is attached hereto as Exhibit A).

3.     Martin L. Solomon, Edwin W. Elder, William J. Barrett, Wilmer J. Thomas, Jr., John A. Dore and Karla Violetto were directors and/or officers of ACHI and are Insured Persons under the Policy.[1]  Martin L. Solomon, Edwin W. Elder, William J. Barrett, Wilmer J. Thomas, Jr., John A. Dore and Karla Violetto (collectively the "Insured Persons") have individually been named as Defendants in the Action entitled Kingsway Financial Services, Inc. v. Pricewaterhouse Coopers, LLP, et al., Case No. 03-Civ.-5560 (RMB) (S.D.N.Y.), which Action this Court accepted as related to this Interpleader Action by correspondence dated July 24, 2007. Kingsway v. Pricewaterhouse Coopers is referred to herein as the "Related Action".  No other Insured Person has a Claim under the Policy arising from the Related Action.

4.     Kingsway Financial Services, Inc. ("Kingsway") and American Country Holdings, Inc. ("ACHI") are Plaintiffs in the Related Action.

5.     Run-Off Coverage Endorsement 7 to the Policy, Section (5) amending Insuring Agreement I.B., provides that Kingsway is entitled to payment of "Loss which the Insured Persons shall be legally obligated to pay as a result of a Claim first made against the Insured Persons during the Policy Period for a Wrongful Act, except for any Loss which the Company or Kingsway [ ] actually pays as indemnification."

---

[1]     Capitalized terms used in this Interpleader Action have the same meaning that is ascribed to them in the Policy.

2

6.      Great American has initiated this Interpleader Action to resolve multiple and competing demands to the remaining proceeds of the Policy by the Interpleader-Defendants, which will likely expose Great American to liability.

## II.    THE PARTIES

7.      Interpleader-Plaintiff, Great American is an insurance corporation existing under the laws of the State of Ohio and with its principal place of business in the State of Ohio.

8.      Interpleader-Defendant, John A. Dore is an Insured Person under the Policy and upon information and belief resides in Winnetka, Illinois.

9.      Interpleader-Defendant, Edwin W. Elder, is an Insured Person under the Policy and upon information and belief resides in Loudon, Tennessee.

10.      Interpleader-Defendant, Martin L. Solomon is an Insured Person under the Policy and upon information and belief resides in Miami, Florida.

11.      Interpleader-Defendant, Wilmer J. Thomas, Jr., is an Insured Person under the Policy and upon information and belief resides in Salisbury, Connecticut.

12.      Interpleader-Defendant, William J. Barrett is an Insured Person under the Policy and upon information and belief, he resides in St. Barthelemy, French West Indies.

13.      Interpleader-Defendant, Karla Violetto, is an Insured Person under the Policy and upon information and belief resides in Oakbrook Terrace, Illinois.

14.      Interpleader-Defendant Kingsway is, by its own admission, a financial services holding company engaged in the business of property and casualty insurance, organized under the laws of the Province of Ontario, Canada. See Exhibit "B" at para. 13.

15.      Interpleader-Defendant ACHI, by its own admission, is a wholly owned subsidiary of Kingsway with an address in Elk Grove Village, Illinois. Id. at para. 15.

3

### III.    JURISDICTION AND VENUE

16.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 in that there exists diversity of citizenship and the amount in controversy, the remaining Limit of Liability of the Policy, exceeds $75,000, exclusive of interest and costs.

17.    Venue is proper in this district pursuant to 28 U.S.C. § 1391. This Interpleader Action is brought in the same district as the Related Action and in which a substantial part of the events giving rise to the claim occurred. Id. at para. 11.

### IV.    FACTUAL BACKGROUND

18.    The Policy is the property that is the subject of this Interpleader Action.

19.    The Interpleader-Defendants have sought and continue to seek from Great American advancement of Costs of Defense incurred in connection with the Related Action.

