UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
GREAT AMERICAN INSURANCE COMPANY,          CASE NO.
                                           07 CIV. 6498 (RMB)
            Plaintiff,

      -against-                            **ANSWER TO FIRST AMENDED
                                           INTERPLEADER COMPLAINT
MARTIN L. SOLOMON, EDWIN W. ELDER,         AND COUNTERCLAIM**
WILLIAM J. BARRETT, WILMER J. THOMAS,
JR., JOHN A. DORE, KARLA VIOLETTO,
KINGSWAY FINANCIAL SERVICES, INC.
and AMERICAN COUNTRY HOLDINGS INC.,

            Defendants.
----------------------------------------X

Defendants Kingsway Financial Services, Inc. ("Kingsway") and American Country Holdings Inc. ("American Country"), by their attorneys, Goodman & Jacobs LLP, as for their Answer to the First Amended Interpleader Complaint (the "Complaint"), allege as follows upon information and belief:

I.   AS TO NATURE OF THE ACTION

   1.   Deny the allegations in paragraph 1 of the Complaint.

   2.   Deny the allegations in paragraph 2 of the Complaint, except admit plaintiff Great American Insurance Company ("Great American") issued its ExecPro policy no. DOL5741496 to American Country, covering American Country and its Directors and Officers, for the period July 24, 2001 to July 24, 2002 (the "Policy"), and respectfully refer the Court to the Policy for its terms and conditions.

3. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint, except admit the "Insured Persons" were directors and/or officers of American Country, were named as defendants in the "Related Action" and are insureds under the Policy.

4. Admit the allegations in paragraph 4 of the Complaint.

5. Deny the allegations in paragraph 5 of the Complaint, and respectfully refer the Court to the Policy for its terms and conditions.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint.

II. AS TO THE PARTIES

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint, except admit upon information and belief that John A. Dore is an Insured Person under the Policy.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint, except admit upon information and belief that Edwin W. Elder is an Insured Person under the Policy.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint, except admit upon information and belief that Martin L. Solomon is an Insured Person under the Policy.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint, except admit upon information and belief that William J. Thomas, Jr. is an Insured Person under the Policy.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint, except admit upon information and belief that William J. Barrett is an Insured Person under the Policy.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint, except admit upon information and belief that Karla Violetto is an Insured Person under the Policy.

14. Admit the allegations in paragraph 14 of the Complaint.

15. Admit the allegations in paragraph 15 of the Compliant.

III. AS TO JURISDICTION AND VENUE

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the

Complaint, and respectfully refer all legal questions to the Court.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint, and respectfully refer all legal questions to the Court.

## IV. AS TO FACTUAL BACKGROUND

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint, and respectfully refer all legal questions to the Court.

19. Deny the allegations in paragraph 19 of the Complaint as they relate to Kingsway and American Country, except admit Kingsway and/or American Country have requested advancements of Costs of Defense in the "Related Action" from Great American in the past and anticipate continuing further requests in the future; and deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint to the extent they refer to other defendants.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint, except admit Great American has advanced certain Costs of Defense.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint, except admit, upon information and belief, that there have been settlement discussions in the Related Action.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in the first two sentences in paragraph 22 of the Complaint; admit Kingsway and/or American Country have requested advancements of Costs of Defense from Great American in response to the third sentence in paragraph 22 of the Complaint; and deny knowledge or information sufficient to form a belief as to the allegations in the third sentence to the extent they relate to other defendants.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Complaint; respectfully refer the Court to the Policy for its terms and conditions; and respectfully refer all legal questions to the Court.

24. Deny the allegations in paragraph 24 of the Complaint.

25. Deny the allegations in paragraph 25 of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

26. The Complaint should be dismissed, because it fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

27. The Complaint should be dismissed, because the claims in the Related action do not subject Great American to double or multiple liability.

