

**GREATAMERICAN.**
INSURANCE COMPANIES
580 Walnut Street, Cincinnati, Ohio 45202

*ExecPro*℠
Directors', Officers', Insured Entity
And Employment Practices Liability
Insurance Policy

## EMPLOYMENT PRACTICES COVERAGE FOR THE INSURED ENTITY
(With Prior/Pending Litigation Exclusion, Sublimit & Contract Employee Defined)

provided, however, there shall be no coverage for Loss, including Costs of Defense, related to any Claim for any Wrongful Act of any Insured in connection with any pension or welfare plans of the Insured Entity, unless it is determined that coverage is provided for such Loss pursuant to Fiduciary Liability Coverage specifically endorsed to this Policy.

3. Section III.R.(2) of the Policy is deleted and replaced with the following:

   (2) any actual or alleged act, omission, error, misstatement, misleading statement, neglect or breach of duty, or Employment Practices Wrongful Act by the Insured Entity, but only with respect to Insuring Agreement I.C.;

4. Section III. F. of the Policy is deleted and replaced with the following:

   F. "Employment Practices Claim" shall mean any Claim brought by or on behalf of any past, present or future employee of the Company or Outside Entity, any Contract Employee or any applicant for employment with the Company or Outside Entity alleging an Employment Practices Wrongful Act.

5. Section III is amended by the addition of the following:

   S. "Contract Employee" shall mean any individual who is leased or is contracted to the Company, or is an independent contractor for the Company, but only if such individual performs work or services for or on behalf of the Company.

6. As respects only Insuring Agreement I.C. above, it is understood and agreed that the Insurer shall not be liable to make any payment for Loss in connection with any Employment Practices Claim based upon, arising out of, relating to, directly or indirectly resulting from or in consequence of, or in any way involving any prior and/or pending civil, criminal, administrative or investigative proceeding as of ___7/24/01___ involving the Insured Entity, or any fact, circumstance or situation underlying or alleged in such proceeding.

It is further understood and agreed that, as respects any Claim made against any Insured based upon, arising out of, relating to, directly or indirectly resulting from or in consequence of, or in any way involving an Employment Practices Wrongful Act, Item 3 of the Declarations is hereby amended to read as follows:

Item 3. Limit of Liability (Inclusive of Costs of Defense):

   $ __1,000,000__ Aggregate Limit of Liability for the Policy Period.

AC-02271

This amended Limit of Liability is part of and not in addition to the Limit of Liability provided for in Item 3 of the Declarations.

Other than as stated above, nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, provisions, agreements or limitations of the Policy to which this endorsement is attached.

D 2843 (01/99)



**GREATAMERICAN.**
INSURANCE COMPANIES
580 Walnut Street, Cincinnati, Ohio 45202

*ExecPro*™
Proposal Form
for
Directors', Officers', Insured Entity and
Employment Practices Liability Insurance Policy

## PUBLICLY TRADED CORPORATION RENEWAL PROPOSAL FORM

Name of Company: __American Country Holdings, Inc.__

Street Address: __222 N. LaSalle Street, Suite 1600__

City, State, Zip: __Chicago, IL 60601-1105__

Internet Website address: __www.amctry.com__

The Officer designated as agent of the Company and of all Insured Persons to receive any and all notices from the Insurer or their authorized representatives concerning this insurance:

Name __John A. Dore__    Title __Chairman, President & CEO__

### Part I – BACKGROUND INFORMATION

1. (a) The Company has continuously operated since: __July 28, 1997__

    (b) Primary SIC Code(s): __524__

2. Stock ownership:

    (a) Ticker symbol and exchange: __ACHI - NASDAQ__

    (b) Number of common shares outstanding: __9,016,360__

    (c) Number of common shareholders: __600 (estimated)__

    (d) Number of common shares owned by the Directors and Officers: __5,561,998__
    (As per the April 30, 2001 Proxy Statement)

    (e) Does any shareholder own, directly or beneficially, 10% or more of any class of the Company's stock? ☒ Yes ☐ No
    If "Yes", in an attachment to this Proposal Form, provide name(s), percentage of holdings and, if applicable, indicate the shareholder's representative on the board of directors.

3. Does the Company have a policy governing trading in Company securities or trading based upon non-public information by Directors, Officers and employees? If "Yes", respond to (a) and (b) below.     ☒ Yes ☐ No
    (a) Are Directors and Officers required to sign an agreement attesting to their compliance with this policy?   ☒ Yes ☐ No
    (b) Does the Company have procedures in place to monitor compliance with this policy?   ☒ Yes ☐ No
    If "No" to any of the above items, provide details in an attachment to this Proposal Form.

