# GOODMAN & JACOBS LLP
75 BROAD STREET, 30TH FLOOR
NEW YORK, NEW YORK 10004

----------

(212) 385-1191
FAX: (212) 385-1770 (not for service)

September 6, 2005

<u>BY CERTIFIED MAIL R/R/R/ AND TELECOPIER</u>

James A. Skarzynski, Esq.
Boundas, Skarzynski, Walsh & Black, LLC
One Battery Park Plaza, 22nd Floor
New York, New York 10004

      Re:  Kingsway Financial Services, Inc.
           v. Price Waterhouse Coopers LLP
           (New York Action)
           Policy No.: DOL5741496
           Claim No.: 965-584-251-01-01
           Our File No.: 13-091

Dear Mr. Skarzynski:

    This letter responds to your August 15, 2005 letter to Harold Ruvoldt. The correspondence from your client, Great American Insurance Company ("Great American"), should reflect that our firm is coverage counsel to defendants American Country Holdings, Inc., Kingsway Financial Services, Inc. and Frank Amodeo in the referenced action and in the Illinois action entitled "John A. Dore v. American Country Holdings, Inc., a Delaware Corporation; Kingsway Financial Services, Inc., a Canadian Corporation; and Frank Amodeo." In the future, please copy Lester Chanin of this office or me on all correspondence to any counsel concerning coverage or settlement.

    Although you state Great American and its insureds "are willing to engage in settlement negotiations to avoid the expense of discovery" your suggestion of mediation appears to be a stalling tactic. There is presently an $8.5 million settlement demand and a $500,000 offer to settle the litigation. The policy has a $10,000,000 limit of liability. If Great American is willing to enter mediation with at least seven law firms billing for every

**GOODMAN & JACOBS LLP**

James A. Skarzynski, Esq.
September 6, 2005
Page 2

moment, we do not understand why Great American will not negotiate without a mediator. You imply Great American does not need additional discovery to value the action. Both informal settlement negotiations and mediation will produce the same additional information.

The Great American Directors, Officers, Insured Entity Policy provides the "[a]mounts incurred as costs of defense shall reduce the limit of liability available to pay judgments on settlements and shall also be applied against the retention." Every dollar spent on defense reduces the amount available for settlement. Provable damages in the New York action appear to be a multiple of the $10,000,000 limit. Although American Country is not privy to the amount of legal fees for each of the seven distinct firms, we are aware every firm is addressing every aspect of the litigation. The fees continue to mount and reduce the available settlement dollars.

You acknowledge that the Great American policy limit is reduced by the cost of defense. Extending the work of the firms just reduces the amount of money available to the insureds and is within the policy limits. Great American is obligated to treat its insureds with the same loyalty it treats itself. We demand that Great American negotiate in good faith. It is unnecessary to have a formal mediation which will necessitate the continued huge legal expenditures.

If Great American is unwilling to negotiate and respond to the $8.5 million demand, given the pleadings and discovery to date, we believe Great American is acting in bad faith. American Country reserves its rights to commence a declaratory judgment action and assert Great American's bad faith in failing to attempt to settle the action. American Country will attempt to hold Great American liable for every dollar above $10,000,000 for which no money is available because of Great American's insistence that the case continue wasting the policy limit, rather than settling the action. You have not expressed even one reason why mediation is preferable to settlement negotiations.

GOODMAN & JACOBS LLP

James A. Skarzynski, Esq.
September 6, 2005
Page 3


    American Country reserves all its rights. Neither this letter nor any other act by American Country or its counsel shall be deemed a waiver of any of American Country's rights, remedies or defenses.

    We ask that you respond by September 15, 2005.

                                  Sincerely,

                                  Sue C. Jacobs

SCJ:cai

cc:  Lewis Liman, Esq.
     Goldie Weixel, Esq.
     Scott Reed, Esq.
     John Siffert, Esq.
     Joseph Patrice, Esq.
     Rachel L. Simon, Esq.
     Harold Ruvoldt, Esq.
     Mr. Shaun Jackson

C:\JACOBSLTRS\KINGSWAY FINANCIAL.SKARZYNSKI.243.05