# INDEMNIFICATION AGREEMENT

THIS AGREEMENT is made this 2nd day of April, 2002 by and between American Country Holdings Inc., a Delaware corporation, and its subsidiaries (the "Corporation") and John A. Dore, (the "Director and/or Officer").

WITNESSETH:

WHEREAS the Director and/or Officer has agreed to serve, or continue to serve, the Corporation as a Director and/or Officer of one or more subsidiaries, provided that adequate liability insurance, indemnification or a combination thereof is, and will continue to be, provided;

AND WHEREAS the Corporation, in order to induce the Director and/or Officer to continue to serve the Corporation, has agreed to provide the Director and/or Officer with the benefits contemplated by this Agreement;

AND WHEREAS, as a result of such benefits, the Director and/or Officer has agreed to serve or to continue to serve as a Director and/or Officer of the Corporation;

NOW THEREFORE, in consideration of the promises, conditions, representations and warranties set forth herein, including the Director and/or Officer's continued service to the Corporation, the Corporation and the Director and/or Officer hereby agree as follows:

1. **Definitions:** The following terms, as used herein, shall have the following respective meanings:

    (a) **"Covered Claims"** means all civil, criminal, quasi-criminal, administrative, investigative or any other claims, suits (whether instituted by the Corporation or any other person or entity), actions, causes of actions, applications, proceedings, hearings, damages, penalties, liabilities, costs and expenses (including, without limitation, legal fees on the scale as between a solicitor and his own client, costs and disbursements), proposed, incurred, suffered or expended by, or threatened against the Director and/or Officer, with respect to any action or inaction taken in the course of the Director and/or Officer acting in the capacity of a Director and/or Officer of the Corporation or any of its subsidiaries, and all other costs, charges and expenses that he sustains or incurs in respect of the affairs of the Corporation, notwithstanding the provisions of the state statutes governing corporations in the subsidiaries' state of domicile (as same may be amended from time to time); and regulations passed pursuant thereto, and any successor or substituted legislation thereto or thereof, so long as:

    (i) the Director and/or Officer acted honestly and in good faith with a view to the best interest of the Corporation and its subsidiaries; and

    (ii) in the case of a criminal, quasi-criminal or administrative action, proceeding or hearing pursuant to, but not limited to any federal statute or the statutes of any state or subdivision thereof or any other legal jurisdiction, or any regulation promulgated thereunder that is enforced by a monetary penalty, the Director and/or Officer believed that his conduct was lawful.

(b) "**Determination**" means a determination, based on the facts known at the time, made by:

    (i) a majority vote of a quorum of disinterested directors; or

    (ii) independent legal counsel in a written opinion prepared at the request of a majority of a quorum of disinterested directors;

(c) "**Determined**" shall have a correlative meaning to Determination;

(d) "**Excluded Claim**" means any payment for Losses or Expenses in connection with any claim:

    (i) based upon or attributable to the Director and/or Officer gaining in fact any personal profit or advantage to which the Director and/or Officer is not entitled; or

    (ii) for an accounting of profits in fact made from the purchase or sale by the Director and/or Officer of securities of the Corporation; or

    (iii) resulting from the Director and/or Officer's knowingly fraudulent, dishonest or willful misconduct; or

    (iv) the payment of which by the Corporation is not permitted by applicable law; or

    (v) which are not within the Covered Claims;

(e) "**Expenses**" means any reasonable expenses incurred by the Director and/or Officer as a result of a claim or claims made against him for Covered Claims including, without limitation, counsel fees and costs of investigative, judicial or administrative proceedings or appeals;

(f) "**Losses**" means any amount which the Director and/or Officer is legally obligated to pay as a result of a claim or claims made against him for Covered Claims including, without limitation, damages and judgments and sums paid in settlement of a claim or claims.

2. **Indemnification:** The corporation shall indemnify the Director and/or Officer and hold him harmless from the Covered Claims of any and all Losses and Expenses subject, in each case, to the further provisions of this Agreement.

3. **Excluded Coverage:** The Corporation shall have no obligation to indemnify the Director and/or Officer for and hold him harmless from any Loss or Expense which has been Determined to constitute an Excluded Claim.

4. **Indemnification Procedures:**

    (a) Promptly after receipt by the Director and/or Officer of notice of the commencement of or the threat of commencement of any action, suit or proceeding, the Director and/or

Officer shall, if indemnification with respect thereto may be sought from the Corporation under this Agreement, notify the Corporation of the commencement thereof.

