## Section VI. Retention

A.  One Retention shall apply to each and every Claim. The Company shall be responsible for, and shall hold the Insurer harmless from, any amount within the Retention. For the purposes of the application of the Retention, Loss applicable to Insuring Agreement I.B. includes that for which Indemnification is legally permissible, whether or not actual Indemnification is granted. In the event the Company is unable to indemnify the Insured Persons solely by reason of its Financial Insolvency, the Insurer shall, pursuant to the terms and conditions of Section VII.E., advance Costs of Defense incurred by the Insured Persons without first requiring payment of the Retention applicable to Claims covered by Insuring Agreement I.B. The certificate of incorporation, charter or other organizational documents of the Company, including by-laws and resolutions, shall be deemed to require Indemnification and advancement of Loss to the Insured Persons to the fullest extent permitted by law.

B.  More than one Claim involving the same Wrongful Act or Related Wrongful Acts of one or more Insureds shall be considered a single Claim, and only one Retention shall be applicable to such single Claim. All such Claims constituting a single Claim shall be deemed to have been made on the earlier of the following dates: (1) the earliest date on which any such Claim was first made; or (2) the earliest date on which any such Wrongful Act or Related Wrongful Act was reported under this Policy or any other policy providing similar coverage.

C.  With respect solely to any Securities Claim, the Retention shall apply only to Costs of Defense. The Retention shall be waived for any Securities Claim and the Insurer shall reimburse such Costs of Defense paid by the Insured if:

(1) an adjudication with or without prejudice is obtained pursuant to a trial, motion to dismiss or motion for summary judgment in such Claim, or

(2) a complete and final settlement of such Claim with prejudice,

establishes that no Insured is liable for any Loss other than Costs of Defense; provided, however, subject to a written undertaking by the Company in a form acceptable to the Insurer, any Costs of Defense advanced by virtue of a waiver of the Retention shall be paid back by the Company to the Insurer in the event the Securities Claim is re-brought or any Claim is brought which is subject to the same Retention pursuant to Section VI.B.

## Section VII. Costs of Defense and Settlements

A.  The Insureds shall not incur Costs of Defense, or admit liability, offer to settle, or agree to any settlement in connection with any Claim without the express prior written consent of the Insurer, which consent shall not be unreasonably withheld. The Insureds shall provide the Insurer with all information and particulars it may reasonably request in order to reach a decision as to such consent. Any Loss resulting from any admission of liability, agreement to settle, or Costs of Defense incurred prior to the Insurer's consent shall not be covered hereunder.

B.  The Insureds, and not the Insurer, have the duty to defend all Claims, provided that the Insureds shall only retain counsel as is mutually agreed upon with the Insurer.

C.  The Insurer shall at all times have the right, but not the duty, to associate with the Insureds in the investigation, defense or settlement of any Claim to which coverage under this Policy may apply.

D.  If a Claim made against any Insured includes both covered and uncovered matters, or is made against any Insured and others, the Insured and the Insurer recognize that there must be an allocation between insured and uninsured Loss. The Insureds and the Insurer shall use their best efforts to agree upon a fair and proper allocation between insured and uninsured Loss.

E.    The Insurer shall advance Costs of Defense prior to the final disposition of any Claim, provided such Claim is covered by this Policy. Any advancement shall be on the condition that:

(1)    the appropriate Retention has been satisfied, provided, however, this condition shall not apply in the event of the Financial Insolvency of the Company;

(2)    any amounts advanced by the Insurer shall serve to reduce the Limit of Liability stated in Item 3 of the Declarations to the extent they are not in fact repaid;

(3)    the Company and Insured Persons and the Insurer have agreed upon the portion of the Costs of Defense attributable to covered Claims against the Insureds; and

(4)    in the event it is finally established that the Insurer has no liability under the Policy for such Claim, the Company and Insured Persons will repay the Insurer upon demand all Costs of Defense advanced by virtue of this provision.

