

**Pepper Hamilton LLP**
Attorneys at Law

The New York Times Building
37th Floor
620 Eighth Avenue
New York, NY 10018-1405
212.808.2700
Fax 212.286.9806

Kenneth J. King
direct dial: (212) 808-2703
kingk@pepperlaw.com

*MEMO ENDORSED*

February 28, 2008

Hand Delivery

The Honorable Richard M. Berman
United States District Court
Southern District of New York
500 Pearl Street, Room 650
New York, New York 10007-6512

    Re:    *Great American Insurance Co. v. Solomon, et. al*
           07-cv-6498 (S.D.N.Y.) (RMB)

Dear Judge Berman:

        We represent Plaintiff Great American Insurance Co. ("Great American") in the above captioned Interpleader action, and are writing in response to Defendants Kingsway Financial Services, Inc. and American Country Holdings, Inc.'s (collectively "Kingsway") request for a pre-motion conference on Kingsway's proposed motion to dismiss the Interpleader action. No pre-motion conference is necessary, as Kingsway's application is meritless.

        As the Court is aware, Great American initiated this Interpleader action as a disinterested stakeholder after four and a half years of litigation between Kingsway and seven of American Country's former officers and directors ("Insured Persons") in a related case pending before this Court. That litigation – which has been conducted by the Kingsway in a manner to maximize litigation expense and frustrate any possibility of settlement – has already resulted in the erosion of more than half of the $10 million Great American Policy covering the Insured Persons' defense. Discovery is not complete, and no trial is in sight. Moreover, notwithstanding multiple settlement conferences and mediation sessions sponsored by the Court, Kingsway's settlement demands remain in excess of the remaining policy limits. At times, Kingsway has made those demands on some, but not all of the Insured Persons.

        Kingsway posits that because Kingsway has decided that it will not settle with any of the Insured Persons (for the moment), there is no basis for this Interpleader to go forward. However, Interpleader is proper whenever a stakeholder "legitimately fear[s] multiple liability

> Application for another motion is respectfully denied (without prejudice). Any + all arguments could + should have been included in Kingsway's response to Great American's motion to dismiss.
>
> SO ORDERED
> Date: 2/29/08  *Richard M. Berman*
> Richard M. Berman, U.S.D.J.

**Pepper Hamilton LLP**
Attorneys at Law

The Honorable Richard M. Berman
Page 2
February 28, 2008

directed against a single fund...." <u>Fidelity Brokerage Services, LLC v. Bank of China</u>, 192 F. Supp. 2d 173, 178 (S.D.N.Y. 2002); see also <u>Washington Elec. Co-Op, Inc. v. Patterson, Walke & Pratt, P.C.</u>, 985 F.2d 677, 679 (2d Cir. 1993) ("what triggers Interpleader is 'a real and reasonable fear of double liability or vexatious, conflicting claims."). Here, Great American is obligated to fund the defense or settlement of the claims in the Related Action for seven insureds (represented by three law firms) from the remainder of the Policy proceeds. At the same time, Kingsway has taken the position that those funds are insufficient to settle the case as to any of the insureds, and there is no end to the litigation in sight. Accordingly, the risk that Great American will be subject to competing claims for the remainder of the Policy proceeds is real and palpable. Kingsway cannot remove that risk by strategically changing its settlement position as it sees fit.

   Finally, if any claim in this action has been extinguished by the failure of a settlement in the Related Action, it is Kingsway's bad faith counterclaim. Kingsway expressly predicated that claim on its ability to obtain an assignment of rights from the Insured Persons against Great American. <u>See</u> Answer and Counterclaim ¶¶ 54-55. Because no assignment of rights has occurred, Kingsway lacks standing to assert the bad faith counterclaim for the reasons set forth in Great American's pending motion to dismiss.

   For the foregoing reasons, the Court should reject Kingsway's request for a pre-motion conference.

              Respectfully submitted,

              Kenneth J. King

KJK

cc: Sue C. Jacobs, Esq.
   Lewis J. Liman, Esq.
   Scott O. Reed, Esq.
   John Siffert, Esq.