UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------- X

GREAT AMERICAN INSURANCE COMPANY          :

           Plaintiff,          :

    v.          :          07 CIV 6498 (RMB)

MARTIN L. SOLOMON, et. al.,          :

           Defendants.          :

                                    :

------------------------------------------------- X

## REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO DISMISS THE COUNTERCLAIM OF DEFENDANTS KINGSWAY FINANCIAL SERVICES AND AMERICAN COUNTRY HOLDINGS, INC.

Kenneth J. King (KK 3567)
Pepper Hamilton LLP
The New York Times Building
37th Floor
620 Eighth Avenue
New York, NY 10018-1405
(212) 808-2700

Robert L. Hickok
Christopher J. Huber (CH 1234)
Pepper Hamilton LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103
(215) 981-4000

*Attorneys for Plaintiff Great American Insurance Company*

February 29, 2007

**TABLE OF CONTENTS**

I.    INTRODUCTION ............................................................................................................ 1

II.   KINGSWAY AND ACHI – THE THIRD PARTY CLAIMANTS IN THE RELATED
ACTION – LACK STANDING TO ENFORCE THE DUTY OF GOOD FAITH GREAT
AMERICAN OWES TO THE INSURED PERSONS ................................................................ 2

    A.   ACHI is Not Entitled to Standing By Virtue of Its Status as an "Insured Entity" Under the
Policy .......................................................................................................................... 3

    B.   ACHI is Not Entitled to Standing on its Third Party Beneficiary or Real Party in Interest
Theories ....................................................................................................................... 4

III.  THE COUNTERCLAIM FAILS TO STATE A CLAIM FOR RELIEF ........................... 6

    A.   The Documents Submitted by Great American in Support of Its Motion Are Properly
Before the Court ............................................................................................................ 6

    B.   The Counterclaim Fails to Plead Facts that Plausibly Suggest Great American Has Acted
in Bad Faith .................................................................................................................. 7

    C.   The Court Should Dismiss Kingsway's Punitive Damages Claim .................................. 10

IV.   CONCLUSION ............................................................................................................. 10

## TABLE OF AUTHORITIES

### CASES

AT&T Communications v. Shaar Fund, Ltd., 493 F.3d 87 (2d Cir. 2007) ....................................8

Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007)............................................................7

Chambers v. Time Warner, Inc., 282 F.3d 147 (2d Cir. 2002).....................................................6

Continental Casualty Co. v. Nationwide Indemnity Co., 798 N.Y.S.2d 434 (N.Y. App. Ct. 2005) .................................................................................................................................3

Essex Insurance Co. v. Five Star Dye House, Inc., 137 P.2d 192 (Cal. 2006) ..............................3

MBIA Insurance Corp. v. Royal Indemnity Corp., 519 F. Supp. 2d 455 (D. Del. 2007)...............3

Magnifico v. Blumenthal, 471 F.3d 391 (2d. Cir. 2006) ..............................................................7

Moore U.S.A., Inc. v. Standard Register Co., 139 F. Supp. 2d 348 (W.D.N.Y. 2001) ..................7

Warner v. U.S. Securities & Futures Corp., 685 N.Y.S.2d 25 (N.Y. App. Ct. 1999) ....................3

Wedtech v. Federal Insurance Co., 740 F. Supp. 214 (S.D.N.Y. 1990) ........................................5

Yonkers Contracting Co., Inc. v. General Star National Insurance Co., 14 F. Supp. 2d 365 (S.D.N.Y. 1998)...................................................................................................................9

## I.    INTRODUCTION

In opposing Plaintiff Great American Insurance Company's ("Great American") motion, Defendants Kingsway Financial Services, Inc. and American Country Holdings, Inc. ("ACHI") (collectively "Kingsway") fail to establish why this Court should not dismiss their bad faith counterclaim for (a) lack of standing or (b) failure to state a claim.

