UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
GREAT AMERICAN INSURANCE CO.,

                             Plaintiff,

             - against -

MARTIN L. SOLOMON, et al.,

                             Defendants.
------------------------------------------------------------x

07 Civ. 6498 (RMB)

**ORDER**

## I.  Background

On July 18, 2007, Great American Insurance Company ("Great American") commenced this (interpleader) action regarding the proceeds of Director's and Officer's Liability Policy Number DOL 5741496 issued by Great American to American Country Holdings, Inc. ("ACHI") and covering the period July 24, 2001 through July 24, 2002 ("Policy"). The Policy provides, among other things, $10 million in coverage to ACHI's directors and officers. Great American alleges that the Policy's $10 million policy limit has been "substantially eroded" as a result of the defense costs incurred by certain of ACHI's former directors and officers, including Martin L. Solomon, Edwin W. Elder, William J. Barrett, Wilmer J. Thomas, Jr., John A. Dore, Karla Violetto ("Insured Defendants"), in the securities fraud action commenced on July 25, 2003 by ACHI and Kingsway Financial Services, Inc. ("Kingsway") entitled Kingsway Financial Services, Inc. v. Pricewaterhousecoopers, LLP, et al., Case No. 03-Cv-5560 (RMB) ("Related Action"). (See Great American First Amended Complaint, dated Sept. 17, 2007 ("Compl."), ¶ 20.) Great American seeks "to resolve multiple and competing demands to the remaining proceeds [less than $2 million] of the Policy . . . ." (Compl. ¶ 6.)[1]

---

[1] (See Transcript of Oral Argument, dated April 24, 2008.)

On November 15, 2007, ACHI and Kingsway filed a counterclaim against Great American ("Counterclaim") alleging, among other things, that Great American breached its "duty of good faith and fair dealing" by "unreasonably refus[ing] to settle or otherwise resolve the claims asserted against the Insured [Defendants] in the Related Action within the limits of the Great American policy, despite the opportunity and demand to do so." (Counterclaim ¶¶ 40, 58-60.)

On January 10, 2008, Great American moved to dismiss the Counterclaim because: (A) "Kingsway is not an insured under the Policy, and ACHI is not insured with respect to the Related Action"; and (B) ACHI and Kingsway "failed to plead facts that plausibly demonstrate a bad faith claim." (Great American Memorandum of Law, dated Jan. 10, 2008 ("Great Am. Mem."), at 10-19.) On February 15, 2008, ACHI and Kingsway opposed the motion to dismiss, arguing that: (A) ACHI and Kingsway have standing to sue because, among other reasons, "they are the real parties in interest"; and (B) the "determination of whether an insurer has acted in bad faith is highly fact specific," and "courts are reluctant to dismiss . . . at the pre-answer stage." (ACHI and Kingsway Memorandum of Law, dated Feb. 15, 2008 ("ACHI Mem."), at 5-25.) Great American filed a Reply Memorandum of Law on February 29, 2008 ("Great Am. Reply"). The Court heard oral argument on April 24, 2008.

**For the reasons set forth below, the Court grants Great American's motion to dismiss the Counterclaim.**

II.     **Legal Standard**

"The burden to establish standing rests on the party asserting its existence. At the pleading stage, the plaintiff bears the burden of clearly . . . alleg[ing] facts demonstrating that [it] is a proper party to invoke judicial resolution of the dispute." In re AOL Time Warner, Inc.

Secs. and "ERISA" Litig., 381 F. Supp. 2d 192, 245 (S.D.N.Y. 2004) (citations and internal quotation marks omitted).

"In reviewing a Rule 12(b)(6) motion, this Court must accept the factual allegations of the complaint as true and must draw all reasonable inferences in favor of the plaintiff." Bernheim v. Litt, 79 F.3d 318, 321 (2d Cir. 1996). At the same time, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." Bell Atlantic v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (citation and internal quotation marks omitted).

