USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/02/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
GREAT AMERICAN INSURANCE CO.,          :
                                   Plaintiff,    :    07 Civ. 6498 (RMB)
                                  - against -   :
                                               :    <u>ORDER</u>
MARTIN L. SOLOMON, et al.,             :
                                 Defendants.   :
------------------------------------------------------------x

**I.    Background**

On July 18, 2007, Great American Insurance Company ("Great American") commenced this (interpleader) action regarding the proceeds of Director's and Officer's Liability Policy Number DOL 5741496 issued by Great American to American Country Holdings, Inc. ("ACHI") for the period July 24, 2001 through July 24, 2002 ("Policy"). Great American alleged that the Policy's $10 million limit has been "substantially eroded" as a result of the defense costs incurred by certain of ACHI's former directors and officers in the securities fraud action commenced on July 25, 2003 by ACHI and Kingsway Financial Services, Inc. ("Kingsway") entitled <u>Kingsway Financial Services, Inc. v. Pricewaterhousecoopers, LLP, et al.</u>, Case No. 03-Cv-5560 (RMB) ("Related Action"). (<u>See</u> Great American First Amended Complaint, dated Sept. 17, 2007 ("Compl."), ¶ 20.)

On November 15, 2007, ACHI and Kingsway filed a counterclaim against Great American ("Counterclaim") alleging, among other things, that Great American breached its "duty of good faith and fair dealing" by "unreasonably refus[ing] to settle or otherwise resolve the claims asserted against the Insured [Defendants] in the Related Action within the limits of the

Great American policy, despite the opportunity and demand to do so." (Counterclaim ¶¶ 40, 58-60.)

On April 24, 2008, the Court issued an Order ("Dismissal Order") which, among other things: (1) dismissed the Counterclaim asserted by Kingsway because "Kingsway is neither a promisee nor a beneficiary under the Policy"; and (2) dismissed the Counterclaim asserted by ACHI because, although "ACHI appears to have standing to assert a counterclaim as the promisee under the Policy," the Counterclaim "is not yet ripe for resolution" because "the cause of action based on an insurer's bad faith refusal to settle accrues upon entry of the judgment in the underlying action." (Dismissal Order at 4-5 (citation omitted).)

In a letter to the Court, dated April 25, 2008, Kingsway stated that it wished to "correct" the Dismissal Order to reflect that Kingsway is, in fact, "an insured under the policy" based upon a "Run Off Coverage Endorsement" to the Policy, dated April 5, 2002. (Kingsway Letter, dated April 25, 2008 ("Motion for Reconsideration").)[1] In a letter to the Court, dated April 30, 2008, Great American countered, among other things, that: (1) "[t]here is no need for the Court to revisit its decision" because Kingsway "does not identify any information that was not before the Court as part of the record on Great American's Motion to Dismiss"; and (2) Kingsway's Counterclaim should, as was the case of ACHI's Counterclaim, be dismissed as "unripe." (Great American Letter, dated April 30, 2008.)

---

[1] While Kingsway's letter does not expressly move for reconsideration or otherwise ask for relief, "the Court will construe [the] letter as a motion for reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, and Rule 6.3 of the Local Rules for the United States Courts for the Southern and Eastern Districts of New York." Allen v. Costello, 2008 WL 361191, at *1 (E.D.N.Y. Feb. 8, 2008).

2

**For the reasons set forth below, the Court grants Kingsway's Motion for Reconsideration (and revises the April 24, 2008 Dismissal Order to reflect that Kingsway is a named insured under the Policy).**

II.  **Legal Standard**

"The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Virgin Atlantic Airways, Ltd. v. National Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (citation omitted).

III. **Analysis**

Preliminarily, the Court notes that Kingsway could have, but did not, raise the point that Kingsway is "an insured under the policy" in its original motion papers, dated February 15, 2008, opposing Great American's motion to dismiss, dated January 10, 2008. In its moving brief, Great American expressly argued that Kingsway lacked standing to assert the Counterclaim because, among other reasons, "Kingsway is not an insured under the Policy." (Great American Memorandum of Law, dated Jan. 10, 2008, at 12.) In response, Kingsway did not dispute Great American's assertion or reference the Run Off Coverage Endorsement. (ACHI and Kingsway Memorandum of Law, dated Feb. 15, 2008 ("Kingsway Mem."), at 18-25.) Rather, the basis Kingsway offered to support its standing was that it was "named . . . as [a] defendant[] in the Interpleader action, a tacit admission of standing." (Kingsway Mem. at 18; see id. at 24.)[2]

---

[2] "The purpose of a motion [for reconsideration] is not to start a new round of arguments in which a party can simply make new arguments which should have been made originally . . . ." Forsyth v. Federation Employment and Guidance Service, 2003 WL 943855, at *1 (S.D.N.Y. March 6, 2003).

At the same time, the "Run Off Coverage Endorsement," dated April 5, 2002, to which Kingsway now refers, appears to name Kingsway as an additional beneficiary under the Policy, and this fact is not disputed in Great American's letter of April 30, 2008 (see Run Off Coverage Endorsement, dated April 5, 2002). The Dismissal Order is, accordingly, modified to reflect that Kingsway, like ACHI, "appears to have standing to assert a counterclaim as [a] promisee under the Policy" (Dismissal Order at 4). See Vaughn v. Consumer Home Mortg. Co., Inc., 470 F.Supp.2d 248, 268 n.21 (E.D.N.Y. 2007) (granting reconsideration motion "in the interests of justice" despite the fact that the new argument should have been made in the original motion papers).

It should be noted that the above modification does not change the ultimate result of the Dismissal Order, since Kingsway's Counterclaim, like ACHI's Counterclaim, "is not yet ripe for resolution" because "the cause of action based on an insurer's bad faith refusal to settle accrues upon entry of the judgment in the underlying action." (Dismissal Order at 4-5 (citation omitted).)

## IV. Conclusion and Order

For the reasons set forth above, the Court grants Kingsway's Motion for Reconsideration and revises the April 24, 2008 Dismissal Order to reflect that Kingsway is a named insured under the Policy.

Dated: New York, New York
      June 2, 2008

*Richard M. Berman*

_____
**RICHARD M. BERMAN, U.S.D.J.**