# NIXON PEABODY LLP

437 Madison Avenue
New York, New York 10022-7001
(212) 940-3000
Fax: (212) 940-3111

Harold J. Ruvoldt, Jr.
Direct Dial: (212) 940-3770
E-Mail: hruvoldt@nixonpeabody.com

September 8, 2008

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/10/08

## MEMO ENDORSED

**BY HAND DELIVERY**

Hon. Richard M. Berman, U.S.D.J
United States District Court
Southern District of New York
500 Pearl Street, Room 650
New York, New York 10007

*[Handwritten endorsement:]* Conference on 9/23/08 @ 11:00 A.M. All parties to attend!

**SO ORDERED**
Date: 9/10/08
Richard M. Berman, U.S.D.J.

RE: *Kingsway Financial Services et al v. PricewaterhouseCoopers*
03 CV 5560 (RMB)(HBP)

*[Handwritten:]* Great American Ins. Co. v. Solomon, et al.
07 CV 6498 (RMB)

Dear Judge Berman:

    We are counsel to Plaintiffs Kingsway Financial Services, Inc. and American Country Insurance Company in the above captioned action. At the conference held on September 3, 2008 before the Court in this matter (a copy of the transcript is attached), Plaintiffs sought and were given permission to ask the Court to sever and stay all claims and proceedings against defendant John Dore. The purpose of the request is to expedite the efficient resolution of this action as to Defendant PricewaterhouseCoopers ("PwC"), including by increasing the potential for a settlement with PwC and lead to a swifter resolution of all issues pending in the Southern District of New York. Moreover, the resources of the parties and the Court would be conserved by a severance and stay. Given the amount of dollars advanced to date and the likelihood that he will seek multi-million dollars in advancement to defend absent a severance and stay, we expect Dore, an individual, would not be able to repay the funds advanced. If this is indeed the case, Plaintiffs are being compelled to advance funds with no reasonable chance of repayment in the event Plaintiffs prevail, thus rendering the Dore undertaking symbolic at best. It also imposes a punitive cost for our client, a cost they cannot recoup.

    Thus, we request a severance of the case against John Dore pursuant to Rule 21 of the Federal Rules of Civil Procedure which provides, in pertinent part, that "[t]he Court may ... sever any claim against a party." In addition, Rule 42(b) provides, in pertinent part, that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." We submit that a stay of the action against Mr. Dore will advance those goals. Mr. Dore has an affirmative claim against ACHI pending

in the Circuit Court of Cook County, Chancery Division, before the Honorable Judge Peter Flynn (Docket No. 03 CH 8189). ACHI has interposed a counterclaim which is stayed in Illinois. It is our position that the counterclaim in the Illinois action should continue to be stayed. We of course leave it to the Illinois Court as to how the affirmative employment action in Illinois should proceed. Through our Illinois counsel, we will provide Judge Flynn with a copy of this application so the Illinois Court will be aware of our application to this Court.

Accordingly, we hereby request this Court enter an order severing the case of Defendant John Dore from the case against PwC from the pending securities fraud litigation and staying the case as to John Dore until further order of this Court. The case against Defendant PwC would proceed as presently scheduled. We request that this order be without prejudice as to affirmative defenses by (Kingsway) defendants in the Illinois action.

We further request the Court conduct a conference between Plaintiffs and Defendant PwC on September 12, 2008 at a time convenient to the Court and counsel for PwC to facilitate a discussion of this matter as it relates to those parties.

Finally, the Court asked that we include in this letter a reminder to set a deadline for any objections to how the Great American policy funds are being distributed (September 3, 2008 Tr. at 8). We believe the Court set the deadline for two weeks after it decides this application.

Respectfully Submitted,

Harold J. Ruvoldt

cc: Service List

Service List

Jeffrey M. Greilsheimer, Esq.
William Maguire, Esq.
Hughes Hubbard & Reed, LLP
One Battery Park Plaza
New York, NY 10004
(212) 837-6000/6772 (direct)
(212) 299-6879 (fax)
Attorneys for PricewaterhouseCoopers, LLP

Scott O. Reed, Esq.
Scott Golinkin, Esq.
Karen Reardon, Esq.
Reardon Golinkin & Reed
111 W. Washington Street, Suite 707
Chicago, IL 60602
(312) 855-3700
(312) 855-1089 (fax)
Attorneys for John A. Dore in the Illinois Action and New York Action

Ronald S. Greenberg, Esq.
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036
(212) 715-9100/9399 (direct)
Service by Email: rgreenberg@kramerlevin.com

Courtesy copies:

Thomas Krebs, Esq.
Foley & Lardner LLP
321 North Clark
Suite 2800
Chicago, IL 60654

Sue C. Jacobs, Esq.
Goodman & Jacobs
75 Broad Street, 30th Floor
New York, New York 10004

Eric B. Fisher, Esq.
c/o Sue C. Jacobs, Esq.
Goodman & Jacobs
75 Broad Street, 30th Floor
New York, New York 10004

11137798.3

NIXON PEABODY LLP