20.    Since the commencement of the Action in July 2003, Great American has advanced, under a reservation of rights, reasonable and necessary Costs of Defense demanded by the Interpleader-Defendants. These advancements to date have substantially eroded the ten million dollar Limit of Liability, leaving less than $4.3 million dollars of insurance available to the Interpleader-Defendants.

21.    Over the last two years, the parties to the Related Action and Great American have engaged in settlement discussions that have been unsuccessful.

22.    On more than one occasion, Great American has received a demand from some but not all of the Insured Persons for the remaining Limit of Liability to settle the Related Action. Great American understands that certain of the Insured Persons are contemplating another settlement demand. Great American also continues to receive requests from the Interpleader Defendants for advancement of Costs of Defense under the Policy.

23. Great American has an obligation under the Policy not to favor the rights of one Insured over the rights of any other Insured. Great American cannot determine how much of the remaining Limit of Liability should be allocated to each Interpleader-Defendant for advancement or payment of Loss, including Costs of Defense. As such, any settlement payment by Great American on behalf of any Insured Person(s) that exhausts the remaining Limit of Liability and leaves no funds available for any non-settling Insured Person(s) or Kingsway exposes Great American to multiple claims and liability.

24. In light of the foregoing, Great American has a manifest need for the Court's guidance and protection. Justice and equity demand that Great American should not be compelled to become involved in the dispute among the Interpleader-Defendants for an appropriate allocation or distribution of the remaining Limit of Liability.

25. Great American requests the Court deposit all remaining Policy proceeds with the Court pursuant to Rule 67 of the Federal Rules of Civil Procedure in order to further protect and insulate Great American from multiple claims and potential liability from these claims.

**WHEREFORE,** Interpleader-Plaintiff, Great American, respectfully requests that this Court:

(1) permit and direct Great American to liquidate the remaining Limit of Liability and pursuant to Rule 67 of the Federal Rules of Civil Procedure deposit it into the registry of the Court Clerk of this Court, in full satisfaction of all its obligations under the Policy;

(2) discharge Great American from any and all liability to each and every Interpleader-Defendant on account of advancements made to date and amounts to be deposited with the Court;

5

(3) grant an Order discharging Great American from any and all liability to Interpleader-Defendants and any and all future claims and/or obligations relating to the Policy, including any further advancement of Costs of Defense;

(4) enter judgment in favor of Great American and against Interpleader-Defendants, Martin L. Solomon, Edwin W. Elder, William J. Barrett, Wilmer J. Thomas, Jr., John A. Dore, Karla Violetto, Kingsway and ACHI on the Interpleader Complaint;

(5) order Interpleader-Defendants to settle their claims to the remaining amount of the Limit of Liability among themselves;

(6) enter, pursuant to this Court's inherent equitable powers, a preliminary injunction during the pendency of this Interpleader Action, and thereafter permanently and perpetually enjoin each and every Interpleader-Defendant from instituting or prosecuting any action or proceeding against Great American with respect to or arising from the Policy in any state or federal court or other forum;

(7) award Great American actual court costs and reasonable attorneys' fees in connection with this Interpleader Action, which are to be paid out of the monies deposited by Great American with the Clerk of this Court; and

(8) grant such other and further relief as this Court deems just and appropriate.

Dated:    September *14th* 2007
          New York, New York

Respectfully submitted,

By: _James A. Skarzynski_

James A. Skarzynski

BOUNDAS, SKARZYNSKI, WALSH
& BLACK, LLC
One Battery Park Plaza – 32nd Floor
New York, New York 10004
Telephone: (212) 820-7750

**Attorneys for Interpleader-Plaintiff
Great American Insurance Company**

James A. Skarzynski, Esq.
Rachel L. Simon, Esq.
Eleftherios Stefas, Esq.
   Of Counsel

N:\12394\Pleadings\Drafts of Interpleader\Amended Interpleader ComplaintV2.doc