## THIRD AFFIRMATIVE DEFENSE

28. The Complaint should be dismissed, because the interpleader action is premature.

## FOURTH AFFIRMATIVE DEFENSE

29. The Complaint should be dismissed, because Great American has unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

30. The Complaint should be dismissed, because Great American deliberately or recklessly placed its own interests ahead of Kingsway, American Country and its insureds in failing to negotiate a settlement in good faith.

## SIXTH AFFIRMATIVE DEFENSE

31. The Complaint should be dismissed, because Great American brought the interpleader action in blatant disregard of the rights of Kingsway, American Country and its insureds, in an effort to deprive them of the opportunity of asserting a bad faith claim against Great American for sums in excess of the Policy limit.

## SEVENTH AFFIRMATIVE DEFENSE

32. The Complaint should be dismissed, because Great American has failed to exercise good faith toward Kingsway, American Country and its insureds by placing its own interests ahead of theirs in gross disregard of their interests, in failing to settle the Related Action within the limits of the Policy when it had an opportunity to do so.

## COUNTERCLAIM

33. Kingsway and American Country repeat and reiterate each and every allegation in paragraphs 1 through 32 as if fully set forth herein.

34. Great American issued its ExecPro Directors', Officers', Insured Entity and Employment Practices Liability Insurance Policy no. DOL5741496 to American Country for the period July 24, 2001 to July 24, 2002, with an aggregate limit of liability for the policy period of $10,000,000 (the "Policy").

35. Defendants Martin L. Solomon, Edwin W. Elder, William J. Thomas, Jr., John A Dore and Karla Violetto (collectively the "Insured Persons") were directors and/or officers of American Country and are Insured Persons under the Policy.

36. In the Related Action, Kingsway asserted claims against the Insured Persons for negligence, common law fraud

7

and securities fraud in connection with Kingsway tender offer for the acquisition of American Country Holdings, Inc., a publicly held company, which commenced on or before February 27, 2002 and closed on or about April 1, 2002 (the "Related Action").

37. Pursuant to Run-Off Coverage Endorsement 7 to the Policy, Section (5) Insuring Agreement I.A. and I.B.:

> A. Insured Persons all Loss which the Insured Persons shall be legally obligated to pay as a result of a Claim (including an Employment Practices Claim or Securities Claim) first made against the Insured Persons during the Policy Period for a Wrongful Act, except for any Loss which the Company or Kingsway Financial Services, Inc. actually pays as indemnification.
>
> B. The Insurer shall pay on behalf of the Company or Kingsway Financial Services, Inc. all Loss which the Insured Persons shall be legally obligated to pay as a result of a Claim (including and Employment Practices Claim or a Securities Claim) first made against the Insured Persons during the Policy Period for a Wrongful Act, but only to the extent the Company or Kingsway Financial Services, Inc. is required or permitted by law to indemnify the Insured Persons.

38. Pursuant to the Policy, Great American was also obligated, inter alia, to "advance Costs of Defense prior to the final disposition of any Claim, provided such Claim is covered by the Policy." Costs of Defense are included in the definition of "Loss" in the Policy.

39. Great American was obligated to indemnify Kingsway, American Country and/or the Insured Persons for liability arising out of the claims asserted against them in the Related Action, up to the limit of the Policy.

40. Beginning in 2004, Great American unreasonably refused to settle or otherwise resolve the claims asserted against the Insured Persons in the Related Action within the limits of the Great American policy, despite the opportunity and demand to do so.

41. In a letter dated August 23, 2004 from Kingsway's attorneys to the Insured Persons' attorneys, during the pre-discovery stage in the Related Action, Kingsway offered to settle all its claims against the Insured Persons in the Related Action for $8,500,000, which was well within the limits of the Great American policy. In the letter, Kingsway provided a detailed breakdown of its initial assessment of damages in the case, which totaled $106,636,000.