4. Have there been any changes in senior management (Board Chairman, President, Executive Vice President, etc.) in the last three years for reasons other than death or retirement at the normal retirement age?
    If "Yes", provide details in an attachment to this Proposal Form.     ☒ Yes ☐ No

5. By attachment to this Proposal Form, provide the name, percentage of direct or indirect ownership, and nature of operations of all Subsidiaries (including Subsidiaries of Subsidiaries). If "None", please indicate:     ☐ None

IT IS UNDERSTOOD AND AGREED THAT COVERAGE IS NOT PROVIDED FOR SUBSIDIARIES UNLESS LISTED IN THE ATTACHMENT REQUESTED ABOVE.

D2201

1

AC-02272

6. During the last three years, has the Company or its Subsidiaries been involved, or is the Company or its Subsidiaries presently involved or contemplating becoming involved, during the next 12 months, in any of the following:
   (a) consolidation or merger with any other entity?  ☐ Yes ☒ No
   (b) acquisition of the assets of an entity which did or will increase the assets of the Company by 25% or more?  ☐ Yes ☒ No
   (c) sale, distribution or divestiture of any subsidiary which accounted for 10% or more of annual revenue?  ☐ Yes ☒ No
   (d) bankruptcy proceeding, reorganization or other arrangement with creditors under federal, or state law?  ☐ Yes ☒ No
   If "Yes" to any of the above, provide details of each transaction in an attachment to this Proposal Form.

7. During the last three years, has any regulatory agency denied or indicated that they would deny any contemplated merger, acquisition or divestment involving the Company or its Subsidiaries?
   If "Yes", provide details in an attachment to this Proposal Form.  ☐ Yes ☒ No

8. During the last 18 months, has the Company or its Subsidiaries completed or is the Company or its Subsidiaries considering completing within the next 12 months a filing for a public offering of securities either pursuant to the Securities Act of 1933 or exempt from registration under SEC Regulations?
   If "Yes", provide a copy of the prospectus or provide details of the Company's plans.  ☐ Yes ☒ No

Part II – REGULATORY INFORMATION (Required for Insurance Companies and Financial Institutions only. If not applicable, skip to Part III)

9. During the last two years, have any Directors or Officers been alerted to any of the following conditions:
   (a) Problems involving extensions of credit to Directors, Officers, or corporations controlled thereby?  ☐ Yes ☒ No
   (b) Significant violations of laws or regulations?  ☐ Yes ☒ No
   (c) Conflict of interest transactions?  ☐ Yes ☒ No
   If "Yes" to any of the above, provide details and current status in an attachment to this Proposal Form.

10. Have all criticisms noted in the last regulatory examination been reviewed and appropriate corrective steps taken by the Board of Directors?
    If "No", provide details in an attachment to this Proposal Form.  ☒ Yes ☐ No

11. During the past five years, has the Company or any Subsidiary received an Order to Cease and Desist from any regulatory agency, or otherwise entered into any other type of written agreement with any regulatory agency concerning the operation of the Company or any Subsidiary?
    If "Yes", provide details in an attachment to this Proposal Form.  ☐ Yes ☒ No

Part III – PRIOR ACTIVITIES

12. Have there been during the last five years, or are there now pending, any civil, criminal, administrative or arbitration proceedings (including any proceeding initiated before the Equal Employment Opportunity Commission) brought against:
    (a) the Company or its Subsidiaries?  ☒ Yes ☐ No
    (b) any person proposed for this insurance in their capacity as either Director, Officer, or employee of the Company or its Subsidiaries?  ☐ Yes ☒ No
    If "Yes" to either of the above, provide details in an attachment to this Proposal Form.

Part IV – INSURANCE INFORMATION

13. Provide the following insurance information:

    Professional Liability    Limit  5 Million    Retention  100,000    Policy Period  5/28/00 - 02

D2201

2

AC-02273

The undersigned Officer of the Company declares that to the best of his or her knowledge the statements set forth herein are true and correct and that reasonable efforts have been made to obtain sufficient information from each and every Director and Officer proposed for this insurance to facilitate the proper and accurate completion of this Proposal Form. The undersigned further agrees that if any significant adverse change in the condition of the applicant is discovered between the date of this Proposal Form and the effective date of the Policy, which would render this Proposal Form inaccurate or incomplete, notice of such change will be reported in writing to the Insurer immediately. The signing of this Proposal Form does not bind the undersigned to purchase the insurance.

It is agreed by the Company and the Insured Persons that the particulars and statements contained in this Proposal Form and any information provided herewith (which shall be on file with the Insurer and be deemed attached hereto as if physically attached hereto) are the basis of this Policy and are to be considered as incorporated in and constituting a part of this Policy. It is further understood and agreed by the Company and the Directors and Officers that the statements in this Proposal Form or any information provided herewith are their representations, that they are material and that this Policy is issued in reliance upon the truth of such representations; provided, however, that except for material facts or circumstances known to the person who subscribed this Proposal Form, any misstatement or omission in this Proposal Form or information provided herewith in respect of a specific Wrongful Act by a particular Director or Officer or his or her cognizance of any matter which he or she has reason to believe might afford grounds for a future Claim against him or her shall not be imputed to any other Director or Officer for purposes of determining the validity of this Policy as to such other Director or Officer.