(b) If, at the time of the receipt of such notice, the Corporation has directors' and officers' liability insurance in effect, the Corporation shall give prompt notice of the commencement of such action, suit or proceeding to the insurers in accordance with the procedures set forth in the respective policies in favor of the Director and/or Officer. The Corporation shall thereafter take all necessary or desirable action to cause such insurers to pay, on behalf of the Director and/or Officer, all Losses and Expenses payable as a result of such action, suit or proceeding in accordance with the terms of such policies.

(c) To the extent the Corporation does not, at the time of the commencement of or the threat of commencement of such action, suit or proceeding, have applicable directors' and officers' liability insurance, or if a Determination is made that any Expenses arising out of such action, suit or proceeding will not be payable under the directors' and officers' liability insurance then in effect, the Corporation shall be obligated to pay from time to time the Expenses of any such action, suit or proceeding in advance of the final disposition thereof; and the Corporation, if appropriate, shall be entitled to assume the defense of such action, suit or proceeding with counsel satisfactory to the Director and/or Officer, upon the delivery to the Director and/or Officer of written notice of its election so to do. After delivery of such notice, the Corporation will not be liable to the Director and/or Officer under this Agreement for any legal or other Expenses subsequently incurred by the Director and/or Officer in connection with such defense other than reasonable Expenses of investigation, provided that the Director and/or Officer shall have the right to employ its counsel in any such action, suit or proceeding, but the fees and expenses of such counsel incurred after delivery of notice from the Corporation of its assumption of such defense shall be at the Director and/or Officer's expense, provided further that if:

   (i) the employment of counsel by the Director and/or Officer has been previously authorized by the Corporation;

   (ii) the Director and/or Officer shall have reasonably concluded that there may be a conflict of interest between the Corporation and the Director and/or Officer in the conduct of any such defense; or

   (iii) the Corporation shall not, in fact, have employed counsel to assume the defense of such action;

the fees and expenses of counsel shall be at the expense of the Corporation.

(d) All payments on account of the Corporation's indemnification obligations under this Agreement shall be made within sixty (60) days of the Director and/or Officer's written request therefor, unless a Determination is made that the claims giving rise to the Director and/or Officer's request are Excluded Claims or otherwise not payable under this Agreement, provided that all payments on account of the Corporation's obligations under paragraph 4(c) of this Agreement (other than those for which payment is not permitted at law) prior to the final disposition of any action, suit or proceeding shall be

made within twenty (20) days of the Director and/or Officer's written request therefor and such obligation shall not be subject to any such Determination, but shall be subject to paragraph 4(c) of this Agreement.

(e) The Director and/or Officer agrees that he will reimburse the Corporation for all Losses and Expenses paid by the Corporation in connection with any action, suit or proceeding against the Director and/or Officer in the event and only to the extent that a Determination shall have been made by a court in a final adjudication, from which all rights of appeal have expired, that the Director and/or Officer is not entitled to be indemnified by the Corporation for such Expenses because the claim is an Excluded Claim or because the Director and/or Officer is otherwise not entitled to payment under this Agreement.

5. **Settlement:** The Corporation shall have no obligation to indemnify the Director and/or Officer under this Agreement for any amounts paid in settlement of any action, suit or proceeding effected without the Corporation's prior written consent. The Corporation shall not settle any claim in any manner which would impose any obligation on the Director and/or Officer without the Director and/or Officer's written consent. Neither the Corporation nor the Director and/or Officer shall unreasonably withhold their consent to any proposed settlement.

6. **Rights Not Exclusive:** The rights provided hereunder shall not be deemed exclusive of any other rights to which the Director and/or Officer may be entitled under any by-law, agreement, vote of stockholders or of disinterested directors or otherwise, both as to action in his official capacity and as to action in any other capacity by holding such office, and shall continue after the Director and/or Officer ceases to serve the Corporation as a Director and/or Officer.

7. **Enforcement:**

(a) The Director and/or Officer's rights to indemnification shall be enforceable by the Director and/or Officer notwithstanding any adverse Determination. In any such action if a prior adverse Determination has been made, the burden of proving that indemnification is required under this Agreement shall be on the Director and/or Officer. The Corporation shall have the burden of proving that indemnification is not required under this Agreement if no prior adverse Determination shall have been made.

(b) In the event that any action is instituted by a Director and/or Officer under this Agreement, or to enforce or interpret any of the terms of this Agreement, the Director and/or Officer shall be entitled to be paid all court costs and expenses, including reasonable counsel fees, incurred by the Director and/or Officer with respect to such action, unless the court determines that each of the material assertions made by the Director and/or Officer as a basis for such action were not made in good faith or were frivolous.