## Section VIII. Notice of Claim

A.    The Insureds shall, as a condition precedent to their rights under this Policy, give the Insurer notice in writing of any Claim:

(1)    as defined in Section III.A. (1) which is made during the Policy Period. Such notice shall be given prior to the end of the Policy Period;

(2)    as defined in Section III.A.(2) which is made during the Policy Period. Such notice shall be given as soon as practicable, but in no event later than ninety (90) days after the end of the Policy Period.

The Insureds failure to report a Claim pursuant to (1) above shall not negate the right to report a Claim pursuant to (2) above under this Policy or any renewal thereof.

B.    If, during the Policy Period or Discovery Period, any Insured first becomes aware of a specific Wrongful Act and gives notice to the Insured of:

(1)    the specific Wrongful Act;

(2)    the injury or damage which has or may result therefrom; and

(3)    the circumstances by which the Insured first became aware thereof;

then any Claim arising out of such Wrongful Act which is subsequently made against the Insured shall be deemed to have been made at the time the Insurer received such written notice from the Insured.

C.    In addition to furnishing the notice as provided in Sections VIII.A. or B. the Insureds shall, as soon as practicable, furnish the Insurer with copies of reports, investigations, pleadings and other papers in connection therewith.

D.    Notice to the Insurer as provided in Sections VIII.A. or B. shall be given to:

GREAT AMERICAN INSURANCE COMPANIES
EXECUTIVE LIABILITY DIVISION
CLAIMS DEPARTMENT
P.O. BOX 66943 CHICAGO, IL 60666.

D2100 (1/99)

7

AC-02261

## Section IX. General Conditions

### A. Cancellation or Non-Renewal

(1) This Policy may be canceled by the Corporation at any time by written notice to the Insurer. Upon cancellation, the Insurer shall retain the customary short rate portion of the premium, unless this Policy is converted to Run-Off pursuant to Section IX. E. wherein the entire premium for this Policy shall be deemed earned.

(2) This Policy may only be canceled by the Insurer if the Corporation does not pay the premium when due.

(3) If the Insurer elects not to renew this Policy, the Insurer shall provide the Corporation with no less than sixty (60) days advance notice thereof.

### B. Proposal Form

It is agreed by the Company and the Insured Persons that the particulars and statements contained in the Proposal Forms and any information provided therewith (which shall be on file with the Insurer and be deemed attached hereto as if physically attached hereto) are the basis of this Policy and are to be considered as incorporated in and constituting a part of this Policy. It is further agreed by the Company and the Directors and Officers that the statements in the Proposal Forms or in any information provided therewith are their representations, that they are material and that this Policy is issued in reliance upon the truth of such representations; provided, however, that except for material facts or circumstances known to the person(s) who subscribed the Proposal Forms, any misstatement or omission in such Proposal Forms or information provided therewith in respect of a specific Wrongful Act by a particular Director or Officer or his cognizance of any matter which he has reason to suppose might afford grounds for a future Claim against him shall not be imputed to any other Director or Officer for purposes of determining the validity of this Policy as to such other Director or Officer.

### C. Action Against the Insurer

(1) No action shall be taken against the Insurer unless, as a condition precedent thereto, there shall have been full compliance with all the terms of this Policy, and until the Insured's obligation to pay shall have been finally determined by an adjudication against the Insured or by written agreement of the Insured, claimant and the Insurer.

(2) No person or organization shall have any right under this Policy to join the Insurer as a party to any Claim against the Insureds nor shall the Insurer be impleaded by any Insured or their legal representative in any such Claim.

### D. Merger or Acquisition

If, during the Policy Period, the Company acquires the assets of another entity, by merger or otherwise, and the acquired assets of such other entity exceed twenty-five percent (25%) of the assets of the Company as of the inception date of the Policy, written notice thereof shall be given to the Insurer as soon as practicable, but in no event later than ninety (90) days from the effective date of the transaction, together with such information as the Insurer may request. Premium adjustment and coverage revisions shall be effected as may be required by the Insurer.