With respect to standing, Kingsway claims that it has the right to enforce the duty of good faith owed by Great American under its Director's and Officer's Liability Policy Number DOL5741496 ("Policy") to ACHI's former directors and officers ("Insured Persons") with respect to claims asserted by Kingsway against the Insured Persons in this Court ("Related Action"). Kingsway seeks to assert this claim as a placeholder in the event that Kingsway succeeds on the merits of its underlying action in an amount that exceeds the Policy limits and the Insured Persons assign their rights against Great American to Kingsway (neither of which has occurred here). As Kingsway's opposition admits, however, under the Policy, any duty of good faith relating to settlement of the Related Action is owed only to the Insured Persons, and the Insured Persons have not assigned their rights to Kingsway. More importantly, Kingsway's opposition ignores that Kingsway and ACHI are responsible for the claims against the Insured Persons that have led to this Interpleader. Regardless of duties that Great American might owe ACHI under other Policy provisions, neither Kingsway nor ACHI are entitled to enforce the duty of good faith owed to the Insured Persons while acting as adverse claimants prosecuting the Related Action.

With respect to the sufficiency of its pleading, Kingsway has made no attempt to demonstrate how its Counterclaim pleads facts sufficient to plausibly assert a bad faith claim against Great American. As explained in Great American's motion, to the extent the

Counterclaim's allegations are not contradicted by the record in the Related Action, they only demonstrate a routine exchange of settlement offers, which is insufficient to state a claim under New York law. In response, Kingsway has ignored Great American's arguments, and has simply reprinted large portions of their counterclaim and exhibits. But repeating conclusory allegations does not make them sufficient. Great American is entitled to dismissal of the Counterclaim for all the reasons asserted in its motion.

## II.    KINGSWAY AND ACHI – THE THIRD PARTY CLAIMANTS IN THE RELATED ACTION – LACK STANDING TO ENFORCE THE DUTY OF GOOD FAITH GREAT AMERICAN OWES TO THE INSURED PERSONS

Kingsway argues that it has standing to assert a bad faith claim against Great American in the absence of an assignment from the Insured Persons because (1) ACHI is an additional "Insured Entity" under the Policy; (2) ACHI is entitled to enforce duties that are owed to the Insured Persons as third party beneficiaries under the Policy; and (3) Kingsway and ACHI are real parties in interest.[1] None of these arguments are of consequence here. In each instance, Kingsway ignores that Kingsway and ACHI are adverse to the Insured Persons in the Related Action, a critical fact that distinguishes this case from all the authority upon which Kingsway relies. Having chosen to act adversely to the Insured Persons in the Related Action, Kingsway should not be permitted to control the settlement duties that are owed only to the Insured Persons

---

[1] Kingsway also argues that the fact that Great American has named them as Defendants in the Interpleader action is a "tacit admission of standing." Opp. at 18. Being named a defendant to an action does not provide a party with an unfettered right to assert a counterclaim that belongs to a co-defendant. By naming Kingsway and ACHI as Defendants in the Interpleader, Great American simply acknowledged their potential right to participate in proceedings that will determine how to apportion the remaining Policy limits.

under the Policy, absent an assignment of rights.[2]

### A.    ACHI is Not Entitled to Standing By Virtue of Its Status as an "Insured Entity" Under the Policy

As set forth in Great American's motion, it is well established that the duty of good faith with respect an insurer's settlement obligations may not be enforced by third party claimants. Br. at 12-13 (collecting cases); Continental Cas. Co. v. Nationwide Indem. Co., 798 N.Y.S.2d 434, 434 (N.Y. App. Ct. 2005); see also, e.g., Essex Ins. Co. v. Five Star Dye House, Inc., 137 P.2d. 192, 196 (Cal. 2006) ("The duty to settle and the covenant of fair dealing, however, were designed to benefit the insured, not injured third party claimants.") Kingsway attempts to distinguish these cases based on ACHI's status as an "Insured Entity" and its claimed relationship with Great American under the Policy. Opp. at 18-19.  However, where Kingsway and ACHI (1) have affirmatively chosen to bring claims against the Insured Persons; and (2) are owed no duty with respect to settlement of claims against the Insured Persons under the Policy, they stand in the shoes of and must be treated as a third party claimants with respect to Section VII.A of the Policy, infra.  "A party can be a beneficiary of some promises in a contract and not of others." MBIA Ins. Corp. v. Royal Indem. Corp., 519 F. Supp. 2d 455, 464 (D. Del. 2007), citing Warner v. U.S. Secs. & Futures Corp., 685 N.Y.S.2d 25, 26 (N.Y. App. Ct. 1999).  Any different result would unfairly and illogically cede rights of the Insured Persons relating to settlement under the Policy to the control of an adverse party.[3]

---

[2] Indeed, Kingsway's repeated lament that it may be forced to indemnify its former officers and directors for further defense costs in the Related Action ignores the fact that Kingsway is causing those fees to be expended in the first instance by prosecuting the Related Action.