"The purpose of the ripeness requirement is to ensure that a dispute has generated injury significant enough to satisfy the case or controversy requirement of Article III of the U.S. Constitution." Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 90 (2d Cir. 2002). A case is ripe when its viability does not depend upon "uncertain and contingent future events that may not occur as anticipated, or indeed may not occur at all." AMSAT Cable Ltd. v. Cablevision of Conn. Ltd. P'ship, 6 F.3d 867, 872 (2d Cir. 1993) (quotations omitted).

**III.   Analysis**

   **(A)   Subject Matter Jurisdiction**

Great American argues that Kingsway and ACHI lack standing to assert the Counterclaim because, among other reasons, "the claims in the Related Action are only asserted against the Insured [Defendants]"; "Kingsway is not an insured under the Policy"; and "ACHI is not insured with respect to the Related Action." (Great Am. Mem. at 12.) ACHI and Kingsway counter that, among other things, ACHI "purchased the Great American policy; is in contractual privity with Great American; and is entitled to Great American's good faith performance of that contract." (ACHI Mem. at 20.)

Kingsway is neither a promisee nor a beneficiary under the Policy. See, e.g., Maertin v. Armstrong World Indus., Inc., 241 F. Supp.2d 434, 454 (D.N.J. 2002) (insured's creditor does not have standing to assert claim for bad faith settlement negotiations). The Counterclaim asserted by Kingsway is dismissed. Manson v. Stacescu, 11 F.3d 1127, 1133 (2d Cir. 1993) (affirming dismissal with prejudice because plaintiffs lacked standing and amending the complaint would be futile).

ACHI appears to have standing to assert a counterclaim as the promisee under the Policy:

> In the D & O polic[y], . . . [Great American] would pay on behalf of [ACHI] all loss for which [ACHI] granted indemnification to each officer and director. The polic[y] [is] clearly [a] third-party beneficiary contract[], in which [Great American] is the promisor, [ACHI] the promisee and the officers and directors third-party beneficiaries. Under New York law, a promisee for the benefit of third parties may enforce the promise on behalf of the third parties. Therefore, [ACHI] can clearly bring this action in an effort to enforce [Great American's] obligation to pay the directors and officers.

Wedtech Corp. v. Federal Ins. Co., 740 F. Supp. 214, 219 (S.D.N.Y. 1990) (citations omitted).

At the same time, the Counterclaim should be dismissed because it is not yet ripe for resolution. See Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co., 261 F. Supp.2d 293, 294 (S.D.N.Y. 2003) ("Ripeness is jurisdictional in nature and therefore properly considered on a motion to dismiss . . . pursuant to Rule 12(b)(1)."). "[A] court . . . will raise lack of subject-matter jurisdiction on its own motion." Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982). Under New York law, "the cause of action based on an insurer's bad faith refusal to settle accrues upon entry of the judgment in the underlying action." New York Pattern Jury Instructions – Civil PJI 4:67 Comment (2007); accord New England Ins. Co. v. Healthcare Underwriters Mut. Ins. Co., 333 F. Supp.2d 87, 89 (E.D.N.Y. 2004); Roldan v. Allstate Ins. Co., 149 A.D.2d 20, 27-29, 544 N.Y.S.2d 359, 363-64 (2d Dep't

1989); 2B Carmody-Wait 2d § 13:228 (2008); see also Certain Underwriters at Lloyd's, London v. St. Joe Minerals Corp., 90 F.3d 671, 676 (2d Cir. 1996).

**(B)    Bad Faith Claim**

"Since this case does not present an actual controversy ripe for judicial intervention, I need not address the arguments going to the merits . . . ." Empire State Pharm. Soc., Inc. v. Perales, 672 F. Supp. 146, 148 (S.D.N.Y. 1987).

**IV.    Conclusion and Order**

For the reasons set forth above, the Court grants Great American's motion [23] to dismiss the Counterclaim asserted by Kingsway and ACHI for lack of subject matter jurisdiction.

Dated: New York, New York
April 24, 2008

_____
RICHARD M. BERMAN, U.S.D.J.

5