42. Although Kingsway's demand was for less than 10% of its assessed damages, upon information and belief, Great American instructed the Insured Persons to reject the demand and made a counter-offer of $500,000, an amount that was less than one half of one percent of Kingsway's assessed damages.

43. On September 6, 2005, coverage counsel for Kingsway and American Country wrote to Great American's

attorneys, demanding that Great American respond to the $8.5 million demand, instead of continuing to waste the Great American policy limit through expenditure of mounting Costs of Defense. Kingsway and American Country requested that Great American engage in direct settlement negotiations rather than expending huge additional Costs of Defense in a formal mediation with seven attorneys (the "September 2005 Demand Letter").

44. In the September 2005 Demand Letter, Kingsway and American Country demanded that Great American negotiate in good faith; and that it cease placing its own interests ahead of those of its insureds. Kingsway and American Country reserved their right to commence a bad faith action against Great American for any damages in excess of the policy limit.

45. On or about October 11, 2005, Great American offered to settle the claims against the "Outside Director Defendants" in the Related Action for $1.3 million, which Great American equated with the Costs of Defense of the action.

46. Great American admits that it has reimbursed Kingsway and American Country more than $5 million in defense costs as of July 2007.

47. Kingsway and American Country rejected the offer, which failed to take into consideration Kingsway's

10

$106,636,000 assessment of damages. In a letter dated November 11, 2005, Kingsway and American Country reduced the demand to settle the claims against all the Insured Persons to $8,000,000.

48. In late February 2006, Great American offered to settle the Related Action for $1,750,000 and ceased all negotiations.

49. In a letter dated March 3, 2006, the attorneys for Kingsway and American Country rejected the offer as exceedingly inadequate, given the quantum of damages in the case, and stated that Great American -- which had terminated settlement discussions -- had failed to negotiate in good faith.

50. Due to Great American's intransigent refusal to negotiate a settlement in good faith, it allowed the limit of the Policy to erode while six law firms were involved in extensive motion practice and discovery to the point where it now alleges that less than $4.3 million of the $10 million policy limit remains and that the sum is not sufficient to settle all the claims against the Insured Defendants.

51. As a result of Great American's failure to negotiate a settlement in good faith when it had an opportunity to do so within its policy limits, including all Costs of Defense, the Outside Directors commenced a lawsuit

11

against American Country on July 5, 2007 in the Delaware Court of Chancery, New Castle County captioned *Barrett, et al. v. American Country Holdings, Inc.* (C.A. No. 3071-VCS), alleging claims for advancement and indemnification of legal expenses stemming from the Related Action (the "Delaware Action").

52.  Having lost at least two actual opportunities to settle the Related Action for sums substantially below the policy limit of the Great American policy, Great American now claims to be a "mere disinterested stakeholder," willing to pay the "remaining proceeds of the Policy" to be discharged from all its obligations under the Policy.

53.  Kingsway and American Country are negotiating a settlement agreement with Martin L. Solomon, Edwin W. Elder III, William J. Barrett and Wilmer J. Thomas, Jr. (the "Outside Directors") in the Related Action (the "Settlement Agreement"), under which the Outside Directors would, <u>inter alia</u>, assign all their rights arising out of the Related Action, including without limitation, any claims for breach of implied covenant of good faith and fair dealing, unfair insurance acts or practices, unfair and deceptive acts or trade practices, bad faith, consequential and punitive damages, extra-contractual damages or breach of fiduciary duty arising out of or relating to the Policy.

54. Upon the execution of the assignment of the Outside Directors' rights against Great American under the Policy, Kingsway and American Country will have the right to assert this Counterclaim on behalf of the Outside Directors, as well as themselves.

55. As a result of Great American's aforesaid refusal to negotiate in good faith, Kingsway, American Country and the Outside Directors lost an actual opportunity to settle the claims against them at a time when all serious doubts about their liability were removed.

56. Great American demonstrated a gross disregard for the interests of Kingsway, American Country and the Outside Directors and a deliberate or reckless failure to place their interests on an equal footing with its own interests when considering the foregoing settlement demands.