This Proposal Form must be signed by the Chairman of the Board, President, Chief Executive Officer, Chief Operating Officer, or Chief Financial Officer of the Company.

_____  Chairman, President & CEO  7/23/01
Signature                 Title                      Date

One copy of each of the following documents is attached to and made part of the Proposal Form:
(a) Annual Report (Complete Audited Financial Statement), for the most recent three (3) years.
(b) Latest Interim Financial Statement
(c) The most recent 10K, 10Q, and any other document filed with the Securities and Exchange Commission.
(d) The Notice to Stockholders and Proxy Statement for the last scheduled meeting.
(e) If applicable, the most recent year end and quarterly Convention Statements.
(f) If applicable, the most recent year end and quarterly Call Reports.

NOTE: This Proposal including any material submitted herewith shall be treated in strictest confidence.

Please submit this Proposal Form including appropriate documentation to:
Great American Insurance Companies, Executive Liability Division
P.O. Box 66943
Chicago, IL 60666

D2201

3

AC-02274



**AMERICAN COUNTRY HOLDINGS INC.**

## Addendum to Application
## For Directors, Officers, Insured Entity
## And Employment Practices Liability Policy
## 7/25/01 to 7/25/02

**Question 2e.**

As per the April 30, 2001 Proxy Statement, the following own 10% or more of the outstanding securities, including stock options:

|  | Shares | % Ownership |
|---|---|---|
| Martin L. Solomon, Director | 2,142,856 | 23.77% |
| Wilmer J. Thomas Jr., Director | 1,069,086 | 22.95% |
| John A. Dore, Chairman, President And CEO | 885,723 | 9.82% |

Note: Frontier Insurance Group, Inc. sold its shares in July, 2001.

**Question 4.**

John A. Dore became Chairman, President and Chief Executive Officer on February 15, 2001. Martin L. Solomon resigned as Chairman and Chief Executive Officer and W. Elder resigned as President. Both Individuals remain as members of the Board of Directors.

**Question 5.**

List of subsidiaries (all are 100% owned):

| Company | Nature of Operation |
|---|---|
| American Country Insurance Company | Insurance company |
| American Country Financial Services Corp. | Premium finance |
| American Country Professional Services Corp. | Third party claims administrator |
| American Country Underwriting Agency Inc. | Third party underwriting manager |

**Question 12.**

11/00 EEOC mediated a settlement for $984.00

AC-02275

Executive Risk Indemnity Inc.
Home Office
Wilmington, Delaware 19805-1297

*Administrative Offices/Mailing Address:*
82 Hopmeadow Street
Simsbury, Connecticut 06070-7683



## APPLICATION FOR EMPLOYMENT PRACTICES LIABILITY INSURANCE

NOTICE: THE POLICY FOR WHICH APPLICATION IS MADE APPLIES, SUBJECT TO ITS TERMS, ONLY TO "CLAIMS" FIRST MADE DURING THE "POLICY PERIOD," OR, IF PURCHASED, ANY EXTENDED REPORTING PERIOD. THE LIMIT OF LIABILITY AVAILABLE TO PAY DAMAGES OR SETTLEMENTS WILL BE REDUCED BY "DEFENSE EXPENSES," AND "DEFENSE EXPENSES" WILL BE APPLIED AGAINST THE RETENTION. READ THE ENTIRE APPLICATION CAREFULLY BEFORE SIGNING.

1. GENERAL INFORMATION

   A. Applicant's name: __American Country Holdings Inc. & Subsidiaries__
      Address: __222 N. LaSalle Street, Suite 1600__
      City: __Chicago__   State: __IL__   ZIP: __60601-1105__

   B. Date of organization: __1997__

   C. Type of organization (public corporation, private corporation, partnership, joint venture, sole proprietorship, etc.):
      __Public Corporation__

   D. Please describe nature of business including principle products/services (please include subsidiaries):
      __Property and Casualty holding company; principal subsidiary is an insurance company.__

   E. Please list all locations by city and state (please include approximate number of employees at each location). Please use a separate addendum if necessary.

   | Locations | Approximate Number of Employees |
   |---|---|
   | Chicago, IL | 150 |
   | New York, NY | 6 |
   | Hartford, CT | 1 |
   | Philadelphia, PA | 2 |
   | ~~Minneapolis, MN~~ | ~~1~~ |

   F. Please list all subsidiaries by city and state (please include approximate number of employees at each). Please use a separate addendum if necessary.