8. **Severability:** In the event that any provision of this Agreement is determined by a court to require the Corporation to do or to fail to do any act which is in violation of applicable law, such provision shall be limited or modified in its application to the minimum extent necessary to avoid a violation of law, and, as so limited or modified, such provision and the balance of this Agreement shall be enforceable in accordance with their terms.

9. **Choice of Law:** This Agreement shall be governed by and construed and enforced in accordance with the laws of the State of Delaware.

10. **Continuation of Indemnification:** All agreements and obligations of the Corporation contained herein shall continue during the period that the Director and/or Officer is a Director and/or Officer of the Corporation and shall continue thereafter so long as the Director and/or Officer shall be subject to any possible Loss or Expense by reason of the fact that the Director and/or Officer was a Director and/or Officer of the Corporation.

11. **Subrogation:** In the event of payment under this Agreement, the Corporation shall be subrogated to the extent of such payment to all of the rights of recovery of the Director and/or Officer, who shall execute all documents and take all actions reasonably requested by the Corporation to implement such right of subrogation.

12. **Successor and Assigns:** This agreement shall be binding upon all successors and assigns of the Corporation (including any transferee of all or substantially all of its assets and any successor by merger or otherwise by operation of law), and shall be binding on and inure to the benefit of the heirs, personal representatives and estate of the Director and/or Officer.

13. **Amendment:** No amendment, modification, termination or cancellation of this Agreement shall be effective unless made in writing signed by each of the parties hereto.

IN WITNESS WHEREOF the Corporation and the Director and/or Officer have executed this Agreement as of the day and year first above written.

AMERICAN COUNTRY HOLDINGS INC.

By: _____
Title: _____

_____
John A. Dore

# EXHIBIT E

xxx.xxxxxx.xa

# REARDON GOLINKIN & REED
### ATTORNEYS AT LAW
208 S. LaSalle Street • Suite 1290
Chicago, Illinois 60604-1102
TEL: 312.855.3700  FAX: 312.855.1089
E-MAIL: reardonlawfirm@sprintmail.com

DIRECT DIAL: 312.855.1040 (KAR)
312.855.0311 (SOR)
E-MAIL: KREARDON@RGRLAW.COM
SREED@RGRLAW.COM

**VIA CERTIFIED MAIL**

August 13, 2003

Mr. James R. Zuhlke
President & CEO
Kingsway America, Inc.
1515 E. Woodfield Road
Suite 820
Schaumburg, IL 60173

RE: Request for Indemnification and Notice to Insurer
Case: Kingsway Financial Services, Inc. v. PriceWaterhouseCoopers, *et al.*
Case No.: 03-CV-_____, U.S. District Court, Southern District of New York
Our File No.: DORE-GEN-0001

Dear Mr. Zuhlke:

As you may be aware, we represent John A. Dore in connection with issues pertaining to his employment with and resignation from American Country Holdings Inc. ("ACHI"). We have become aware that Kingsway Financial Services, Inc. ("Kingsway") has filed suit against Mr. Dore in the U.S. District Court for the Southern District of New York, and that such action is based upon or arises out of Mr. Dore's actions undertaken in his capacity as Chief Executive Officer of ACHI.

Accordingly, under Delaware law and pursuant to the Indemnification Agreement, dated April 2, 2002, between ACHI and Mr. Dore ("Agreement"), and specifically Paragraph Two thereof, we are writing upon Mr. Dore's behalf to request that he be indemnified and held harmless by ACHI from any and all claims made in reference to this litigation and that he be indemnified for all defense costs associated with that litigation. This notice is given pursuant to paragraph 4(a) of the Agreement.

We also request on Mr. Dore's behalf, that ACHI give prompt notice of this matter to the insurers of any and all potentially applicable directors and officers liability policies which could potentially provide Mr. Dore with protection with respect to the captioned litigation, including but not limited to policy No. DOL 574 1496, issued by Great American Insurance Companies ("Great American") for the policy period of July 24, 2001 to July 24, 2002 and extended by run-off endorsement. By copy of this letter on behalf of Mr. Dore, we also provide notice to Great American under that referenced policy that he has been named as a defendant in the captioned matter but not served.

James R. Zuhlke
Kingsway America, Inc.
August 13, 2003
Page 2

This is to advise that Mr. Dore has retained this firm as counsel in connection with the referenced litigation. Our current billing rates for this matter are attached for your reference and for provision to the claims representative at Great American.