**E.  Conversion to Run-Off Coverage**

If, during the Policy Period, a transaction occurs wherein another entity gains control of the Corporation through the ownership of more than fifty percent (50%) of the voting stock of the Corporation, or the Corporation merges into another entity or consolidates with another entity such that the Corporation is not the surviving entity, then:

(1) the Corporation must give written notice of such transaction to the Insurer within ninety (90) days after the effective date of such transaction and provide the Insurer with such information in connection therewith as the Insurer may deem necessary;

(2) this Policy shall only apply to Wrongful Acts actually or allegedly committed on or before the effective date of such transaction; and

(3) the entire premium for this Policy shall be deemed earned as of the date of such transaction.

**F.  Outside Entity Provision**

In the event a Claim is made against any Insured Persons arising out of their service as a director, officer, trustee or governor of an Outside Entity, coverage as may be afforded under this Policy shall be excess of any indemnification provided by the Outside Entity and any insurance provided to the Outside Entity which covers its directors, officers, trustees or governors.

**G.  Coverage Extensions**

(1) Spousal Provision
The coverage provided by this Policy shall also apply to the lawful spouse of an Insured Person, but only for Claims arising out of any actual or alleged Wrongful Acts of an Insured Person.

(2) Worldwide Provision
The coverage provided under this Policy shall apply worldwide. The term Directors and Officers is deemed to include individuals who serve in equivalent positions in foreign Subsidiaries.

(3) Estates and Legal Representatives
The coverage provided by this Policy shall also apply to the estates, heirs, legal representatives or assigns of any Insured Persons in the event of their death, incapacity or bankruptcy, but only for Claims arising out of any actual or alleged Wrongful Acts of any Insured Persons.

**H.  Subrogation**

In the event of any payment under this Policy, the Insurer shall be subrogated to all of the Insureds' rights of recovery and the Company and Insured Persons shall execute all papers required and shall do everything that may be necessary to secure such rights, including the execution of such documents as may be necessary to enable the Insurer to effectively bring suit in the name of any Insured Persons or the Company.

**I.  Arbitration**

It is agreed that any disputes or disagreements which arise in connection with this Policy and cannot be resolved through negotiation shall be resolved through final and binding arbitration. The dispute shall be submitted to the American Arbitration Association for resolution pursuant to its then prevailing commercial arbitration procedures. The panel shall consist of one arbitrator selected by the Corporation, one arbitrator selected by the Insurer and a third independent arbitrator selected by the first two arbitrators. Each party will bear its own legal fees and expenses. The costs and expenses of the arbitration procedure shall be split equally by the parties.

J.   **Assignment**

Assignment of interest under this Policy shall not bind the Insurer until its consent is endorsed hereon.

K.   **Conformity to Statute**

Any terms of this Policy which are in conflict with the terms of any applicable laws are hereby amended to conform to such laws.

L.   **Entire Agreement**

By acceptance of this Policy, the Insureds and the Insurer agree that this Policy (including the Declarations, Proposal Forms submitted to the Insurer and any information provided therewith) and any written endorsements attached hereto constitute the entire agreement between the parties. The terms, conditions and limitations of this Policy can be waived or changed only by written endorsement.

M.   **Corporation Represents Insured**

By acceptance of this Policy, the Corporation shall be designated to act on behalf of the Insureds for all purposes including, but not limited to, the giving and receiving of all notices and correspondence, the cancellation or non-renewal of this Policy, the payment of premiums, and the receipt of any return premiums that may be due under this Policy.

N.   **Representative of the Insurer**

Great American Insurance Companies, Executive Liability Division, P.O. Box 66943, Chicago, Illinois 60666 shall act on behalf of the Insurer for all purposes including, but not limited to, the giving and receiving of all notices and correspondence, provided, however, notice of Claims shall be given pursuant to Section VIII. of the Policy.

In witness whereof the Insurer has caused this Policy to be signed by its President and Secretary and countersigned, if required, on the Declarations page by a duly authorized agent of the Insurer.