[3] Kingsway has not cited any authority to support the proposition that ACHI is entitled to control Great American's obligations to the Insured Persons' in the context of a lawsuit brought

(continued...)

This result is reinforced by the Policy's terms. Specifically, Kingsway argues that ACHI has standing to enforce the duty of good faith relating to settlement as an "Insured Entity" under the Policy. Opp. at 18-19. Section III.J of the Policy provides that ACHI and its subsidiaries constitute the "Insured Entity" under the policy, "*but only* with respect to coverage provided under Insuring Agreement I.C." Policy § III.J (emphasis added). Insuring Agreement I.C., in turn, only addresses ACHI's rights in the event an "Employment Practices Claim" or a "Securities Claim" is made against ACHI directly. Policy, Run Off Coverage § (5)(I)(C). That section has no applicability here, where ACHI has affirmatively asserted claims against the Insured Persons. Indeed, Kingsway has acknowledged in the Counterclaim that the claims in the Related Action only implicate Sections I.A and I.B of the policy. Counterclaim ¶ 37. Therefore, despite ACHI's status as a nominal "Insured Entity," it is not "Insured" within the meaning of the Policy with respect to the Related Action. The Policy makes clear that Great American's duties with respect to settlement (including the duty of good faith) run only to "Insureds":

> The Insureds shall not incur Costs of Defense, or admit liability, offer to settle, or agree to any settlement in connection with any Claim without the express written consent of the Insurer, whose consent shall not be unreasonably withheld.

Policy § VII.A.

### B. ACHI is Not Entitled to Standing on its Third Party Beneficiary or Real Party in Interest Theories

Alternatively, Kingsway argues that ACHI it is entitled to enforce the duty of good faith because the duties that Great American owes to the Insured Persons constitute a third

_____

(continued...)

by one insured against the remaining insureds, and Great American is not aware of any such authority.

party beneficiary contract, and it is a "real party in interest" under Federal Rule of Civil Procedure 17(a).

In making both arguments, Kingsway relies heavily on <u>Wedtech v. Federal Insurance Co.</u>, 740 F. Supp. 214 (S.D.N.Y. 1990), which is readily distinguishable from this case. In <u>Wedtech</u>, an insurer sought to void a D&O policy on the grounds that certain directors and officers made material misrepresentations with respect to the policy application. <u>Id.</u> at 217. In response, the company brought an action against the insurer seeking to enforce the terms of the policy as to the remaining insured persons. <u>Id.</u> In resolving the insurer's motion to dismiss, the district court held that the company had standing to enforce the insurer's obligations to provide benefits to the directors and officers. <u>Id.</u> at 218. This conclusion is entirely understandable – the company was protecting the insureds' rights.

By contrast, in this case there is no allegation that Great American has refused to acknowledge its obligations to the Insured Persons under the Policy. The factual allegations of the Counterclaim make clear that Great American has coordinated with the Insured Persons to provide responses to Kingsway's settlement demands in the Related Action. <u>See</u> Counterclaim ¶¶40-51. Indeed, the only allegation of a breach relates to an implied duty of good faith (as to duties owed to the Insured Persons), and is made by parties who remain adverse to the Insured Persons in the Related Action and to whom the Insured Persons have not assigned their rights under the Policy.[4] In such circumstances, the Court should refuse to provide Kingsway with the

---

[4] Kingsway apparently recognized this frailty in its counterclaim, where it specifically couched its bad faith claim as hypothetical and contingent on a possible future assignment by the Insured Persons. Counterclaim ¶54.

right to enforce contractual duties which Great American owes only to the Insureds.[5]  The Court should dismiss Kingsway's counterclaim for lack of standing.

## III.    THE COUNTERCLAIM FAILS TO STATE A CLAIM FOR RELIEF

### A.    The Documents Submitted by Great American in Support of Its Motion Are Properly Before the Court

In an attempt to avoid the merits of Great American's 12(b)(6) argument, Kingsway argues that Great American "improperly relies upon documents that are neither incorporated or referenced in the Counterclaim," and that therefore all of "the Exhibits introduced by Great American should be disregarded by the Court . . . ."  Opp. at 15-16.  Aside from these conclusory assertions, however, Kingsway does not specify which exhibits they believe are improperly before the Court, or how they were improperly used.  The Court should not disregard Great American's exhibits just because Kingsway says (without support) that they are improper.