57. Great American's pattern of behavior evinced a conscious or knowing indifference to the interests of Kingsway, American Country and the Outside Directors.

58. As a result of Great American's breach of its duty of good faith and fair dealing, Great American is obligated to pay to Kingsway and American Country the full amount of the Settlement in the Related Action, including any extra-contractual sums in excess of the remaining uneroded limit of the Policy.

59. As a result of Great American's breach of its duty of good faith and fair dealing, it is obligated to pay to Kingsway and American Country all legal fees and costs incurred by any Insured Persons in the Related Action that American Country is now or may in the future be obligated to pay in the Delaware Action or otherwise, including any extra-contractual sums in excess of the remaining uneroded limit of the Policy.

60. As a result of Great American's breach of its duty of good faith and fair dealing, Kingsway and American Country are entitled to an award of compensatory and punitive damages.

WHEREFORE, Defendants Kingsway Financial Services, Inc. and American Country Holdings Inc. demand judgment:

   i)   dismissing the Complaint;

   ii)  declaring that Great American is obligated to pay to Kingsway and American Country the full amount of the Settlement in the Related Action, including any extra-contractual sums in excess of the remaining uneroded limit of the Policy;

   iii) further declaring that Great American is obligated to pay to Kingsway and American Country all legal fees and costs incurred by any Insured Persons in the Related Action that American Country is now or may in the future be obligated

to pay in the Delaware action or otherwise, including any extra-contractual sums in excess of the remaining uneroded limit of the Policy;

    iv) granting Kingsway and American Country compensatory and punitive damages on their Counterclaim;

    v) for attorneys' fees, costs and disbursements; and

    vi) for such other further and different relief the Court deems just and proper.

Dated: New York, New York
       November 15, 2007

GOODMAN & JACOBS LLP
Attorneys for Defendants
Kingsway Financial Services, Inc. and American Country Holdings Inc.

_____
Sue C. Jacobs (SCJ - 0929)
Lester Chanin (LC - 3954)
75 Broad Street, 30th Floor
New York, New York 10004
(212) 385-1191

TO: James A. Skarzynski, Esq.
    Boundas, Skarzynski, Walsh & Black, LLC
    Attorneys for Plaintiff
    One Battery Plaza - 32nd Floor
    New York, New York 1004
    (212) 820-7750

Lewis J. Liman, Esq.
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, New York 10006-1470

Scott O. Reed, Esq.
Reardon, Golinkin & Reed
111 W. Washington Street, Suite 707
Chicago, IL 60602-3439

John Siffert, Esq.
Lankler Siffert & Wohl
500 5th Avenue, 33rd Floor
New York, New York 10110


H:\LC\KINGSWAY INTERPLEADER (ANSWER).doc

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the foregoing defendants Kingsway Financial Services, Inc. and American Country Holdings, Inc.'s Answer to First Amended Interpleader Complaint and Counterclaim was served by served by facsimile and U.P.S. Overnight Mail this 15th day of November 2007 on all counsel of record, as set forth in the service list below:

>   James A. Skarzynski, Esq.
>   Boundas, Skarzynski, Walsh & Black, LLC
>   Attorneys for Plaintiff
>   One Battery Plaza – 32nd Floor
>   New York, New York 10004
>
>   Lewis J. Liman, Esq.
>   Cleary Gottlieb Steen & Hamilton LLP
>   One Liberty Plaza
>   New York, New York 10006-1470
>
>   Scott O. Reed, Esq.
>   Reardon, Golinkin & Reed
>   111 W. Washington Street, Suite 707
>   Chicago, Illinois 60602-3439
>
>   John Siffert, Esq.
>   Lankler Siffert & Wohl
>   500 5th Avenue, 33rd Floor
>   New York, New York 10110

Dated:   New York, New York
         November 15, 2007

_____
Christine A. Irwin