   | Subsidiaries | Approximate Number of Employees |
   |---|---|
   | American Country Insurance Company | 161 |
   | American Country Professional Services Corp. | 0 |
   | American Country Financial Services Corp. | 0 |
   | American Country Underwriting Agency Inc. | 0 |
   | Jesmer & Harris (in-house law firm) | 0 |

Form C27522 (10/1998 ed.)                    1                    Catalog No. EPLCO983-H
                                                                   Form 14-03-0555

AC-02276

G. Please list prior employment practices liability insurance for the past three (3) years (either stand-alone policies or supplemental coverage provided under some other type of insurance). Please use a separate addendum if necessary.

| Period  | Insurer | Limit      | Retention | Coinsurance | Premium |
|---------|---------|------------|-----------|-------------|---------|
| 7/25/01 | AIG     | 10,000,000 | 25,000    |             |         |
|         |         |            |           |             |         |
|         |         |            |           |             |         |

H. MISSOURI APPLICANTS/AGENTS - DO NOT ANSWER THIS QUESTION.
Has a previous insurer ever canceled or non-renewed the Applicant for employment practices liability insurance (either on a stand-alone basis or as supplemental coverage provided under some other type of insurance)?  ☐ Yes  ☒ No

If "Yes," please provide details of the circumstances of cancelation or non-renewal: _____
_____
_____
_____

I. Desired coverage: Limit of Liability: $1 - 5,000,000    Retention: $25,000

2. EMPLOYEES

A. Current number of:

|                                                        | United States | Foreign |
|--------------------------------------------------------|---------------|---------|
| Full-time employees:                                   | 160           | 0       |
| Part-time employees (including seasonal and temporary):| 4             | 0       |
| Independent contractors/Leased employees:              | 0             | 0       |

B. Percentage of employees that are:
Union _____%
Non-union  100 %

C. What was the annual employee turnover rate for the last four (4) years:
19 97 : 23 %    19 98 : 10.9%    19 99 : 10.7%    2000 : 9.4 %

D. How many involuntary terminations have occurred in the past two (2) years?  19 99 : 7
2000 : 5

E. Percentage (%) of employees with salaries (including bonuses):

Less than $50,000:        64 %
$50,000 - $100,000:       30 %
$100,000 - $250,000:      5.5 %
Greater than $250,000:    .5 %

3. LOSS HISTORY

A. Please provide a listing of all employment practices claims over the past three (3) years involving employees, independent contractors, customers/clients, or other third parties. If none, so state. Please use a separate addendum if necessary.

| Year | Type | Allegations | Status | Loss/Settlement | Defense |
|---|---|---|---|---|---|
| 2000 | | Preg. Discrimination | Settled | $975.00 | |
| | | | | | |
| | | | | | |

B. Please provide a listing of any facts or circumstances which may result in any employment practices claims being made against the Applicant including those involving employees, independent contractors, customers/clients, or other third parties. If none, so state. Please use a separate addendum if necessary.

None Known

C. Has the Applicant ever been involved in any grievance or administrative hearing before the following agencies or under any of the following Acts:
  i.   National Labor Relations Board                    ☐ Yes  ☒ No
  ii.  Equal Employment Opportunity Commission           ☒ Yes  ☐ No
  iii. Civil Rights Act of 1991                          ☐ Yes  ☒ No
  iv.  Age Discrimination in Employment Act              ☐ Yes  ☒ No
  v.   Americans With Disabilities Act                   ☐ Yes  ☒ No
  vi.  Any other Governmental Agency or Act              ☐ Yes  ☒ No

If "Yes," please provide details. Please use a separate addendum if necessary. Pregnancy Discrimination complaint with EEOC resolved promptly through EEOC Voluntary Mediation Program

D. Does the Applicant utilize any form of alternative dispute resolution? If "Yes," please describe on a separate addendum.        ☐ Yes  ☒ No

4. HUMAN RESOURCES

A. Does the Applicant have a human resources department? If "Yes," please provide the total number of employees in this department: __2__        ☒ Yes  ☐ No
If "No," who is responsible for this function? _____

B. How are human resources matters handled in branch offices? Please use a separate addendum if necessary.
All Human Resource matters are handled throgh home office

5. CORPORATE HISTORY

If the Applicant answers "Yes" to any of the following questions, please provide further details on a separate addendum.

A. Has the Applicant acquired any companies or partnerships in the last ten (10) years?  ☐ Yes  ☒ No

B. If "Yes" to question 5. A., did the acquisition include the assumption of liabilities?  ☐ Yes  ☐ No

C. With respect to any acquisitions, were any employees, partners, or officers terminated or does the Applicant plan in the next eighteen (18) months to terminate any employees, partners, or officers?  ☐ Yes  ☒ No

D. Has the Applicant sold any companies in the last ten (10) years?  ☐ Yes  ☒ No

E. If "Yes" to question 5. D., did that sale include liabilities?  ☐ Yes  ☒ No

6. PLEASE PROVIDE COPIES OF THE FOLLOWING:

A. Latest annual report (if none, most recent audited financials)
B. Employee handbook
C. Employment application
D. Most recent EEO-1 Statements

NOTICE TO APPLICANT — PLEASE READ CAREFULLY.