You should also be aware that beginning on May 28, 2003, Kingsway's counsel, Harold J. Ruvoldt, Jr., contacted this firm to advise that Kingsway was considering bringing an action against Mr. Dore and other ACHI directors and officers. While Mr. Dore had hoped that he would be able to reach a pre-litigation resolution of that dispute, he was unable and unwilling to cooperate with Kingsway in its prosecution of that action and no resolution was reached. However, because Kingsway raised these issues of its own accord beginning on that date, we request indemnification for our services from that date forward.

Additionally, because Kingsway elected to file the captioned litigation in the Southern District of New York, rather than assert the substance of this dispute against Mr. Dore as a counterclaim in the action he has brought in the Circuit Court of Cook County, Chancery Division under the caption John A. Dore, v. Kingsway Financial Services, Inc., et al., No. 03 CH 8189 (filed May 9, 2003) to which Kingsway has not yet answered, it will be necessary for him to retain New York counsel to respond to the litigation and work with this firm as lead counsel. When we have further details about such New York counsel whom Mr. Dore will retain, we will provide them to you.

In the meantime, please confirm that the captioned litigation is a Covered Claim as defined in Paragraph 1(a) of the Agreement and that indemnification will be provided therefor as requested above. Should you have any further questions about this request or about Mr. Dore's position, please do not hesitate to contact the undersigned.

Very truly yours,

REARDON GOLINKIN & REED

By: Karen A. Reardon
    Scott O. Reed

cc: John A. Dore

    Harold J. Ruvoldt, Jr.

James R. Zuhlke
Kingsway America, Inc.
August 13, 2003
Page 3

    Great American Insurance Companies
    Executive Liability Division
    Claims Department
    P.O. Box 66943
    Chicago, Illinois 60666

    Attention: Kevin Gadbois
    Reference: Policy No. DOL5741496

O:\Dore\Correspondence\Zuhlke letter.wpd

# REARDON GOLINKIN & REED
## 2003 FEE SCHEDULE

| | |
|---|---|
| Karen A. Reardon | $275 |
| Scott G. Golinkin | $260 |
| Scott O. Reed | $260 |
| Daniel V. Marsalli | $230 |
| Keith W. Mandell | $155 |
| Eric J. Marler | $140 |
| David T. Brown | $125 |
| Laureen R. Anderson | $125 |
| Amy S. Ezeldin | $110 |
| Law Clerk/Paralegal | $95 - $75 |

Effective: January 2003

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

OFFICIAL USE

| | | |
|---|---|---|
| Postage | $ | .37¢ |
| Certified Fee | | $2.30 |
| Return Receipt Fee (Endorsement Required) | | $1.75 |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | $4.42 |

Postmark Here

7001 1940 0000 5816 4505

Sent To: Mr. James R. Zuhlke
Street, Apt. No.; or PO Box No. 1515 E. Woodfield Road, suite
City, State, ZIP+4 Schaumburg, IL 60173

PS Form 3800, January 2001   See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Mr. James R. Zuhlke
Kingsway America, Inc.
1515 E. Woodfield Road
Suite 820
Schaumburg, IL 60173

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly)   B. Date of Delivery
Tony Kalcitice                          8-15-03

C. Signature
X Tony Kalcitt                          ☒ Agent
                                        ☐ Address

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☒ Certified Mail   ☐ Express Mail
☐ Registered       ☒ Return Receipt for Merchandise
☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number (Copy from service label)
7001 1940 0000 5816 4505

PS Form 3811, July 1999     Domestic Return Receipt     102595-99-M-1789

---

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

REARDON GOLINKIN & REED
ATTORNEYS AT LAW
    SUITE 1290

ATTENTION: SCOTT O. REED

## REARDON GOLINKIN & REED

ATTORNEYS AT LAW

208 S. LaSalle Street • Suite 1290
Chicago, Illinois 60604-1102
TEL: 312.855.3700  FAX: 312.855.1089
E-MAIL: reardonlawfirm@sprintmail.com

DIRECT DIAL: 312.855.1040 (KAR)
312.855.0311 (SOR)
E-MAIL: KREARDON@RGRLAW.COM
SREED@RGRLAW.COM

**VIA CERTIFIED MAIL**

August 22, 2003

Mr. James R. Zuhlke
President & CEO
Kingsway America, Inc.
1515 E. Woodfield Road
Suite 820
Schaumburg, IL 60173