GREAT AMERICAN INSURANCE COMPANIES®

*Secretary*                                    *President*

AC-02264

D2100 (1/89)                                    10

**GREATAMERICAN.**
INSURANCE COMPANIES
580 Walnut Street, Cincinnati, Ohio 45202

Directors', Officers', Insured Entity
And Employment Practices Liability
Insurance Policy

## ILLINOIS AMENDATORY ENDORSEMENT

In compliance with the insurance regulations of the state of Illinois, the following provisions are hereby added to the Policy. In the event that a similar provision is already contained in the Policy, the provisions of this endorsement shall take precedence over such similar provision.

1.  ACTION AGAINST INSURER. No action shall lie against the Insurer unless, as a condition precedent thereto, there shall have been full compliance by the Insured with all of the terms of this Policy.

    Any person or organization or the legal representative thereof shall be entitled to recover under this Policy to the extent of the insurance afforded by this Policy. Bankruptcy or insolvency of an Insured or of an Insured Person's estate shall not relieve the Insurer of any of its obligations hereunder.

2.  CHANGES. The terms of this Policy shall not be changed except by endorsement issued to form a part of this Policy signed by an authorized representative of the Insurer.

    Knowledge of an agent of the Insurer shall be knowledge of the Insurer and any fact which breaches a condition of the Policy and is known to an agent shall not void the Policy or defeat a recovery thereon in the event of Loss.

3.  CANCELLATION OF POLICY. This Policy may be cancelled by the Corporation by surrender of the Policy to the Insurer or any of its authorized agents or by mailing to the Insurer written notice stating when thereafter the cancellation shall be effective.

4.  CANCELLATION FOR NON-PAYMENT OF PREMIUM. Insurance under this Policy may be cancelled by the Insurer if the Corporation fails to discharge when due any of its obligations in connection with the payment of premium for such Policy or any installment thereof by mailing to the Corporation written notice stating when, not less than ten (10) days thereafter, such cancellation shall be effective.

Insured: AMERICAN COUNTRY HOLDINGS, INC.

Policy Period: 07/24/01 to Policy expiration

Policy Number: DOL5741496      AC-02265

Endorsement Effective Date: 07/24/01

Countersigned by: _____
                    *Authorized Representative*

D 2304   (06/00)

Endorsement: 1      Page 1 of 3

**GREATAMERICAN.**
INSURANCE COMPANIES
580 Walnut Street, Cincinnati, Ohio 45202

Directors', Officers', Insured Entity
And Employment Practices Liability
Insurance Policy

# ILLINOIS AMENDATORY ENDORSEMENT

Section II. Discovery Period shall also apply in the event the Insurer cancels this Policy due to non-payment of the premium when due, provided that the Corporation pays the Insurer any monies due.

5. RENEWAL OF POLICY. This Policy may be renewed for one or more subsequent terms by:

(a) mailing to the Corporation, at the last known address as shown in this Policy, a renewal premium notice for the applicable renewal term, or

(b) issuing or offering to issue a renewal Policy, certificate or other evidence of renewal at the applicable renewal premium in accordance with the Insurer's then current rules, rates, rating plans, premiums and minimum premiums applicable to this insurance.

Any obligation for dividend or other credit shall not in any way extend or change the policy term.

6. NON-RENEWAL OF POLICY. The Corporation shall have the right to renewal of this Policy, on the terms then being applied by the Insurer to similar risks, for an additional period of time equivalent to the expiring policy term if the agreed term is a year or less, or for one year if the agreed term is longer than one year, unless at least sixty (60) days prior to the date of expiration of the policy term, a notice of intention not to renew the Policy beyond such agreed expiration date is mailed to the Corporation.

If the Corporation has insured elsewhere, has accepted replacement coverage or has requested or agreed to non-renewal, the provisions of this Non-Renewal of Policy condition do not apply.