In fact, the thirteen exhibits submitted with Great American's motion to dismiss fall within two well established categories of materials that may be considered on a Rule 12(b)(6) motion.  Eleven of those exhibits consist of documents in the record before this Court in the Related Action, including the Docket itself, as well as pleadings and correspondence submitted to the Court.  See Jan. 10, 2008 Declaration of Kenneth J. King ("King Decl."), Exs. 1-8, 11-13.  Such documents are subject to judicial notice, and therefore can be considered on a Rule 12(b)(6) motion.  See Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002) (On a motion to dismiss, the court may consider "matters of which judicial notice may be

---

[5] Consistent with Wedtech, none of the other "third party beneficiary" authority identified by Kingsway addresses the situation here, where the policyholder is adverse to the covered insureds in the action for which the insurer is providing coverage.

taken."); <u>Moore U.S.A., Inc. v. Standard Register Co.</u>, 139 F. Supp. 2d 348, 363 (W.D.N.Y. 2001) (matters of public record may be considered on a 12(b)(6) motion, including "pleadings in another action.")  Indeed, it defies common sense to suggest that this Court cannot take judicial notice of publicly available records in a case that has been pending before the Court for over five years.

The remaining two exhibits are settlement correspondence that are both directly referenced in the Kingsway Defendants' counterclaim.  Exhibit 10 is a March 3, 2006 letter from Harold Ruvoldt to John Siffert that is not only quoted in paragraph 49 of Kingsway's Counterclaim, but is also attached to Kingsway's opposition to this motion.  <u>See</u> Counterclaim ¶49; King Decl. Ex. 10.  Exhibit 9 is a January 10, 2005 letter in which Kingsway rejected the Insured Persons' initial settlement offer of $500,000 (without making a counteroffer or requesting additional discussions), as discussed in Paragraph 42 of the Counterclaim.  Counterclaim ¶42; King Decl. Ex. 9.  Accordingly, both letters may properly be considered by the court as documents that are referred to and/or incorporated in the Counterclaim.  <u>See</u> <u>Magnifico v. Blumenthal</u>, 471 F.3d 391, 398 (2d. Cir. 2006).[6]

**B.    The Counterclaim Fails to Plead Facts that Plausibly Suggest Great American Has Acted in Bad Faith**

In moving to dismiss Kingsway's bad faith claim, Great American argued that Kingsway failed to plead facts sufficient to state a claim for relief in light of the Supreme Court's decision in <u>Bell Atl. Corp. v. Twombly</u>, 127 S. Ct. 1955, 1974 (2007), which modified the Rule 8 pleading requirements.  After <u>Twombly</u>, to overcome a Rule 12(b)(6) motion, a pleading must

---

[6] Further, as the Second Circuit has recognized, any harm to the claimant that results from the consideration of extrinsic evidence on a Rule 12(b)(6) motion is "largely dissipated" where, as here, Kingsway has had actual notice of the documents and has relied on the documents in framing its claim.  <u>Magnifico</u>, 471 F.3d at 398.

contain "enough facts to state a claim to relief that is plausible on its face." Id. at 1965-66;

AT&T Communications v. Shaar Fund, Ltd., 493 F.3d 87, 98 n.2 (2d Cir. 2007) ( "plausibility"

requirement applies to all claims under Rule 8). Remarkably, Kingsway's opposition contains

no mention of the Twombly standard, much less its applicability to the Counterclaim.

   As explained in Great American's motion, even when viewed favorably to

Kingsway, the facts alleged in the Counterclaim at best establish that the parties in the Related

Action failed to reach a settlement after the exchange of three sets of settlement offers in 2005-

06. Br. at 14-18. These facts are insufficient to plausibly suggest a bad faith claim under New

York law – that Great American engaged in a "gross disregard of the interests of its Insureds."

Id. In an effort to transform this routine settlement exchange into bad faith conduct, the

Counterclaim pleads that (1) Great American refused to consider Kingsway's claim for damages

in excess of $100 million at the time the offer was made and (2) Great American allegedly

refused to participate in settlement negotiations. Id. However, these "facts" are either belied or

entirely contradicted by the public judicial record in the Related Action. Id. First, Kingsway's

$100 million damages claim was made prior to the close of the pleadings, at a time when liability

and damages were seriously contested (as they continue to be now).[7] Id. Second, the allegation

that Great American refused to participate in settlement negotiations is false, because the judicial

record establishes Great American's participation in such discussions throughout the course of

the action. Id.