FOR THE PURPOSES OF THIS APPLICATION, THE UNDERSIGNED AUTHORIZED AGENT OF THE PERSON(S) AND ENTITY(IES) PROPOSED FOR THIS INSURANCE DECLARES THAT TO THE BEST OF HIS/HER KNOWLEDGE AND BELIEF, AFTER REASONABLE INQUIRY, THE STATEMENTS HEREIN ARE TRUE AND COMPLETE. THE UNDERWRITER IS AUTHORIZED TO MAKE INQUIRY IN CONNECTION WITH THIS APPLICATION. SIGNING THIS APPLICATION DOES NOT BIND THE UNDERWRITER TO COMPLETE, OR THE APPLICANT TO PURCHASE, THE INSURANCE.

THE INFORMATION CONTAINED IN AND SUBMITTED WITH THIS APPLICATION IS ON FILE WITH THE UNDERWRITER AND ALONG WITH THE APPLICATION IS CONSIDERED PHYSICALLY ATTACHED TO THE POLICY AND WILL BECOME A PART OF IT. THE UNDERWRITER WILL HAVE RELIED UPON THIS APPLICATION AND ATTACHMENTS IN ISSUING ANY POLICY. THE APPLICATION WILL BECOME A PART OF SUCH POLICY IF ISSUED.

IF THE INFORMATION IN THIS APPLICATION CHANGES BETWEEN THE DATE OF THIS APPLICATION AND THE POLICY EFFECTIVE DATE, THE APPLICANT WILL NOTIFY THE UNDERWRITER, WHO MAY MODIFY OR WITHDRAW ANY OUTSTANDING QUOTATION.

THE UNDERSIGNED DECLARES THAT THE PERSON(S) AND ENTITY(IES) PROPOSED FOR THIS INSURANCE UNDERSTAND THAT

(I) THE POLICY SHALL APPLY ONLY TO "CLAIMS" MADE (OR DEEMED MADE) TO THE UNDERWRITER DURING THE "POLICY PERIOD" OR TO "CLAIMS" MADE TO THE UNDERWRITER DURING ANY APPLICABLE "EXTENDED REPORTING PERIOD";

(II) THE LIMIT OF LIABILITY CONTAINED IN THE POLICY SHALL BE REDUCED, AND MAY BE COMPLETELY EXHAUSTED, BY THE "DEFENSE EXPENSES" AND, IN SUCH EVENT, THE UNDERWRITER SHALL NOT BE LIABLE FOR "DEFENSE EXPENSES" OR FOR THE AMOUNT OF ANY JUDGMENT OR SETTLEMENT TO THE EXTENT THAT SUCH COST OR LIMIT EXCEEDS THE LIMIT OF LIABILITY IN THE POLICY; AND

(III) "DEFENSE EXPENSES" THAT ARE INCURRED SHALL BE APPLIED AGAINST THE RETENTION AMOUNT.

NOTICE TO ARKANSAS, MINNESOTA, AND OHIO APPLICANTS: ANY PERSON WHO, WITH INTENT TO DEFRAUD OR KNOWING THAT HE/SHE IS FACILITATING A FRAUD AGAINST AN INSURER, SUBMITS AN APPLICATION OR FILES A CLAIM CONTAINING A FALSE OR DECEPTIVE STATEMENT IS GUILTY OF INSURANCE FRAUD, WHICH IS A CRIME.

NOTICE TO COLORADO APPLICANTS: IT IS UNLAWFUL TO KNOWINGLY PROVIDE FALSE, INCOMPLETE, OR MISLEADING FACTS OR INFORMATION TO AN INSURANCE COMPANY FOR THE PURPOSE OF DEFRAUDING OR ATTEMPTING TO DEFRAUD THE COMPANY. PENALTIES MAY INCLUDE IMPRISONMENT, FINES, DENIAL OF INSURANCE, AND CIVIL DAMAGES. ANY INSURANCE COMPANY OR AGENT OF AN INSURANCE COMPANY WHO KNOWINGLY PROVIDES FALSE, INCOMPLETE, OR MISLEADING FACTS OR INFORMATION TO A POLICY HOLDER OR CLAIMANT FOR THE PURPOSE OF DEFRAUDING OR ATTEMPTING TO DEFRAUD THE POLICY HOLDER OR CLAIMANT WITH REGARD TO A SETTLEMENT OR AWARD PAYABLE FROM INSURANCE PROCEEDS SHALL BE REPORTED TO THE COLORADO DIVISION OF INSURANCE WITHIN THE DEPARTMENT OF REGULATORY AGENCIES.