RE:   Request for Indemnification and Notice to Insurer
  Case:   <u>John A. Dore v. American Country Holdings, Inc., Kingsway Financial Services, Inc. and Frank Amodeo</u>
  Case No.:  03 CH 8189
  Court:   Circuit Court of Cook County, Chancery Division
  Our File No.: DORE-KSL-0002

Dear Mr. Zuhlke:

As we have advised, we represent John A. Dore in connection with issues pertaining to his employment with and resignation from American Country Holdings Inc. ("ACHI") and with respect to <u>Kingsway Financial Services, Inc. v. PriceWaterhouseCoopers, et al.</u> Case No.: 03-CV- 5560 (RMB), U.S. District Court, Southern District of New York ("Securities Litigation"). We have previously submitted a request on Mr. Dore's behalf for indemnification of him with respect to the Securities Litigation.

Please find enclosed a copy of the Answer, Affirmative Defenses and Counterclaims ("Counterclaims") filed on or about August 21, 2003 in the above captioned litigation which Mr. Dore brought. We received a copy of the Counterclaims on August 21, 2003. The Counterclaims raise the same subject and most of the same causes of action which were raised against Mr. Dore in the Securities Litigation. Accordingly, under Delaware law and pursuant to the Indemnification Agreement, dated April 2, 2002, between ACHI and Mr. Dore ("Agreement"), and specifically Paragraph Two thereof, we are writing upon Mr. Dore's behalf to request that he be indemnified and held harmless by ACHI from any and all claims made in the Counterclaims and that he be indemnified for all defense costs associated with the Counterclaims. This notice is given pursuant to paragraph 4(a) of the Agreement.

We also request on Mr. Dore's behalf, that ACHI give prompt notice of this matter to the insurers of any and all potentially applicable directors and officers liability policies which could

James R. Zuhlke
Kingsway America, Inc.
August 22, 2003
Page 2

potentially provide Mr. Dore with protection with respect to the captioned litigation, including but not limited to policy No. DOL 574 1496, issued by Great American Insurance Companies ("Great American") for the policy period of July 24, 2001 to July 24, 2002 and extended by run-off endorsement. By copy of this letter on behalf of Mr. Dore, we also provide notice of the Counterclaims to Great American under that referenced policy. As counsel for Mr. Dore, we will place those activities which relate to the defense of the Counterclaims into the file which we maintain for the defense of the Securities Litigation.

In the meantime, please confirm that the Counterclaims are a Covered Claim as defined in Paragraph 1(a) of the Agreement and that indemnification will be provided therefor as requested above. Should you have any further questions about this request or about Mr. Dore's position, please do not hesitate to contact the undersigned.

Very truly yours,

REARDON GOLINKIN & REED

By: Karen A. Reardon
    Scott O. Reed

Enclosure

cc: John A. Dore
    (w/enclosure)

    Harold J. Ruvoldt, Jr.
    (w/o enclosure)

    Crystal E. Ivy
    Great American Insurance Companies
    (w/enclosure)

O:\Dore\General\Correspondence\Zuhlke letter (2).wpd

**U.S. Postal**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

**OFFICIAL USE**

| | |
|---|---|
| Postage | $1.98 |
| Certified Fee | 2.30 |
| Return Receipt Fee (Endorsement Required) | 1.75 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $6.14 |

Postmark Here

over-size env. .11¢

7001 1940 0000 5816 4512

Sent To: James R. Zuhlke
Street, Apt. No.; or PO Box No.: 1515 E. Woodfield Road Suite 820
City, State, ZIP+4: Schaumburg, IL 60173

PS Form 3800, January 2001   See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- Complete Items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Mr. James R. Zuhlke
Kingsway America, Inc.
1515 E. Woodfield Road
Suite 820
Schaumburg, IL 60173

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly): Tony Ratcliffe
B. Date of Delivery: 8-25-0
C. Signature: X Tony Ratcliffe  ☑ Agent  ☐ Addressee
D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☑ Certified Mail  ☐ Express Mail
   ☐ Registered  ☑ Return Receipt for Merchandise
   ☐ Insured Mail  ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number (Copy from service label)
   7001 1940 0000 5816 4512

PS Form 3811, July 1999   Domestic Return Receipt   102595-99-M-1

---

UNITED STATES POSTAL SERVICE



First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

REARDON GOLINKIN & REED
ATTORNEYS AT LAW
200 S. LaSalle Street • Suite 1250
Chicago, Illinois 60604-1102

Attention: Scott O. Reed