No misrepresentation or breach of affirmative warranty made by the Insureds or in their behalf in the negotiation of this Policy affects the Insurer's obligation under this Policy unless the Insurer relies on it and it is either material or made with intent to deceive, or unless the facts misrepresented or falsely warranted contribute to the Loss. No failure of a condition prior to the Loss and no breach of a promissory warranty shall affect the Insurer's obligation under this Policy unless it exists at the time of Loss and either increases the risk at the time of Loss or contributes to the Loss. The provisions of the condition do not apply to failure to tender payment of premium.

7. OTHER INSURANCE. It is understood and agreed that Section IV.K. of the Policy is hereby deleted in its entirety. The following paragraph is added to the Policy:

AC-02266

**GREATAMERICAN.**
INSURANCE COMPANIES
580 Walnut Street, Cincinnati, Ohio 45202

Directors', Officers', Insured Entity
And Employment Practices Liability
Insurance Policy

## ILLINOIS AMENDATORY ENDORSEMENT

The Insured may have other insurance subject to the same plan, terms, conditions and provisions as the insurance under this Policy. In such event, the Insurer will pay its share of the covered Loss and Costs of Defense, such share to be equal to the proportion that the then available Limit of Liability under this Policy bears to the aggregate of all limits of liability of all insurance covering such Loss and Costs of Defense on the same basis. If the Insured has insurance covering any Loss or Costs of Defense other than insurance as described above, the Insurer will pay only the amount of covered loss or damages in excess of the amounts due under such other insurance whether or not the Insured has recovered such amounts. Nothing in this paragraph is intended, however, nor shall it be construed to obligate the Insurer to make any payment it would not otherwise be obligated to make under the terms, conditions, limitations and endorsements of this Policy, or to pay any Loss or Costs of Defense in excess of the then available Limit of Liability under this Policy. This Policy shall not be subject to the terms of any other insurance.

8.  It is understood and agreed that Section III.L. of the Policy is hereby deleted and replaced with the following:

    Section III.L. "Loss" shall mean compensatory damages, punitive or exemplary damages, the multiple portion of any multiplied damage award (in Illinois only vicariously assessed punitive damages are insurable), settlements and Costs of Defense, provided, however, Loss shall not include criminal or civil fines or penalties imposed by law, taxes, or any matter which may be deemed uninsurable under the law pursuant to which this Policy shall be construed. It is understood and agreed that the enforceability of the foregoing coverage shall be governed by such applicable law which most favors coverage for punitive or exemplary damages or the multiple portion of any multiplied damage award. Loss shall also not include any portion of damages, judgments or settlements arising out of any Claim alleging that the Company paid an inadequate price or consideration for the purchase of the Company's securities.

9.  It is understood and agreed that Section IX.I. of the Policy is hereby deleted in its entirety.

AC-02267

Other than as stated above, nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, provisions, agreements or limitations of the Policy to which this endorsement is attached.

D 2304  (06/00)                                    Endorsement:                Page 3 of 3

**GREATAMERICAN.**
INSURANCE COMPANIES
580 Walnut Street, Cincinnati, Ohio 45202

Directors', Officers', Insured Entity
And Employment Practices Liability
Insurance Policy

## PROFESSIONAL SERVICES EXCLUSION

It is understood and agreed that the Insurer shall not be liable to make any payment for Loss in connection with any Claim made against any Insured based upon, arising out of, relating to, directly or indirectly resulting from or in consequence of, or in any way involving the performance of professional services for others for a fee, and caused by any act, error or omission.

Other than as stated above, nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, provisions, agreements or limitations of the Policy to which this endorsement is attached.

Insured: AMERICAN COUNTRY HOLDINGS, INC.