   In their opposition, Kingsway entirely ignores these arguments and instead resorts

to restating the elements of a bad faith claim under New York law (Opp. at 5-7), and reprinting

---

[7] Although Kingsway now claims damages exceeding $300 million, it has admitted that it can only prove those damages via expert testimony, which it has never identified or produced.

large portions of their Counterclaim and Exhibits (Opp. at 10-14). Kingsway then simply repeats its hollow conclusions that these allegations somehow demonstrate Great American's "extreme indifference," "extraordinary indifference," "utter disregard" and/or "gross disregard" to the interests of Great American's insureds. Opp. at 8-10, 14. Merely repeating these conclusions, however, does not make them so. After <u>Twombly</u>, Rule 8 requires facts that plausibly suggest a right to recovery, not empty rhetoric. By failing to address Great American's substantive arguments, Kingsway has conceded them.

Moreover, none of the cases cited by Kingsway are sufficient to save their Complaint. For example, Kingsway urges the Court to deny Great American's motion on the basis of <u>Yonkers Contracting Co., Inc. v. General Star National Insurance Co.</u>, 14 F. Supp. 2d 365 (S.D.N.Y. 1998). In <u>Yonkers</u>, the court refused to dismiss a bad faith claim against an excess carrier who entirely refused to offer the proceeds of an underlying policy to settle an action against the insured prior to the beginning of trial, contrary to promises made to the insureds. <u>Id.</u> at 374. In contrast, here the allegations of the Counterclaim and underlying record make clear that Great American participated in settlement discussions by facilitating counteroffers on behalf of the Insured Persons at all times. Br. at 17-18. <u>Anasonia Assoc. Limited Partnership v. Public Service Mut. Ins. Co.</u> is similarly distinguishable, as in that case the New York Appellate Court refused to dismiss a bad faith claim against an insurer who refused to make any settlement offer prior to trial, even after being instructed by counsel that settlement was reasonable and advisable. 692 N.Y.S.2d 5, 9 (N.Y. App. Ct. 1999). Of course, here, Kingsway simply did not like the offer made by Great American, a very different situation.

In sum, Kingsway has failed to provide facts or law that rebut Great American's substantive arguments, and the Court should dismiss the counterclaim in its entirety for failure to state a claim under Rule 8(a).

## C.    The Court Should Dismiss Kingsway's Punitive Damages Claim

In moving to dismiss Kingsway's counterclaim, Great American explained that Kingsway's counterclaim did not meet New York's rigorous standard for pleading a punitive damages claim in the context of a bad faith action. Kingsway has not opposed this aspect of Great American's motion. Accordingly, the punitive damages claim must be dismissed under Rule 8(a).

## IV.    CONCLUSION

For all the reasons stated above, Great American respectfully requests that the Court dismiss Kingsway's Counterclaim.

Respectfully submitted,

Dated: February 29, 2007

_/s/ Kenneth J. King_
Kenneth J. King (KK 3567)
Pepper Hamilton LLP
The New York Times Building
37th Floor
620 Eighth Avenue
New York, NY 10018-1405
(212) 808-2700

Robert L. Hickok
Christopher J. Huber (CH 1234)
Pepper Hamilton LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103
(215) 981-4000

*Attorneys for Plaintiff Great American Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of February 2006, a copy of the foregoing Reply Memorandum in Support of Defendants Motion to Dismiss the Counterclaim of Defendants Kingsway Financial Services, Inc. and American Country Holdings, Inc. was served on all counsel of record in the manner indicated below

Via Electronic-Filing through
the Court's ECF System

Scott O. Reed, Esq.
Reardon Golinkin & Reed
208 S. LaSalle Street, Suite 1290
Chicago, IL 60604-1102

Lewis Liman, Esq.
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, NY 10006-1470

John S. Siffert, Esq.
Lankler Siffert & Wolf LLP
500 Fifth Avenue - 33rd Floor
New York, NY 10110-3398

Sue C. Jacobs, Esq.
Goodman & Jacobs LLP
75 Broad Street, 30th Floor
New York, New York 10004

Via First Class Mail

Eric B. Fisher
Morgenstern, Fisher & Blue LLC
885 Third Avenue
New York, New York 10022

        /s/ Kenneth J. King
        Kenneth J. King