C. Does the Applicant have written procedures in place with regard to the following:
   i. Termination ☒ Yes ☐ No
   ii. Hiring ☒ Yes ☐ No
   iii. Discipline ☒ Yes ☐ No
   iv. Handling complaints of sexual harassment or discrimination ☒ Yes ☐ No

D. Is there an employee handbook? ☒ Yes ☐ No
   If "Yes": i. is it distributed to all new employees? ☒ Yes ☐ No
   ii. does it contain a comprehensive "employment at will" statement? ☒ Yes ☐ No

E. Has the Applicant implemented anti-sexual harassment policies and procedures? ☒ Yes ☐ No
   If "Yes," please provide a copy. (Attached)

F. Does the Applicant use any tests to screen applicants either for hire or promotion? ☒ Yes ☐ No
   If "Yes," please provide details. Please use a separate addendum if necessary.

   <u>Depending on circumstances: typing tests & PC tests</u>

G. Are all prospective employees required to complete an employment application prior to hire? ☒ Yes ☐ No

H. Is there a formal orientation program for new employees? ☒ Yes ☐ No

I. Does the Applicant anticipate any branch, location, facility, office, or subsidiary closings, consolidations, or layoffs within the next twenty-four (24) months? ☐ Yes ☒ No
   If "Yes," please provide details including the year, anticipated number of layoffs, and the circumstances surrounding those layoffs. Please use a separate addendum if necessary.

J. Does the Applicant have a formal out-placement program which assists former employees in obtaining alternative employment? ☐ Yes ☒ No

K. Does the Applicant require terminations to be reviewed by outside counsel in addition to its human resources department? Very seldon ☒ Yes ☐ No

L. Is there a policy concerning assistance provided to employees with AIDS or any other life-threatening or communicable diseases? ☐ Yes ☒ No

M. Does the Applicant have policies or procedures outlining employee conduct when dealing with the general public or persons outside of the Applicant's direction or control? ☐ Yes ☒ No
   If "Yes," please provide a copy.

N. Does the Applicant have policies or procedures for dealing with complaints from third parties for issues involving harassment or discrimination? ☐ Yes ☒ No
   If "Yes," please provide a copy.

NOTICE TO FLORIDA APPLICANTS: ANY PERSON WHO, KNOWINGLY AND WITH INTENT TO INJURE, DEFRAUD, OR DECEIVE ANY EMPLOYER OR EMPLOYEE, INSURANCE COMPANY, OR SELF-INSURED PROGRAM, FILES A STATEMENT OF CLAIM OR AN APPLICATION CONTAINING ANY FALSE OR MISLEADING INFORMATION IS GUILTY OF A FELONY OF THE THIRD DEGREE.

NOTICE TO KENTUCKY APPLICANTS: ANY PERSON WHO KNOWINGLY AND WITH INTENT TO DEFRAUD ANY INSURANCE COMPANY OR OTHER PERSON FILES AN APPLICATION FOR INSURANCE CONTAINING ANY FALSE INFORMATION, OR CONCEALS FOR THE PURPOSE OF MISLEADING, INFORMATION CONCERNING ANY FACT MATERIAL THERETO, COMMITS A FRAUDULENT INSURANCE ACT, WHICH IS A CRIME.

NOTICE TO MAINE AND VIRGINIA APPLICANTS: IT IS A CRIME TO KNOWINGLY PROVIDE FALSE, INCOMPLETE OR MISLEADING INFORMATION TO AN INSURANCE COMPANY FOR THE PURPOSE OF DEFRAUDING THE COMPANY. PENALTIES MAY INCLUDE IMPRISONMENT, FINES, OR A DENIAL OF INSURANCE BENEFITS.

NOTICE TO MARYLAND APPLICANTS: ANY PERSON WHO, WITH INTENT TO DEFRAUD OR KNOWING THAT HE/SHE IS FACILITATING A FRAUD AGAINST AN INSURER, SUBMITS AN APPLICATION OR FILES A CLAIM CONTAINING A FALSE OR DECEPTIVE STATEMENT MAY BE GUILTY OF INSURANCE FRAUD.

NOTICE TO NEW JERSEY APPLICANTS: ANY PERSON WHO INCLUDES ANY FALSE OR MISLEADING INFORMATION ON AN APPLICATION FOR AN INSURANCE POLICY IS SUBJECT TO CRIMINAL AND CIVIL PENALTIES.

NOTICE TO NEW MEXICO APPLICANTS: ANY PERSON WHO KNOWINGLY PRESENTS A FALSE OR FRAUDULENT CLAIM FOR PAYMENT OF A LOSS OR BENEFIT OR KNOWINGLY PRESENTS FALSE INFORMATION IN AN APPLICATION FOR INSURANCE IS GUILTY OF A CRIME AND MAY BE SUBJECT TO CIVIL FINES AND CRIMINAL PENALTIES.