Policy Period: 07/24/01 to Policy expiration

Policy Number: DOL5741496    AC-02268

Counteresigned by: _____
                    *Authorized Representative*

Endorsement Effective Date: 07/24/01

Endorsement  2                Page 1 of 1

D 2506   (01/99)

**GREATAMERICAN.**
INSURANCE COMPANIES
580 Walnut Street, Cincinnati, Ohio 45202

Directors', Officers', Insured Entity
And Employment Practices Liability
Insurance Policy

## INSURANCE COMPANY EXCLUSION

It is understood and agreed that the Insurer shall not be liable to make any payment for Loss in connection with any Claim made against any Insured based upon, arising out of, relating to, directly or indirectly resulting from or in consequence of, or in any way involving:

a)   the actual or alleged refusal to renew or cancellation of any policy of insurance, reinsurance, bonds or indemnity including, but not limited to, annuities, endowments, pension contracts and risk management self-insurance programs, pools or similar programs (hereinafter collectively referred to as "Insurance Contract");

b)   any actual or alleged failure or refusal to pay, or delay in the payment of benefits due or alleged to have been due under an Insurance Contract;

c)   any actual or alleged lack of good faith or fair dealing in the handling of any claim or obligation arising out of any Insurance Contract; or

d)   the insolvency, conservatorship, receivership, bankruptcy or liquidation of any other insurance company or reinsurance company or other such organizations of a similar nature; or the failure to pay, suspension of payment, or the delay in payment by such entities.

Other than as stated above, nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, provisions, agreements or limitations of the Policy to which this endorsement is attached.

Insured: AMERICAN COUNTRY HOLDINGS, INC.

Policy Period: 07/24/01 to Policy expiration

Policy Number: DOL5741496        AC-02269

Endorsement Effective Date: 07/24/01

Countersigned by: _____
                    *Authorized Representative*

D 2536   (01/99)                              Endorsement: 3                    Page 1 of 1

P.20/38

## GREATAMERICAN.
IANCE COMPANIES
Cincinnati, Ohio 45202

Directors', Officers', Insured Entity
And Employment Practices Liability
Insurance Policy

ility

n

V

# EMPLOYMENT PRACTICES COVERAGE
## FOR THE INSURED ENTITY
### Prior/Pending Litigation Exclusion, Sublimit & Contract Employee Defined)

stood and agreed that Section IX. of the Policy is hereby amended by the addition of the

X. __O__ Employment Practices Coverage for the Insured Entity

lerstood and agreed that the following changes are made to the Policy:

Section I.C. of the Policy is deleted and replaced with the following:

C. The Insurer shall pay on behalf of the Insured Entity all Loss which the Insured Entity shall be legally obligated to pay as a result of an Employment Practices Claim or a Securities Claim first made against the Insured Entity during the Policy Period or the Discovery Period for a Wrongful Act.

Section III.L. of the Policy is amended by the addition of the following:

Loss, other than Costs of Defense, shall also not include:

(1)     any obligation of the Insured Entity pursuant to any federal, state or local statutory law governing employment or benefits including but not limited to the Fair Labor Standards Act, the National Labor Relations Act, the Worker Adjustment and Retraining Notification Act, the Consolidated Omnibus Budget Reconciliation Act of 1985, the Occupational Safety and Health Act;

(2)     any obligation of the Insured Entity as a result of a Claim seeking relief or redress in any form other than money damages, including but not limited to any obligation of the Insured Entity to modify any building or property; or

(3)     any obligation of the Insured Entity to pay salary, wages or other employment-related benefits to any employee under an express or implied contract;

---

Insured: AMERICAN COUNTRY HOLDINGS, INC.                                     AC-02270

Policy Period:  07/24/01 to Policy expiration                Policy Number:  DOLS741496

Endorsement Effective Date:  07/24/01

Countersigned by: _____
                          *Authorized Representative*

D 2843    (01/99)                                  Endorsement:  4              Page 1 of 2

**GREATAMERICAN.**
INSURANCE COMPANIES
580 Walnut Street, Cincinnati, Ohio 45202

Directors', Officers', Insured Entity
And Employment Practices Liability
Insurance Policy

## EMPLOYMENT PRACTICES COVERAGE
## FOR THE INSURED ENTITY
### (With Prior/Pending Litigation Exclusion, Sublimit & Contract Employee Defined)

provided, however, there shall be no coverage for Loss, including Costs of Defense, related to any Claim for any Wrongful Act of any Insured in connection with any pension or welfare plans of the Insured Entity, unless it is determined that coverage is provided for such Loss pursuant to Fiduciary Liability Coverage specifically endorsed to this Policy.