NOTICE TO NEW YORK APPLICANTS: ANY PERSON WHO KNOWINGLY AND WITH INTENT TO DEFRAUD ANY INSURANCE COMPANY OR OTHER PERSON FILES AN APPLICATION FOR INSURANCE OR STATEMENT OF CLAIM CONTAINING ANY MATERIALLY FALSE INFORMATION, OR CONCEALS FOR THE PURPOSE OF MISLEADING, INFORMATION CONCERNING ANY FACT MATERIAL THERETO, COMMITS A FRAUDULENT INSURANCE ACT, WHICH IS A CRIME AND SHALL ALSO BE SUBJECT TO A CIVIL PENALTY NOT TO EXCEED FIVE THOUSAND DOLLARS AND THE STATED VALUE OF THE CLAIM FOR EACH SUCH VIOLATION.

NOTICE TO OKLAHOMA APPLICANTS: ANY PERSON WHO KNOWINGLY AND WITH INTENT TO INJURE, DEFRAUD OR DECEIVE ANY INSURER, MAKES ANY CLAIM FOR THE PROCEEDS OF AN INSURANCE POLICY CONTAINING ANY FALSE, INCOMPLETE OR MISLEADING INFORMATION IS GUILTY OF A FELONY.

NOTICE TO OREGON AND TEXAS APPLICANTS: ANY PERSON WHO MAKES AN INTENTIONAL MISSTATEMENT THAT IS MATERIAL TO THE RISK MAY BE FOUND GUILTY OF INSURANCE FRAUD BY A COURT OF LAW.

NOTICE TO PENNSYLVANIA APPLICANTS: ANY PERSON WHO KNOWINGLY AND WITH INTENT TO DEFRAUD ANY INSURANCE COMPANY OR OTHER PERSON FILES AN APPLICATION FOR INSURANCE OR STATEMENT OF CLAIM CONTAINING ANY MATERIALLY FALSE INFORMATION, OR CONCEALS FOR THE PURPOSE OF MISLEADING, INFORMATION CONCERNING ANY FACT MATERIAL THERETO, COMMITS A FRAUDULENT INSURANCE ACT, WHICH IS A CRIME AND SUBJECTS SUCH PERSON TO CRIMINAL AND CIVIL PENALTIES.

| APPLICANT | | |
|---|---|---|
| BY (President and/or Executive Director) John A. Dore | TITLE Chairman, President & CEO | DATE 6/11/01 |

NOTE: This Application is signed by the undersigned authorized agent of the Applicant on behalf of the Applicant and all of its partners, owners, shareholders, officers, and employees.

03-31-01  11:02AM  FROM-                                                T-032  P.08/08  F-515

## REQUIRED INFORMATION

| PRODUCED BY *(Insurance Agent)* Please print and sign name |  |  |
|---|---|---|
| _____ |  |  |
| _____ |  |  |
| INSURANCE AGENCY |  |  |
| INSURANCE AGENCY TAXPAYER ID OR SOCIAL SECURITY NO. | AGENT LICENSE NO. ||
| ADDRESS *(No., Street, City, State, and ZIP)* |  |  |
| EMAIL ADDRESS |  |  |

| SUBMITTED BY *(Insurance Agency)* | INSURANCE AGENCY TAXPAYER ID OR SOCIAL SECURITY NO. | AGENT LICENSE NO. |
|---|---|---|
| ADDRESS *(No., Street, City, State, and ZIP)* |  |  |

Form C2752Z (10/1998 ed.)                    7                    Catalog No. EPLCD98a-1
                                                                  Form 14-03-0305

AC-02282



**GREATAMERICAN.**
INSURANCE COMPANIES
580 Walnut Street, Cincinnati, Ohio 45202

*ExecPro*™
Directors', Officers', Insured Entity
And Employment Practices Liability
Insurance Policy

## AMENDMENT TO DECLARATIONS PAGE
### Policy Period

It is understood and agreed that Item 2 of the Declarations is hereby amended to read as follows:

Item 2. Policy Period:   From: __7/24/01__   To: __4/5/05__
                              *(Month, Day, Year)*         *(Month, Day, Year)*

(Both dates at 12:01 a.m. Standard Time at the Address of the Corporation as stated in Item 1)

Other than as stated above, nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, provisions, agreements or limitations of the Policy to which this endorsement is attached.

Insured: AMERICAN COUNTRY HOLDINGS, INC.