3. Section III.R.(2) of the Policy is deleted and replaced with the following:

   (2) any actual or alleged act, omission, error, misstatement, misleading statement, neglect or breach of duty, or Employment Practices Wrongful Act by the Insured Entity, but only with respect to Insuring Agreement I.C.;

4. Section III. F. of the Policy is deleted and replaced with the following:

   F. "Employment Practices Claim" shall mean any Claim brought by or on behalf of any past, present or future employee of the Company or Outside Entity, any Contract Employee or any applicant for employment with the Company or Outside Entity alleging an Employment Practices Wrongful Act.

5. Section III is amended by the addition of the following:

   S "Contract Employee" shall mean any individual who is leased or is contracted to the Company, or is an independent contractor for the Company, but only if such individual performs work or services for or on behalf of the Company.

6. As respects only Insuring Agreement I.C. above, it is understood and agreed that the Insurer shall not be liable to make any payment for Loss in connection with any Employment Practices Claim based upon, arising out of, relating to, directly or indirectly resulting from or in consequence of, or in any way involving any prior and/or pending civil, criminal, administrative or investigative proceeding as of _____7/24/01_____ involving the Insured Entity, or any fact, circumstance or situation underlying or alleged in such proceeding.

It is further understood and agreed that, as respects any Claim made against any Insured based upon, arising out of, relating to, directly or indirectly resulting from or in consequence of, or in any way involving an Employment Practices Wrongful Act, Item 3 of the Declarations is hereby amended to read as follows:

Item 3. Limit of Liability (Inclusive of Costs of Defense):                              AC-02271

   $ __1,000,000__    Aggregate Limit of Liability for the Policy Period.

This amended Limit of Liability is part of and not in addition to the Limit of Liability provided for in Item 3 of the Declarations.

Other than as stated above, nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, provisions, agreements or limitations of the Policy to which this endorsement is attached.

JUN-09-2003 16:01          ACIC                                    312 373 4434    P.34/36

*ExecPro*

Directors', Officers', Insured Entity
And Employment Practices Liability
Insurance Policy

# GREATAMERICAN.
### INSURANCE COMPANIES
580 Walnut Street, Cincinnati, Ohio 45202

## AMENDMENT TO DECLARATIONS PAGE
### Policy Period

It is understood and agreed that Item 2 of the Declarations is hereby amended to read as follows:

Item 2.  Policy Period:          From: __7/24/01__        To: __4/5/05__
                                       (Month, Day, Year)        (Month, Day, Year)

(Both dates at 12:01 a.m. Standard Time at the Address of the Corporation as stated in Item 1)

Other than as stated above, nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, provisions, agreements or limitations of the Policy to which this endorsement is attached.

Insured:  AMERICAN COUNTRY HOLDINGS, INC.

Policy Period:  07/24/01 to Policy expiration

Policy Number:  DOLS741496                    AC-02283

Countersigned by: _____
                        *Authorized Representative*

Endorsement Effective Date:  04/05/02

Endorsement:  5                    Page 1 of 1

D 2403    (01/99)

**GREATAMERICAN.**
INSURANCE COMPANIES
580 Walnut Street, Cincinnati, Ohio 45202

Directors', Officers', Insured Entity
And Employment Practices Liability
Insurance Policy

## AMENDMENT TO DECLARATIONS PAGE
### Premium

It is understood and agreed that Item 5 of the Declarations is hereby amended to read as follows:

Item 5. Premium: (Prepaid)      $ _____203,883_____

Other than as stated above, nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, provisions, agreements or limitations of the Policy to which this endorsement is attached.

Insured: AMERICAN COUNTRY HOLDINGS, INC.