Policy Period: 07/24/01 to Policy expiration

Policy Number: DOL5741496       AC-02283

Countersigned by: _____
                *Authorized Representative*

Endorsement Effective Date: 04/05/02

D 2403   (01/99)

Endorsement: 5                                    Page 1 of 1



**GREAT AMERICAN.**
INSURANCE COMPANIES
580 Walnut Street, Cincinnati, Ohio 45202

*ExecPro*℠
Directors', Officers', Insured Entity
And Employment Practices Liability
Insurance Policy

## AMENDMENT TO DECLARATIONS PAGE
### Premium

It is understood and agreed that Item 5 of the Declarations is hereby amended to read as follows:

Item 5. Premium: (Prepaid)          $ _____203,883_____

Other than as stated above, nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, provisions, agreements or limitations of the Policy to which this endorsement is attached.

Insured: AMERICAN COUNTRY HOLDINGS, INC.

Policy Period: 07/24/01 to Policy expiration

Policy Number: DOL5741496          AC-02284

Countersigned by: _____
                         *Authorized Representative*

Endorsement Effective Date: 04/05/02

D 2412   (01/99)                    Endorsement: 6          Page 1 of 1



**INSURANCE COMPANIES**
580 Walnut Street, Cincinnati, Ohio 45202

*ExecPro*℠
Directors', Officers', Insured Entity
And Employment Practices Liability
Insurance Policy

## RUN OFF COVERAGE

In consideration of the premium charged this policy is hereby converted to Run Off status by deleting Section IX.E. and replacing it with the following:

Section IX.E.  Run Off Provisions

It is understood and agreed:

(1) The Insurer shall not be liable to make any payment for Loss based upon, attributable to, directly or indirectly resulting from, related to, or in consequence of, or in any way involving any Wrongful Act committed after __4/5/02__ .

(2) Section II. Discovery Period is hereby deleted in its entirety.

(3) Section IX.A. of the Policy is hereby deleted in its entirety.

(4) Section IX.D. of the Policy is hereby deleted in its entirety.

(5) Section I. Insuring Agreements is hereby deleted in its entirety and replaced with the following:

   I.  Insuring Agreements
      A. The Insurer shall pay on behalf of the Insured Persons all Loss which the Insured Persons shall be legally obligated to pay as a result of a Claim (including an Employment Practices Claim or a Securities Claim) first made against the Insured Persons during the Policy Period for a Wrongful Act, except for any Loss which the Company or <u>Kingsway Financial Services, Inc.</u> actually pays as indemnification.

---

Insured: AMERICAN COUNTRY HOLDINGS, INC.

Policy Period: 07/24/01 to Policy expiration

Policy Number: DOL5741496

AC-02285

Countersigned by: _____
                  *Authorized Representative*

Endorsement Effective Date: 04/05/2002

D 2717   (01/99)

Endorsement:  7      Page 1 of 2



**GREATAMERICAN.**
INSURANCE COMPANIES
580 Walnut Street, Cincinnati, Ohio 45202

*ExecPro*™
Directors', Officers', Insured Entity
And Employment Practices Liability
Insurance Policy

## RUN OFF COVERAGE

B. The Insurer shall pay on behalf of the Company or <u>Kingsway Financial Services, Inc.</u> all Loss which the Insured Persons shall be legally obligated to pay as a result of a Claim (including an Employment Practices Claim or a Securities Claim) first made against the Insured Persons during the Policy Period for a Wrongful Act, but only to the extent the Company or <u>Kingsway Financial Services, Inc.</u> is required or permitted by law to indemnify the Insured Persons.

C. The Insurer shall pay on behalf of the Insured Entity all Loss which the Insured Entity or <u>Kingsway Financial Services, Inc.</u> shall be legally obligated to pay as a result of a Securities Claim first made against the Insured Entity during the Policy Period for a Wrongful Act.

AC-02286

Other than as stated above, nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, provisions, agreements or limitations of the Policy to which this endorsement is attached.



**GREAT AMERICAN.**
INSURANCE COMPANIES
580 Walnut Street, Cincinnati, Ohio 45202

*ExecPro*℠
Directors', Officers', Insured Entity
And Employment Practices Liability
Insurance Policy

## AMENDMENT TO DECLARATIONS PAGE

It is understood and agreed that Item 1 of the Declarations is hereby amended to read as follows:

| | |
|---|---|
| Item 1. Corporation: | AMERICAN COUNTRY HOLDINGS, INC. |
| Mailing Address: | 500 W. Madison Street<br>Suite 600<br>Chicago, IL 60661-4544 |
| Attention: | John A. Dore - Chairman, President & CEO |

Other than as stated above, nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, provisions, agreements or limitations of the Policy to which this endorsement is attached.

Insured: AMERICAN COUNTRY HOLDINGS, INC.

Policy Period: 07/24/01 to Policy expiration          Policy Number: DOL5741496          AC-02287

Countersigned by: _____              Endorsement Effective Date: 06/01/2002
                  *Authorized Representative*

D 2400   (01/99)                                        Endorsement:  8          Page 1 of 1