Policy Period: 07/24/01 to Policy expiration

Countersigned by: _____
                    *Authorized Representative*

Policy Number: DOL5741496          AC-02284

Endorsement Effective Date: 04/05/02

D 2412   (01/99)

Endorsement: 6                Page 1 of 1

**GREATAMERICAN.**
INSURANCE COMPANIES
580 Walnut Street, Cincinnati, Ohio 45202

Directors', Officers, Insured Entity
And Employment Practices Liability
Insurance Policy

## RUN OFF COVERAGE

In consideration of the premium charged this policy is hereby converted to Run Off status by deleting
Section IX.E. and replacing it with the following:

Section IX.E.    Run Off Provisions

It is understood and agreed:

(1)    The Insurer shall not be liable to make any payment for Loss based upon, attributable
to, directly or indirectly resulting from, related to, or in consequence of, or in any way
involving any Wrongful Act committed after __4/5/02__ .

(2)    Section II. Discovery Period is hereby deleted in its entirety.

(3)    Section IX.A. of the Policy is hereby deleted in its entirety.

(4)    Section IX.D. of the Policy is hereby deleted in its entirety.

(5)    Section I. Insuring Agreements is hereby deleted in its entirety and replaced with the
following:

I.    Insuring Agreements
A. The Insurer shall pay on behalf of the Insured Persons all Loss which the
Insured Persons shall be legally obligated to pay as a result of a Claim
(including an Employment Practices Claim or a Securities Claim) first
made against the Insured Persons during the Policy Period for a Wrongful
Act, except for any Loss which the Company or Kingsway Financial
Services, Inc. actually pays as indemnification.

Insured: AMERICAN COUNTRY HOLDINGS, INC.

Policy Period:  07/24/01 to Policy expiration

Countersigned by: _____
                        *Authorized Representative*

Policy Number: DOLS741496          AC-02285

Endorsement Effective Date: 04/05/2002

D 2717   (01/99)

Endorsement  7               Page 1 of 2

GREATAMERICAN.
INSURANCE COMPANIES
580 Walnut Street, Cincinnati, Ohio 45202

Directors', Officers', Insured Entity
And Employment Practices Liability
Insurance Policy

## RUN OFF COVERAGE

B. The Insurer shall pay on behalf of the Company or Kingsway Financial Services, Inc. all Loss which the Insured Persons shall be legally obligated to pay as a result of a Claim (including an Employment Practices Claim or a Securities Claim) first made against the Insured Persons during the Policy Period for a Wrongful Act, but only to the extent the Company or Kingsway Financial Services, Inc. is required or permitted by law to indemnify the Insured Persons.

C. The Insurer shall pay on behalf of the Insured Entity all Loss which the Insured Entity or Kingsway Financial Services, Inc. shall be legally obligated to pay as a result of a Securities Claim first made against the Insured Entity during the Policy Period for a Wrongful Act.

AC-02286

Other than as stated above, nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, provisions, agreements or limitations of the Policy to which this endorsement is attached.

D 2717   (01/99)

Endorsement: 7                    Page 2 of 2

**GREATAMERICAN.**
INSURANCE COMPANIES
580 Walnut Street, Cincinnati, Ohio 45202

*Execpto*
Directors', Officers, Insured Entity
And Employment Practices Liability
Insurance Policy

## AMENDMENT TO DECLARATIONS PAGE

It is understood and agreed that Item 1 of the Declarations is hereby amended to read as follows:

Item 1. Corporation:    AMERICAN COUNTRY HOLDINGS, INC.

Mailing Address:    500 W. Madison Street
Suite 600
Chicago, IL 60661-4544

Attention:    John A. Dore - Chairman, President & CEO

Other than as stated above, nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, provisions, agreements or limitations of the Policy to which this endorsement is attached.

Insured: AMERICAN COUNTRY HOLDINGS, INC.

Policy Period: 07/24/01 to Policy expiration

Policy Number: DOLS741496    AC-02287

Endorsement Effective Date: 06/01/2002

Countersigned by: _____
*Authorized Representative*

Endorsement: 8    Page 1 of 1

D 2400 (01/99)